# COHEN MILSTEIN

Laura Posner
(212) 220-2925
lposner@cohenmilstein.com

February 28, 2023

**VIA ECF**

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.,*
              No. 1:22-cv-10185-GHW-GWG (S.D.N.Y.)

Dear Judge Gorenstein:

      We represent Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") in the above-captioned action and write in response to Defendant's February 27, 2023 letter to the Court (Doc. 77).

      On December 6, 2022, Defendant Citadel *sua sponte* threatened NWBO with sanctions for filing this case, citing certain legal authorities as the basis for its assertion that the Complaint did not state a claim. See Ex. A. On December 9, 2022, NWBO responded, explaining that Defendant Citadel was relying on outdated case law and ignored more recent, on point precedent validating Plaintiffs' claim. See Ex. B. Defendant Citadel failed to respond to these points.

      On February 23, 2023, Defendant Citadel again threatened NWBO with sanctions, this time for purportedly making factual errors in its Complaint and, bizarrely, asking for a thirty-day extension on Citadel's own deadline to move to dismiss to "give NWBO time to determine how to proceed." See Ex. C. NWBO responded the following day, asking Defendant Citadel to identify these factual errors. See Ex. D. On Sunday evening, February 26, at 11:52 PM, Defendant Citadel sent a four-page single-spaced letter identifying these purported errors and requesting that NWBO agree to a 30-day extension of Defendant Citadel's own motion to dismiss deadline to "give NWBO time to determine how to proceed." See Ex. E.

      Less than 24 hours later, at 9:17 P.M. on Monday evening February 27, without even giving Plaintiff NWBO the basic courtesy of an opportunity to respond, Defendant Citadel filed a motion for a 30-day extension with the Court and publicly and baselessly accused NWBO of sanctionable

COHENMILSTEIN

February 28, 2023
Page 2

conduct despite failing to comply with Rule 11's procedural requirements.[1]  See Dtk # 77.  Had Citadel waited even a day for NWBO's response, they would have learned that NWBO had reviewed Defendant Citadel's assertions and prepared a point-by-point response demonstrating that it was actually Citadel that had erred in its calculations.  See Ex. F.

We can only guess why Defendant Citadel is so desperate to avoid standard motion practice in this case and has resorted to litigating by ambush and threat, but it should not be rewarded.  As described in the attached correspondence, NWBO has evaluated the purported "errors" identified by Defendant Citadel and confirmed that they are inaccurate, irrelevant, and improper.  Accordingly, Plaintiff NWBO does not need any further time to evaluate these baseless assertions and Defendant Citadel's deadline for any motion to dismiss the Complaint should stand.

Respectfully submitted,

/s/ Laura H. Posner
Laura H. Posner

---

[1] See Castro v. Mitchell, 727 F. Supp. 2d 302, 307 (S.D.N.Y. 2010) ("[A] letter detailing the nature of the conduct which purportedly violates Rule 11 and threatening to file a motion for sanctions cannot constitute notice under Rule 11.").