# Exhibit A

**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
**williamburck@quinnemanuel.com**

December 6, 2022

**VIA E-MAIL**
**LPOSNER@COHENMILSTEIN.COM**

Laura H. Posner
Cohen Milstein Sellers & Toll PLLC
88 Pine Street, 14th Floor
New York, New York 10005

Re:   *Northwest Biotherapeutics, Inc v. Canaccord Genuity LLC et al*, No. 1:22-cv-10185 (S.D.N.Y.):  Notice Pursuant to Fed. R. Civ. P. 11

Dear Ms. Posner:

  We write on behalf of our client Citadel Securities LLC ("Citadel Securities") to advise you that the Complaint that you and your client, Northwest Biotherapeutics Inc. ("NWBO"), have filed against Citadel Securities in the above-referenced action is frivolous and lacks any colorable or good-faith basis.  It is apparent that NWBO's struggles in the market are attributable to, among other things, the highly disappointing results from a recent late-stage clinical trial of its brain cancer vaccine.  As one independent observer described those results, "the ***failure*** of Northwest Bio's brain cancer vaccine is now in the open," and "[t]he treatment's data are as ***bad*** as expected — ***performing worse than a placebo***."[1]  It is equally apparent that there is no legal or factual basis for NWBO's allegations of market manipulation by Citadel Securities.  NWBO's claims are a brazen attempt to harass and scapegoat Citadel Securities and to distract shareholders from NWBO's obvious corporate failures.  Our client demands that you and NWBO withdraw the Complaint as against Citadel Securities.

  Rule 11(b) provides in relevant part that an attorney filing a pleading with a court is certifying that to the best of that attorney's knowledge, formed after a reasonable inquiry, "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are

---

[1]  Feuerstein, Adam, "It took years, but the failure of Northwest Bio's brain cancer vaccine is now in the open," STAT, May 10, 2022 (available at https://www.statnews.com/2022/05/10/it-took-years-but-the-failure-and-futility-of-northwest-bios-brain-cancer-vaccine-is-now-in-the-open/) (emphases added).

warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]  (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)-(3).  A pleading violates Rule 11 "where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well-grounded in fact and warranted by existing law[.]"  *Abdelhamid v. Altria Group, Inc.*, 515 F. Supp. 2d 384, 391 (S.D.N.Y. 2007).  NWBO's Complaint contains allegations so frivolous and unsupported by law or fact that they violate Rule 11(b) and must be withdrawn.

*First*, your Complaint ignores that a significant percentage of Citadel Securities' trading is carried out **on behalf of its retail broker-dealer clients**, not on its own behalf.  By your own admission, Citadel Securities "executes approximately 35% of all U.S.-listed retail volume, making it the industry's top wholesale market maker."  Compl. ¶ 17.  Part of market making is routing orders on behalf of clients.  Any orders placed on behalf of a client were obviously intended to service the client at their direction, not to "manipulate" share prices, and therefore cannot support allegations that Citadel Securities engaged in spoofing.  For instance, in the two examples set forth in the Complaint (*see* ¶¶ 74-79, 213-218), Citadel Securities has confirmed that its records indicate that all of the relevant orders during the alleged time period were on behalf of clients.  Cohen Milstein is an experienced securities law firm that is presumably aware that market makers buy and sell securities on behalf of clients.  And yet the Complaint never acknowledges that Citadel Securities—the largest such U.S. firm—frequently places trades on behalf of its clients, rather than for its own account.  Your blatant failure to acknowledge that Citadel Securities typically trades to service its clients fatally undermines your allegations of intent—and underscores your bad faith in bringing this lawsuit.

*Second*, the Complaint impermissibly engages in group pleading.  The Complaint routinely brings claims against "Defendants" in general—or against Defendants taken as an average or a median or some other statistical grouping—which would not survive notice pleading review, much less the heightened scrutiny of Rule 9(b) for pleadings alleging fraud.  *See Dulsky v. Worthy*, 2013 WL 4038604, at *5 (S.D.N.Y. July 30, 2013) ("Rule 9(b) is not satisfied by filing a complaint in which defendants are clumped together in vague allegations."); *cf*. Compl. ¶¶ 63-64 (generic allegations as to undifferentiated "Defendants"); *id*. ¶¶ 58, 65, 67 (allegations as to "total" shares purchased by *all* Defendants); *id*. ¶¶ 251-252 (allegations as to the "median" of all Defendants' transactions); *id*. ¶¶ 69-70, 73 (allegations as to "average" conduct by Defendants).  Allegations regarding purported actions taken by "Defendants" without specific allegations regarding **Citadel Securities** will not satisfy Rule 9(b) scrutiny as to Citadel Securities.

*Third*, the Complaint completely fails to make any particularized, non-conclusory allegations of scienter or fraudulent intent as to Citadel Securities.  The particularized allegations of intent pertain only to a defendant *other than* Citadel Securities.  Compl. ¶¶ 237-240 (allegations of intent as to GTS Securities LLC).  As to scienter, the Complaint alleges 15 (duplicative) reasons why a court should infer scienter.  Compl. ¶¶ 241-258.  And yet none of the allegations of scienter pertain in any particularized way to any Defendant, and **Citadel Securities is not even mentioned**.  The Complaint must therefore be dismissed as to Citadel Securities.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (a "strong inference" of scienter "must be more

than merely 'reasonable' or 'permissible'—it must be . . . cogent and at least as compelling as any opposing inference one could draw from the facts alleged.").

