# Exhibit B

# COHENMILSTEIN

Laura H. Posner<br>
(212) 220-2925<br>
(212) 838-7745<br>
lposner@cohenmilstein.com

December 9, 2022

*Via Email Only*

William A. Burck
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
williamburck@quinnemanuel.com

  Re: *Northwest Biotherapeutics, Inc v. Canaccord Genuity LLC et al*, No. 1:22-cv-10185 (S.D.N.Y.)

Dear Mr. Burck:

  We write in response to your letter dated December 6, 2022, regarding our client Northwest Biotherapeutics Inc.'s ("NWBO") complaint against Citadel Securities LLC ("Citadel") and other market makers. The assertions in your letter are baseless and completely without merit. We briefly address each of your unfounded arguments in turn below.

  *First*, whether Citadel acted on its own behalf, on behalf of its broker-dealer clients or some combination of both is irrelevant to Citadel's liability under the federal securities laws. *See, e.g., Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Markets Corp.*, 585 F. Supp. 3d 405, 416 (S.D.N.Y. 2022) ("That the Complaint mentions that Defendants trade for their own proprietary accounts and the accounts of their customers does not undercut the Complaint's numerous allegations that Defendants designed and operated the algorithms that spoofed Concordia stock."); *S.E.C. v. U.S. Env't, Inc.*, 155 F.3d 107, 108 (2d Cir. 1998) ("We hold that [defendant securities broker-dealer] can be primarily liable under § 10(b) for following a stock promoter's directions to execute stock trades that [the defendant] knew, or was reckless in not knowing, were manipulative, even if [the defendant] did not share the promoter's specific overall purpose to manipulate the market for that stock."). *See also generally Lorenzo v. SEC*, 139 S. Ct. 1094, 1103-04 (2019).

  *Second*, the allegations in the Complaint amply satisfy the heightened pleading standard under Rule 9(b) and are specific as to Citadel. *See, e.g.*, ¶¶ 59, 68, 74-79, 81, 94, 107, 120, 133, 146, 158, 176, 189, 201, 213-218; *see also Harrington Glob. Opportunity Fund, Ltd.*, 585 F. Supp. at 418-19. Furthermore, the Complaint does not engage in "group pleading," and even if it did, numerous courts in this district have held that group pleading is still viable for private actions

COHENMILSTEIN

December 9, 2022
Page 2

under the federal securities laws. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 172 n.7 (2d Cir. 2015).

*Third*, contrary to Citadel's assertion, the Complaint does allege the economic loss suffered by NWBO consistent with the Second Circuit's decision in *Gamma Traders - I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 81 (2d Cir. 2022). The Complaint cites numerous examples during which the Plaintiff traded in close proximity to Defendants' spoofing (¶¶ 259-265), as well as "facts to support its theory about the length of time that spoofing affect[ed] the market or the timing of any of its trades in relation to the spoofs." *Gamma Traders - I LLC*, 41 F.4th at 81-82.

*Fourth*, Plaintiff's claims are not barred by the statute of limitations. "Securities fraud claims under Section 10(b) and Rule 10b-5 must be brought 'not later than the earlier of (1) 2 years after the discovery of the facts constituting the violation; or (2) 5 years after such violation.'" *Diesenhouse v. Soc. Learning & Payments, Inc.*, No. 20-CV-7436 (LJL), 2022 WL 3100562, at *5 (S.D.N.Y. Aug. 3, 2022) (quoting 28 U.S.C. § 1658(b)). The Complaint was filed within five years of the first violation alleged in the Complaint, and your client's violations of the federal securities laws could not have been discovered prior to the filing of the Complaint.

The rest of your claims are also similarly without basis. Plaintiff reserves all rights, including the right to seek attorneys' fees and sanctions under Rule 11 from both Citadel and its Counsel, if a frivolous sanctions motion is filed with the Court.

        Regards,

        *Laura H. Posner*
        Laura H. Posner

cc:  Brendan Carroll (via email)
     Daniel Koffman (via email)
     Leigha Empson (via email)