UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHWEST BIOTHERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANACCORD GENUITY LLC, et al., <br><br> Defendants. | Case No. 1:22-CV-10185 (GHW) (GWG) <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff Northwest Biotherapeutics, Inc.'s ("NWBO") Complaint fails to state a claim as set forth in Defendants' Joint Motion to Dismiss, which is incorporated herein by reference. The claims against Susquehanna International Group, LLP ("SIG") are baseless for an additional and independent reason. NWBO sues SIG only based on its ownership interest in G1 Execution Services LLC ("G1X"), which is insufficient to impose liability. NWBO does not allege any basis for agency liability or piercing the corporate veil. Indeed, other than three paragraphs under the heading "The Parties" identifying SIG as a defendant (¶¶ Compl. 25-26, 29), the Complaint makes no substantive allegations about SIG at all. When SIG argued in the pre-motion letter that the sole basis for naming it appeared to be SIG's ownership interest in G1X, NWBO confirmed this, noting: "the Complaint sues Defendant Susquehanna as the parent of Defendant G1 (¶¶ *Id.* 27, 29), and alleges multiple detailed spoofing transactions by G1 after its acquisition by Susquehanna." *See* ECF # 75 at 3 n.6.

It is well established that "a parent is considered a legally separate entity from its subsidiary, and cannot be held liable for the subsidiary's actions based solely on its ownership of a controlling interest in the subsidiary." *N.Y. State Elec. & Gas. Corp. v. FirstEnergy Corp.*, 766 F.3d 212, 224 (2d Cir. 2014). "Absent direct involvement in the allegedly illegal acts, a parent

corporation can be held liable for a subsidiary's actions only if the plaintiff can show that the subsidiary is an agent or alter ego of the parent." *Shostack v. Diller*, 2015 WL 5535808, at *6 (S.D.N.Y. Sept. 16, 2015).  Under New York law, to establish a parent's agency relationship with a subsidiary, plaintiff must allege "facts sufficient to show (1) the principal's manifestation of intent to grant authority to the agency, and (2) agreement by the agent." *Com. Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 462 (2d Cir. 2003).  To allege alter ego liability—*i.e.*, to pierce the corporate veil—plaintiff must allege that "(1) the parent corporation dominates the subsidiary in such a way as to make it a mere instrumentality of the parent; (2) the parent company exploits its control to commit fraud or other wrong; and (3) the plaintiff suffers an unjust loss or injury as a result of the fraud or wrong." *N.Y. State Elec. & Gas Corp.*, 766 F.3d at 244 (internal quotation marks omitted).  NWBO alleges **no unlawful actions by SIG** and makes **no allegations** to support piercing the corporate veil.

Courts in this district regularly dismiss claims where the only allegation is that a defendant is the parent company of another defendant.  *See, e.g.*, *Desyatnikov v. Credit Suisse Grp., Inc.*, 2012 WL 1019990, at *2 (E.D.N.Y. Mar. 26, 2012) (dismissing Credit Suisse because "[t]he only link that the complaint asserts is that Credit Suisse is the parent company to [a co-defendant], which is insufficient to hold Credit Suisse liable."); *In re Digital Music Antitrust Litig.*, 812 F. Supp. 2d 390, 419 (S.D.N.Y. 2011) (dismissing where "[t]he most the complaint alleges is that the Parent Companies own their respective subsidiaries" and "[t]here are no allegations that any Parent Company did anything actionable.").

For all the reasons set forth in the Joint Motion and herein, the Complaint should be dismissed with prejudice as against SIG.  *McCarty v. Bank of New York Mellon*, 2015 WL 5821405, at *8 (S.D.N.Y. Sept. 8, 2015) (repleading futile), *aff'd*, 669 F. App'x 6 (2d Cir. 2016).

Dated: March 20, 2023                             BALLARD SPAHR LLP

                                           By:    /s/ Marjorie J. Peerce
                                                  Marjorie J. Peerce
                                                  1675 Broadway, 19th Floor
                                                  New York, NY 10019-5820
                                                  Tel:  (212) 223-0200
                                                  Fax:  (212) 223-1942
                                                  peercem@ballardspahr.com

                                                  M. Norman Goldberger (*pro hac vice forthcoming*)
                                                  Laura E. Krabill (*pro hac vice forthcoming*)
                                                  J. Chesley Burruss
                                                  1735 Market Street, 51st Floor
                                                  Philadelphia, PA 19103
                                                  Tel:  (215) 665-8500
                                                  Fax:  (215) 864-8999
                                                  goldbergerm@ballarspahr.com
                                                  krabilll@balladrspahr.com
                                                  burrussc@ballardspahr.com

                                                  *Attorneys for Defendants Susquehanna*
                                                  *International Group, LLP and*
                                                  *G1 Execution Services LLC*