**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
williamburck@quinnemanuel.com

May 26, 2023

<u>VIA ECF</u>

Hon. Gregory H. Woods
United State District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Hon. Gabriel W. Gorenstein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.,
No. 1:22-cv-10185-GHW-GWG</u>

Dear Judges Woods and Gorenstein:

We represent Defendant Citadel Securities LLC ("Citadel Securities") in the above-captioned action and also write on behalf of Defendants Canaccord Genuity LLC, GTS Securities LLC, Lime Trading Corp., and Virtu Americas LLC (collectively, the "Responding Defendants") regarding Northwest Biotherapeutics, Inc.'s ("NWBO") May 25, 2023 letter, in which NWBO informed Defendants for the first time that it intends to replace the 208-page exhibit containing the "trading records" that purportedly support its claims of securities fraud with a different set of "trading records." (Dkt. Nos. 102, 102-1.) Although NWBO misleadingly asserts that "[i]t was brought to [NWBO's] attention late Friday night" that certain of its so-called records were "out of order," in reality Citadel Securities served NWBO with a 30-page Rule 11 memorandum of law identifying a number of false material allegations in the Amended Complaint, including that the so-called trading records NWBO now seeks to replace were riddled with obvious errors. Having already amended as a matter of course in response to Citadel Securities' first Rule 11 motion, which identified numerous errors in the initial Complaint, NWBO now seeks a backdoor amendment, without leave of Court, to attempt to address part of Citadel Securities' second Rule 11 motion. NWBO's assertion that it is purportedly "withdraw[ing]" and "correct[ing]" the core exhibit underlying its pleading is plainly improper—particularly here, where Defendants' motion to dismiss is due in just over two weeks and NWBO fails to specify what changes were made—and its letter has no legal effect; NWBO may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

By way of background, NWBO commenced this action on December 1, 2022, alleging that Defendants had committed securities fraud by each separately engaging in the same five-year scheme to manipulate the market for NWBO stock through "spoofing." On February 23, 2023, Defendants informed NWBO of material factual inaccuracies in NWBO's trading allegations. On March 8, following extensive correspondence in which it provided verifiable data that refuted NWBO's allegations, Citadel Securities served NWBO with a Rule 11 motion. On March 25, the Saturday before the Rule 11 "safe harbor" was set to lapse, NWBO—having previously asserted that Citadel Securities' Rule 11 correspondence was "unprofessional and an improper attempt to threaten [NWBO]"—informed Defendants that it would withdraw its Complaint.

Despite having admitted in correspondence that its initial Complaint contained false allegations, on April 10, 2023, NWBO filed an Amended Complaint that repeated many of the same false allegations and introduced new material errors, including facially defective "trading records" appended as Exhibit 1. (Dkt Nos. 95, 95-1.) On May 19, Citadel Securities served NWBO with a second Rule 11 motion, explaining that NWBO had filed a pleading that both contained allegations NWBO already admitted were inaccurate and added new materially false allegations. Citadel Securities' memorandum of law also explained that, in addition to errors in the Amended Complaint, the vast majority of the purported "spoofing examples" in NWBO's Exhibit concerning Citadel Securities contained one or more facial defects that contradicted NWBO's own allegations and that would have been obvious to any attorney that actually reviewed the Exhibit before filing it. NWBO and its counsel, knowing that they had already used their amendment, apparently decided to try to amend their pleading without leave of Court by asserting that they were merely correcting a "transposition error." But the errors Citadel Securities identified were far more significant than transposition errors and NWBO may not attempt to partially address a Rule 11 motion by informally swapping out 208 pages of so-called trading records with a different set of records that change the times and prices of the alleged trades that purportedly constitute spoofing.

Significantly, NWBO cites no authority—and the Responding Defendants are aware of none—that permits a party to simply "withdraw" and "correct" part of its pleading. To the contrary, where, as here, a party seeks to amend its pleading a second time, it must obtain leave of court. *See* Fed. R. Civ. P. 15(a)(2). Indeed, amendment is required even where the changes at issue are merely typographical.[1] Here, by contrast, the changes NWBO proposes to make to its Exhibit are material. Although NWBO failed to provide a blackline or explain the changes made in its Exhibit, it is apparent they altered the timing and prices of the purported trades that NWBO alleges constitute spoofing. Permitting NWBO to substantially change its pleading just weeks before Defendants' motion to dismiss is due would be significantly prejudicial—in addition to the numerous deficiencies in NWBO's spoofing theory, the so-called trading records in the Exhibit will be addressed in Defendants' motion to dismiss, including because the prices and timing of

---

[1] *See, e.g., Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) ("[T]he Court previously granted leave for Plaintiff to refile the Complaint to correct a typographical error"); *Commc'n Workers of Am., AFL-CIO v. NYNEX Corp.*, 1998 WL 85323, at *1 (S.D.N.Y. Feb. 26, 1998) ("[M]otion for leave to amend the complaint to correct the typographical error with respect to paragraph 23 of the complaint is granted"); *Kennedy v. Covidien, LP*, 2019 WL 1429979, at *1 (S.D.N.Y. Mar. 29, 2019) ("Plaintiff requests leave to amend the Complaint to remedy certain material typographical errors").

3

quotes and executed trades alleged in the Exhibit in fact refute NWBO's claims of market manipulation.

NWBO already amended its complaint once as of right, and any further amendment would be futile. But that does not excuse NWBO from following the rules—to the extent NWBO seeks to alter the Amended Complaint or exhibits it filed on April 10, 2023, the Responding Defendants respectfully submit that NWBO must follow the procedures required by Rule 15(a)(2).

Respectfully submitted,

*/s/ William A. Burck*
William A. Burck


cc:     All counsel of record (via ECF)