# COHENMILSTEIN

Laura Posner
(212) 220-2925
lposner@cohenmilstein.com

May 26, 2023

*__Via ECF__*

Honorable Gregory H. Woods                     Honorable Gabriel W. Gorenstein
United States District Court                   United States District Court
Southern District of New York                  Southern District of New York
500 Pearl Street, Room 2260                    500 Pearl Street, Room 6B
New York, NY 10007                             New York, NY 10007

Re:   ***__Northwest Biotherapeutics Inc. v. Canaccord, et al., No. 1:22-cv-10185__***

Dear Judge Woods and Magistrate Judge Gorenstein:

We write in brief response to the May 26, 2023 letters by Defendants regarding the corrected Exhibit 1 to the Amended Complaint (ECF #102-1) filed by Plaintiff on January 25, 2023.

First, Plaintiff did not amend its pleadings with the filing of the corrected Exhibit 1. Not a single word of the Amended Complaint was altered by Plaintiff's filing. Rather, Plaintiff only replaced Exhibit 1 to correct for a ministerial transcription error caused in converting an Excel file into a Word file for filing.[1] Indeed, none of the numbers included in Exhibit 1 have even changed, just their locations.

Second, Plaintiff spoke to the clerk of Court and was informed that the filing of the corrected Exhibit 1 was the appropriate way to handle the transcription issue. Nonetheless, to the extent the Court requests that Plaintiff file a motion to amend the complaint in order to file the corrected Exhibit 1, Plaintiff is happy to do so.[2]

---

[1] What Plaintiff believes happened is that a cell was not properly copied from Excel, causing multiple cells to transpose and/or collapse when the cells were pasted into Word.

[2] Contrary to Defendants' assertion, the cases they cite (ECF No. 103 at 2, n. 1; ECF No. 104 at 1, n. 1) do not stand for the proposition that a motion to amend is required to correct ministerial typographical errors like that at issue in Exhibit 1 here. *Env't Sols. Assocs. Crp., LLC v. Conopoco, Inc.*, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (noting that the plaintiff's proposed

COHENMILSTEIN

Page 2

      Finally, as Plaintiff will make clear in its opposition if Defendant Citadel[3] files its Rule 11 motion, Citadel's constant Rule 11 letters and motions are meritless, and are a transparent attempt to bully Northwest Biotherapeutics into dropping its claims as opposed to actually litigating them.

                      Respectfully submitted,

                      By: */s/ Laura H. Posner*
                      Laura H. Posner
                      Michael B. Eisenkraft
                      Raymond M. Sarola
                      **COHEN MILSTEIN SELLERS & TOLL PLLC**
                      88 Pine Street, 14th Floor
                      New York, NY 10005
                      Tel:  (212) 838-7797
                      Fax:  (212) 838-7745

                      *Counsel for Plaintiff*

cc:  Counsel of record (via ECF)

---

amended pleading "seeks to amend to revise, clarify, and add allegations that go to the heart of its claim."); *Commc'n Workers of Am., AFL-CIO v. NYNEX Corp.*, 1998 WL 85323, at *1 (S.D.N.Y. Feb. 26, 1998) (granting leave to amend to add a new cause of action – breach of fiduciary duty – which was not included in the original complaint); *Kennedy v. Covidien, LP*, 2019 WL 1429979, at *1 (S.D.N.Y. Mar. 29, 2019) (denying plaintiff's leave to amend because the amendment would be "futile" and "insufficient to address the pleading deficiencies discussed in the Memorandum Order").

[3] Recognizing that Citadel's Rule 11 arguments are meritless, none of the other five Defendants – Canaccord Genuity LLC, GTS Securities, Lime Trading Corp., Virtu Americas LLC or G1 Execution Services LLC – have joined Citadel in its harassment.  As Plaintiff has informed Citadel, the filing of a meritless Rule 11 motion could subject Citadel and its Counsel to Rule 11 sanctions.