**quinn emanuel** trial lawyers | washington, dc

1300 I Street NW, Suite 900, Washington, District of Columbia 20005-3314 | TEL (202) 538-8000 FAX (202) 538-8100

WRITER'S DIRECT DIAL NO.
**(202) 538-8120**

WRITER'S EMAIL ADDRESS
williamburck@quinnemanuel.com

January 30, 2024

<u>VIA ECF</u>

Hon. Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 2260
New York, NY 10007

Re:   <u>Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.,
      No. 1:22-cv-10185-GHW-GS</u>

Dear Judge Woods:

  We represent Defendant Citadel Securities LLC and write on behalf of all Defendants[1] pursuant to Rule 3(H) of the Court's Individual Rules of Practice in Civil Cases to respectfully request leave to file a brief reply in support of Defendants' Objections (ECF 141) to the December 29, 2023 Report and Recommendation issued in this action ("R&R," ECF 137).

  By way of background, Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") alleges that each of the seven Defendants engaged in a separate but identical "spoofing" scheme to manipulate the market for NWBO's stock in violation of the federal securities laws. Defendants moved to dismiss and, on December 29, 2023, Magistrate Judge Stein issued the R&R, which recommends that the Court dismiss the Amended Complaint ("Complaint," ECF 95) for failure to adequately plead loss causation, and that NWBO be given leave to replead. *See* ECF 137 at 1, 65-79, 84. The R&R further recommends that the Court find that NWBO adequately pled the manipulative acts, scienter, and reliance elements of its market manipulation claim. *See generally id.* Defendants and NWBO both filed objections to the R&R on January 12, 2024 (ECF 141, 142), and responses on January 26, 2024 (ECF 143, 144).

---

[1]  Defendants are Canaccord Genuity LLC, Citadel Securities LLC, G1 Execution Services LLC, GTS Securities LLC, Instinet LLC, Lime Trading Corp., and Virtu Americas LLC.

quinn emanuel urquhart & sullivan, llp

ATLANTA | AUSTIN | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

"[A] district court may exercise its discretion to permit a party to file a reply brief in support of its objections to a magistrate judge's recommendations." *Orient Express Container Co., Ltd. v. Bulb Basics LLC*, 2022 WL 4485214, at *4 n.2 (S.D.N.Y. Sept. 27, 2022) (Woods, J.) (citation omitted) (exercising discretion to consider reply brief). This Court's Individual Rules expressly contemplate that the Court may grant leave to file a reply. *See* Individual Rules of Hon. Gregory H. Woods 3(H) ("Unless prior permission has been granted, objections to reports and recommendations by … magistrate judges are limited to 25 pages … and *any reply is limited to 10 pages*." (emphasis added)).

Defendants respectfully submit that leave to file a reply is warranted. *First*, a reply will facilitate the Court's review by permitting Defendants to address certain misstatements in NWBO's response, including its incorrect assertion that "the Complaint nowhere alleges" that Defendants were trading on behalf of their clients, when in fact the Complaint expressly alleges that the spoofing "may have been executed by Defendants for … client accounts." ECF 95 ¶ 38. NWBO likewise faults Defendants for not citing *Kessev Tov, LLC v. Doe(s)* in their Objections, ignoring that the R&R cited the case primarily for a background discussion of how spoofing operates and that *Kessev Tov* is facially distinguishable: it involved a different type of trading activity, held that a plaintiff must allege "'something more' than just rapidly entering and cancelling orders"—such as expert analysis—and significantly, lessened the PSLRA's critical scienter requirement because the defendants were unidentified "doe(s)," 2023 WL 4825110, at *1, *4, *6 (N.D. Ill. July 27, 2023).

*Second*, a reply "is appropriate here because [it would] respond[] to an argument raised by [NWBO] for the first time in [its] response to [Defendants'] Objections." *Bulb Basics*, 2022 WL 4485214, at *4 n.2. For example, NWBO makes the erroneous argument that the Court should review the R&R under a "clear error" standard (*see* ECF 144 at 4) rather than the proper *de novo* standard; Defendants should be permitted to respond to this argument.

*Finally*, this action is one of five copy-and-paste "Baiting Orders" spoofing cases recently filed in this District, and is only the second to reach the motion to dismiss stage. Indeed, NWBO's counsel at Cohen Milstein has already requested that another court, which is presiding over another of Cohen Milstein's "Baiting Orders" cases, take notice of the R&R on the basis that the complaints have "nearly identical sets of facts, including nearly identical econometric analyses of trading data." *See* Ltr. from L. Posner to the Hon. Dale E. Ho, *Phunware, Inc. v. UBS Sec. LLC*, No. 1:23-cv-06426 (S.D.N.Y. Jan. 18, 2024), ECF 27. The proper application of the PSLRA to the instant spoofing matter is thus likely to define the pleading boundaries for this influx of "Baiting Orders" cases, particularly for the critical scienter element, counseling for permitting complete briefing with respect to the R&R.

NWBO opposes Defendants' request for leave to file a reply.

For the foregoing reasons, Defendants respectfully request leave to file a reply of up to 10 pages no later than February 2, 2024.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ William A. Burck*
William A. Burck

cc: All counsel of record (via ECF)