```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/14/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
NORTHWEST BIOTHERPEUTICS, INC.,                                    :
                                                                   :
                                        Plaintiff,                 :        ORDER
                                                                   :
                     -v -                                          :
                                                                   :        1:22-cv-10185-GHW-GS
CANACCORD GENUITY LLC, CITADEL                                     :
SECURITIES LLC, G1 EXECUTION                                       :
SERVICES LLC, GTS SECURITIES LLC,                                  :
INSTINET LLC, LIME TRADING CORP.,                                  :
*and* VIRTU AMERICAS LLC.,                                         :
                                                                   :
                                        Defendants.                :
                                                                   :
------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

On December 29, 2023, Magistrate Judge Gary Stein issued a thoughtful and well-reasoned Report and Recommendation in this matter. In it, Judge Stein recommended that the Court grant Defendants' motion to dismiss Plaintiff's First Amended Complaint, while granting leave to amend. Because the Report and Recommendation is sound, the Court adopts it in full and grants Defendants' motion to dismiss with leave to amend.

**I.    BACKGROUND**

The Court refers to the Report and Recommendation, Dkt. No. 137 (the "R&R"), for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to the motion.

The initial complaint in this matter was filed on December 1, 2022. Dkt. No. 1. Following a set of motions to dismiss, Dkt. Nos. 85, 87, 90, Plaintiff amended the complaint, Dkt. No. 95 (the "FAC"). This mooted the earlier-filed motions to dismiss. Dkt. No. 97.

Following the FAC, the defendants again moved to dismiss on July 12, 2023. Dkt. No. 114. The motion to dismiss the FAC was fully briefed on September 27, 2023. *See* Dkt. Nos. 123, 124.

Judge Stein held oral argument with respect to the motion on November 14, 2023. *See* Dkt. Nos. 126, 134. He issued his R&R on December 29, 2023. *See* R&R. In the R&R, Judge Stein carefully analyzed the arguments presented and recommended that the Court dismiss Plaintiff's claims and grant Plaintiff leave to amend the complaint. Specifically, Judge Stein found that Plaintiff had adequately pleaded most of the elements of its claims, with the exception of loss causation. Accordingly, Judge Stein recommended dismissal with leave to amend.

On January 12, 2024, both Plaintiff and Defendants filed objections to the R&R. Dkt. Nos. 141 ("Defendants' Objection"), 142 ("Plaintiff's Objection") (collectively, the "Objections"). On January 26, 2024, Plaintiff and Defendants, respectively, filed responses to the other's objections. Dkt. Nos. 143 ("Defendants' Response"), 144 ("Plaintiff's Response").[1] Plaintiff objected to the R&R's conclusion that Plaintiff failed to adequately allege loss causation, while Defendants objected to the R&R's conclusions that Plaintiff adequately pleaded scienter, manipulative acts, market effects, and reliance for its market manipulation claim. Defendants also objected to the R&R's conclusion that it could not consider OTC Link trading data, *inter alia*.

## II.  LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to

---

[1] In addition, on January 30, 2024 the parties submitted letters requesting leave to file replies, Dkt. Nos. 145, 146, which the Court denied, Dkt. No. 147.

which objection is made." 28 U.S.C. § 636(b)(1). But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error." *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)). "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'" *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## III. DISCUSSION

While Plaintiff argues in its January 20, 2024 letter that many of the arguments presented in Defendants' Objections are entitled to only clear error review, for purposes of its evaluation of the R&R, the Court treats both Objections as sufficiently precise to merit *de novo* review. The Court has reviewed the briefing with respect to the motion to dismiss and the Objections and has conducted a *de novo* review of the arguments presented in connection with the motion to dismiss, informed by the arguments presented in the Objections and the briefing responding to them. Having done so, the Court rejects the Objections and adopts in full the thoughtful and well-reasoned R&R by Judge Stein. As a result, for the reasons set forth in the R&R, Defendants' motion to dismiss is granted without prejudice.

## IV. LEAVE TO AMEND

The Court agrees with Judge Stein's recommendation that Plaintiff be granted leave to amend the complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Leave to

3

amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (citation omitted). None of those conditions apply here: the Court cannot conclude that a further amendment of the complaint would be futile. And Plaintiff has not yet had the opportunity to amend the complaint with the benefit of a ruling from the Court. "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). Accordingly, Plaintiff may amend the complaint to cure the deficiencies articulated in the R&R. Any amended complaint must be filed within 30 days of the date of this order.

**V.    CONCLUSION**

For the reasons set forth in the R&R, Defendants' motion to dismiss is GRANTED without prejudice.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 114.

SO ORDERED.

Dated: February 14, 2024
New York, New York

GREGORY H. WOODS
United States District Judge