# Exhibit 9

STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

JUSTIN D. WEITZ (NYBN 5027966)
JACOB FOSTER (CABN 250785)
Assistant Chiefs, Fraud Section
LAURA CONNELLY (DCBN 241537)
Trial Attorney, Fraud Section

    U.S. Department of Justice, Fraud Section
    1400 New York Avenue NW
    Washington, DC 20005
    Telephone: 202-262-3520
    Laura.Connelly@usdoj.gov

LLOYD FARNHAM (CABN 202231)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, CA 94102-3495
    Telephone: (415) 436-7200
    lloyd.farnham@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. **CR 22-00161-BLF** |
| Plaintiff, | VIOLATIONS: |
| v. | 15 U.S.C. §§ 77q(a) & 77x – Securities Fraud; 18 U.S.C. §§ 981(a)(1)(C) and 28 U.S.C. § 2461 – Criminal Forfeiture |
| JASON NIELSEN, | |
| Defendant. | SAN JOSE VENUE |

### I N F O R M A T I O N

The United States Attorney charges that:

<u>Introductory Allegations</u>

1.     Arrayit Corp. ("Arrayit") was a publicly-traded medical technology company

INFORMATION                                                                         1

1  incorporated in Nevada, and based in Sunnyvale, California. Arrayit described itself as "a world leader in microarray technology empowering researchers and doctors in the life sciences, wellness and healthcare testing markets."

2. Shares of Arrayit stock were traded "over the counter" ("OTC") using the ticker symbol "ARYC." The OTC market is a system of trading stocks that are not listed on centralized stock exchanges, such as the New York Stock Exchange or Nasdaq. Many OTC stocks are known as "penny stocks" that trade for less than one dollar per share. As a security traded OTC, individuals, entities, and other investors were able to buy or sell Arrayit shares. Arrayit securities were regulated by the U.S. Securities and Exchange Commission ("SEC").

3. Defendant JASON NIELSEN ("NIELSEN") was a large investor in Arrayit who, at various times, owned as much as 10% of Arrayit's stock. NIELSEN frequently posted on public message boards related to OTC securities, including Arrayit. One such public message board was "Investors Hub," or "iHub." NIELSEN posted on public message boards using the username "PennyStockAlert," and frequently posted messages about Arrayit.

### The Scheme to Defraud

4. Beginning in or around 2019 and continuing through in or around 2020, NIELSEN engaged in a scheme to defraud purchasers and sellers of Arrayit's securities by communicating and reposting materially false and misleading information about Arrayit, the existence of genuine supply and demand for Arrayit securities, and the nature of his personal financial stake in Arrayit securities, all in order to fraudulently induce other investors to purchase Arrayit securities and thereby drive up the stock's price, and all while NIELSEN simultaneously and secretly was selling his own previously acquired shares at an artificially inflated price.

5. The purpose of the scheme to defraud was for NIELSEN to enrich himself at the expense of other investors by purchasing and selling Arrayit securities through fraudulent and manipulative means.

6. NIELSEN used a variety of manners and means in furtherance of the scheme, including, among others:

  a. "Scalping," which is a form of market manipulation in which an individual

INFORMATION                             2

purchases shares of a stock, recommends that others purchase the stock without disclosing his intention to sell, and subsequently sells the stock. NIELSEN engaged in scalping in furtherance of the scheme by making materially false and misleading statements to the public and to Arrayit shareholders about the nature and timing of NIELSEN's own financial interest in Arrayit securities, at times representing that he was purchasing or holding shares of Arrayit securities he was promoting on iHub when, in fact, he was secretly selling Arrayit securities;

       b.     "Spoofing," which is the manipulative and deceptive practice of placing orders to buy and sell securities with the intent to cancel those orders before execution. NIELSEN engaged in spoofing in furtherance of the scheme by placing orders to buy large quantities of Arrayit stock that he intended to cancel before execution in an effort to deceive the public and Arrayit shareholders by signaling the existence of demand for Arrayit securities which did not exist, and to allow NIELSEN to sell his shares at artificially inflated prices;

       c.     Using his iHub account to disseminate false, positive news and information about Arrayit and the release of Arrayit's financial reports; and

       d.     Concealing, through false and misleading statements, NIELSEN's scheme to defraud purchasers and sellers of Arrayit's securities and the market at large, and to illegally profit from the proceeds of the scheme.

