# COHENMILSTEIN

Laura Posner<br>
(212) 220-2925<br>
lposner@cohenmilstein.com

March 20, 2024

<u>*Via ECF*</u>

Honorable Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 702
New York, NY 10007

  Re: ***Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.,<br>
     No. 1:22-cv-10185***

Dear Judge Stein:

  We write on behalf of Plaintiff Northwest Biotherapeutics, Inc. in response to Defendants' letter motion dated March 19, 2024 for an extension of time to file their motion to dismiss. (ECF #151). Plaintiff opposes Defendants' latest request to needlessly prolong the briefing schedule on their forthcoming motion to dismiss the Second Amended Complaint – a motion that will be limited to the sufficiency of the Second Amended Complaint's loss causation allegations.

  On December 29, 2023, Your Honor issued a Report & Recommendation ("R&R") that concluded that the First Amended Complaint sufficiently alleged manipulative acts, scienter, and reliance. (ECF #137). The R&R found that the First Amended Complaint did not sufficiently allege loss causation because it did not explain how "the various stock sale prices were 'formulaically derived' from the closing prices on the days when Spoofing Episodes took place," and recommended that Plaintiff be granted leave to amend its loss causation allegations. On February 14, 2024, Judge Woods adopted the R&R in full and ordered Plaintiff to file its amended complaint within 30 days, or March 15, 2024. (ECF #148).

  Plaintiff filed its Second Amended Complaint, which exclusively amended Plaintiff's allegations relating to loss causation. Those amended allegations plead in detail how Plaintiff's sales of its stock were at prices that were formulaically derived from closing prices on days on which Defendants' Spoofing Episodes occurred, and also from closing prices on other days that were negatively impacted by Defendants' spoofing conduct. (ECF #150). The other allegations in

COHENMILSTEIN

Page 2

the Second Amended Complaint are unchanged from the First Amended Complaint, and Exhibit 1 to the Second Amended Complaint is identical to Exhibit 1 to the First Amended Complaint.[1]

While Defendants use a simple request for an extension of time to again improperly reference their baseless sanctions threats against Plaintiff's counsel, they offer no persuasive reason for a month-long delay to brief a single issue, contained in 17 pages in the Second Amended Complaint, and which has already been extensively addressed in multiple rounds of earlier briefing in this matter, as well as in oral argument before Your Honor.

Plaintiff opposes Defendants' request for an extension of the briefing schedule for their forthcoming motion to dismiss. Plaintiff proposed to Defendants and respectfully requests the following schedule and page limitations[2]:

- April 5th:  Defendants' motion to dismiss due (15 pages)

- April 26th:  Plaintiff's opposition due (15 pages)

- May 3rd:  Defendants' reply due (5 pages)

We thank the court for its attention to this matter.

Respectfully submitted,

By: /s/ Laura H. Posner
Laura H. Posner
Michael B. Eisenkraft
Raymond M. Sarola
**COHEN MILSTEIN SELLERS & TOLL PLLC**

*Counsel for Plaintiff*

cc:  Counsel of record (via ECF)

---

[1] After consultation with the Clerk's Office, Plaintiff re-filed its Second Amended Complaint merely to correct the inadvertent re-filing of the initial version of Exhibit 1, rather than the Corrected Exhibit 1 filed on May 25, 2023 (ECF #102-1). For the avoidance of confusion, Exhibit 1 to the Second Amended Complaint (ECF #150-1) is the exact same document as Exhibit 1 to the First Amended Complaint (ECF #102-1).

[2] Notably, Defendants' request to Plaintiff for an extension made no mention of Exhibit 1. Nor, did Defendants bother to respond to Plaintiff's scheduling counterproposal prior to filing this instant motion.  *See* Ex. A.