*Fourth*, NWBO fails to allege any economic loss or that the alleged conduct by Citadel Securities proximately caused any harm to NWBO. Significantly, the Complaint does not allege that any sales by NWBO were executed **after** the alleged spoofing. *See In re Merrill, Bofa, and Morgan Stanley Spoofing Litig.*, 2021 WL 827190, at *12 (S.D.N.Y. Mar. 4, 2021) (dismissing claims absent allegations that "on the dates there were spoof[ed] trades, [plaintiffs] traded *after* the spoof"). Nor does the Complaint even allege that NWBO sold any shares on May 10, 2022, let alone that it sold shares after any alleged "baiting orders." *See Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 81 (2d Cir. 2022) (dismissing for failure to allege damages where plaintiff "never actually alleges when its own trades took place").

*Fifth*, the statutory claims are barred in part by the applicable statute of limitations. Plaintiff's Exchange Act claims are restricted by a two-year statute of limitations. 28 U.S.C. § 1658(b). Your Complaint, which was filed on December 1, 2022, seeks damages for a "Relevant Period," extending back to December 5, 2017. Compl. ¶ 1. The vast majority of the trades that the Complaint attributes to Citadel Securities occurred prior to December 1, 2020 and therefore cannot serve as a predicate for claims arising under the Exchange Act. Your decision to include claims so clearly barred under the relevant statute of limitations is additional evidence of your bad faith in bringing this action.

This is far from an exhaustive list of why the Complaint is frivolous and must be withdrawn as to Citadel Securities immediately.

The true basis of NWBO's Complaint appears to be the generalized grievance that "[d]espite the string of encouraging news about its lead product, NWBO's share price has not followed suit." Compl. ¶ 6. NWBO needs a scapegoat, and it has cast Citadel Securities—and others—in this role. Such allegations cannot, as a matter of law, form the basis for claims of fraud. *See ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 103 (2d Cir. 2007) (market manipulation may not be inferred from "stock's negative reaction to positive news"). Moreover, such claims are not well-grounded in fact. Although NWBO cherry picks for the Complaint an article favorably reviewing the results of the Phase 3 clinical trial of DCVax-L (Compl. ¶ 41), even a cursory search turns up significant negative press about this and other clinical results. As an example, a May 10, 2022 article from STAT describes the drug as a "failure" and points out that " [o]verall, patients treated with DCVax had a 10% higher risk of tumor progression compared to placebo—an outcome that is the antithesis of what's required from any effective cancer treatment." *Supra*, n. 1; *see also* Feuerstein, Adam, "Northwest Bio Study of Brain Cancer Vaccine Still Falls Short," STAT, November 21, 2022, (available at https://www.statnews.com/2022/11/21/northwest-bio-study-of-cancer-vaccine-still-falls-short/) (NWBO-sponsored article in JAMA Oncology, apparently showing positive clinical results, was "derived from an untrustworthy, post-hoc analysis that was implemented and conducted after the study had already been completed"); Sun, Zhiyuan, "3 Biotechs to Avoid Like the Plague in July," The Motley Fool, July 6, 2021, (available at https://www.fool.com/investing/2021/07/06/3-biotechs-to-avoid-like-the-plague-in-july/) (FDA halted NWBO clinical trial for two years for reasons that NWBO failed to explain). NWBO has also disclosed "material weaknesses" in its

securities filings, with "insufficient effort at remediation" over a period of ***twelve years***. SEC Press Release, *SEC Files Settled Action Against Biotechnology Company Related To Unremediated Material Weaknesses Spanning Twelve Years*, File No. 3-19582, Oct. 10, 2019 (available at https://www.sec.gov/enforce/34-87281-s). NWBO's Complaint is nothing more than a transparent attempt to distract from the dismal results of its drug development, its management failures, SEC charges for financial reporting lapses, and lawsuits from its own shareholders. NWBO has no one to blame but itself—and certainly not Citadel Securities.

It is clear that neither you nor your client conducted any reasonable pre-filing inquiry into the factual contentions regarding Citadel Securities' alleged conduct as described in the Complaint, and that instead you and your client filed groundless claims against Citadel Securities for an improper purpose. Accordingly, the claims against Citadel Securities violate Rule 11(b).

We therefore demand that NWBO immediately withdraw its claims against Citadel Securities. Please convey your client's decision to us by 5 p.m. E.T. on December 9, 2022. If your client does not dismiss its claims against Citadel Securities, please be advised that Citadel Securities intends to move for sanctions against you and your client.

Please also be advised that we are aware that you and you firm provided a draft of the Complaint to members of the press prior to filing and have been making defamatory statements regarding Citadel Securities to the public. Citadel Securities is evaluating its legal rights regarding your conduct. Citadel Securities reserves all rights, including rights related to your defamatory statements and the right to seek attorneys' fees for any further defense of this frivolous action.

Sincerely,

*/s/ William A. Burck*

William A. Burck