    7.     It was further a part of the scheme to defraud that NIELSEN took the following actions, among others:

       a.     In furtherance of his scalping scheme, NIELSEN falsely posted on iHub about his trading plans and position with regard to Arrayit stock. For example, on or about February 26, 2020, NIELSEN posted, among many positive posts about Arrayit, "My ARYC shares are also locked up. No one can shake them from my bulletproof safe😎." On the same day, NIELSEN sold 300,000 Arrayit shares.

       b.     On or about March 27, 2020, while NIELSEN was selling shares, NIELSEN placed "spoof" orders to buy 2,000,000 shares at prices away from the best bid with the intent to cancel those orders before execution. NIELSEN then posted to iHub about his bids, stating "Oh Boy Lol....2 million share bid." Other posters replied with comments about the 2,000,000-share bids, but NIELSEN

INFORMATION                                           3

never acknowledged that he was, in fact, the one who had submitted the bids or that he intended to cancel those orders before execution. NIELSEN subsequently cancelled the bids.

        c.     In or around March 2020 through in or around April 2020, after Arrayit announced that it had created a COVID-19 test, NIELSEN repeatedly posted positive news about Arrayit's COVID-19 test and the company's potential. On or about March 18, 2020, NIELSEN posted the same link to the Arrayit website's instructions on COVID-19 testing repeatedly on iHub throughout the day. NIELSEN also repeatedly stated his view on iHub that the stock was destined for high prices in light of the news about the COVID-19 test, including a post saying "Give it time. 10% gainer tomorrow...easy."

        d.     While NIELSEN was repeatedly posting about Arrayit's COVID-19 test and suggesting that Arrayit had a high upside, he was selling his own shares. From on or about March 11, 2020, through on or about April 6, 2020, while NIELSEN was promoting the stock on iHub, NIELSEN sold over 3,000,000 shares of Arrayit at elevated prices. As NIELSEN was selling, he posted on iHub that he was buying the stock. For example, on or about March 23, 2020, NIELSEN posted "I'm a buyer at this level" and on or about March 30, 2020, NIELSEN posted "I'll be buying another 100k tomorrow!" even as he was selling shares.

COUNT ONE: (15 U.S.C. §§ 77q(a) & 77x – Securities Fraud)

    8.     The allegations in Paragraphs 1 through 7 are realleged and incorporated as if fully set forth here.

    9.     Beginning in or around 2019 and continuing through in or around 2020, in the Northern District of California and elsewhere, the defendant,

JASON NIELSEN,

willfully and knowingly, in the offer and sale of securities, namely Arrayit stock, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly (a) employed a device, scheme, and artifice to defraud; (b) obtained money and property by means of an untrue statement of a material fact and an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in a transaction, practice, and course of business which operated

INFORMATION                                                           4

or would operate as a fraud or deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x.

<u>FORFEITURE ALLEGATION</u>:   (18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. § 2461 – Criminal Forfeiture)

10. The allegations in Paragraphs 1 through 7 and 9 are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

11. Upon conviction of the offense alleged in Count One, the defendant,

JASON NIELSEN,

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including but not limited to a sum of money equal to the total proceeds from the commission of said offense.

12. If, as a result of any act or omission of the defendant, any of said property

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property, which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28,

//
//
//
//
//
//
//
//

INFORMATION      5

United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461.

DATED: April 18, 2022

                                            STEPHANIE HINDS
                                            United States Attorney

                                            LLOYD FARHAM
                                            Assistant United States Attorney

                                            JOSEPH S. BEEMSTERBOER
                                            Acting Chief, Fraud Section

                                                    /s/ Laura Connelly
                                            JACOB FOSTER
                                              JUSTIN WEITZ
                                              Assistant Chiefs
                                              LAURA CONNELLY
                                              Trial Attorney
                                              Fraud Section, Criminal Division

| | | |
|---|---|---|
| **DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT** | | |

BY: ☐ COMPLAINT  ☒ INFORMATION  ☐ INDICTMENT  ☐ SUPERSEDING

---

**OFFENSE CHARGED**

15 U.S.C. §§ 77q(a) & 77x – Securities Fraud

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Maximum 5 years in prison; Maximum fine of $250,000 or twice the gross gain or loss; Maximum supervised release term of 3 years; $100 mandatory special assessment; Forfeiture

---

Name of District Court, and/or Judge/Magistrate Location

**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

**DEFENDANT - U.S**

▶ JASON NIELSEN

DISTRICT COURT NUMBER

**CR 22-00161-BLF**

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on this form: **STEPHANIE M. HINDS**

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned): **AUSA Lloyd Farnham**

---

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶ _____
2) ☐ Is a Fugitive
3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction  } ☐ Federal  ☐ State
6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes  ☐ No   If "Yes" give date filed _____

**DATE OF ARREST** ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☐ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address: _____

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments: