UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHWEST BIOTHERAPEUTICS, INC., <br><br> Plaintiff, <br><br> - against- <br><br> CANACCORD GENUITY LLC, CITADEL SECURITIES LLC, G1 EXECUTION SERVICES LLC, GTS SECURITIES LLC, INSTINET LLC, LIME TRADING CORP., and VIRTU AMERICAS LLC. <br><br> Defendants. | Case No: 1:22-cv-10185-GHW-GS |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

Plaintiff Northwest Biotherapeutics, Inc. ("NWBO" or "Plaintiff") respectfully submits this Notice of Supplemental Authority to bring to the Court's attention the recent decision in *Phunware, Inc. v. UBS Securities LLC*, Case No. 1:23-cv-06426-DEH, ECF No. 34 (S.D.N.Y.) (Ho, J.) ("Opinion," attached as Exhibit A) ("*Phunware II*"), which further supports denial of Defendants' Motion to Dismiss Second Amended Complaint (ECF No. 156) ("Motion to Dismiss").

In briefing their Motion to Dismiss, Defendants repeatedly referred to the allegations in *Phunware* as "identical" (Mot. to Dismiss at 1 and 13), and a "mirror image of this case" (Mot. to Dismiss at 2), urging this Court to follow *Phunware*'s "on-point precedent" regarding "materially identical spoofing allegations." (Reply Br., ECF No. 162 at 2.) At that time, while finding that the plaintiff had adequately pled manipulative acts and scienter, Judge Ho had dismissed the

1

*Phunware* original complaint on the same narrow ground of loss causation on which this Court granted Defendants' motion to dismiss the First Amended Complaint. Phunware then amended its loss causation allegations in nearly identical fashion to how NWBO has amended its allegations here. *Compare* Phunware Redlined Version of First Amended Complaint (ECF No. 31-1) at ¶¶ 117-164 *with* NWBO Second Amended Complaint (ECF No. 150) at ¶¶ 288-330. Judge Ho has now ruled that the amended complaint in *Phunware* adequately alleges loss causation under *Gamma Traders– I LLC v. Merrill Lynch Commodities, Inc.*, 41 F.4th 71, 80 (2d Cir. 2022), and expressly rejected the same arguments that Defendants raise in their Motion to Dismiss. This Court should do the same.

**First**, in *Phunware II*, Judge Ho held that nearly identical allegations as alleged here were sufficient to adequately plead loss causation under either the Rule 8 or Rule 9(b) standard. *See* Opinion at 2-3 ("At the outset, the Court notes that the Second Circuit has not decided whether loss causation pleadings are evaluated under Rule 9(b) or 8(a)….Ultimately, the applicable pleading standard is not dispositive here, because Plaintiff pleads with enough specificity to satisfy the more rigorous Rule 9(b) standard.")

**Second,** in *Phunware II*, Judge Ho held that the amended complaint sufficiently alleged loss causation under the temporal proximity theory of *Gamma Traders* by pleading examples in which the plaintiff sold its shares shortly after defendant's spoofing, citing for support this Court's opinion that sales within one hour would be "temporally proximate enough to justify" the "common-sense inference" that the plaintiff's sales occurred at artificially depressed prices. Opinion at 4 (citing *Nw. Biotherapeutics, Inc. v. Canaccord Genuity LLC*, No. 22 Civ. 10185, 2023 WL 9102400, at *30 (S.D.N.Y. Dec. 29, 2023*), report and recommendation adopted*, 2024 WL 620648 (S.D.N.Y. Feb. 14, 2024)). In so doing, *Phunware II* directly rejected Defendants' attempt to limit *Gamma Traders*' temporal proximity theory to trades that occur within seconds, or at most two

minutes, after spoofing episodes. *See, e.g.,* Mot. to Dismiss at 14; Reply Br. at 3 n.3.

Notably, because the Court found that Phunware had sufficiently alleged loss causation under *Gamma Traders'* temporal proximity test for at least some of its sales, the Court held that it need not rule at the pleading stage on whether it had also sufficiently met *Gamma Traders'* long-term price impact test for its other sales, leaving that issue for motion practice at a later stage of the litigation. Order at 6 ("[B]ecause Plaintiff sufficiently pleads loss causation under the temporal proximity theory, the Court concludes that leave to amend is proper. As this stage, however, the Court finds it unnecessary to determine whether the Plaintiff sufficiently pleads long-term price impact.").[1]

**Third,** in *Phunware II,* Judge Ho rejected the argument – identical to the core argument raised by Defendants here – that Phunware's allegations somehow suffer a fatal contradiction by alleging both that prices partially rebound following spoofing episodes and that the defendant's spoofing caused its losses.[2] Judge Ho instead credited Phunware's well-pleaded factual allegations that the defendant's spoofing caused "a price decline followed by a *partial* reversion that provided Defendant an opportunity to profit from its purchases (including Executing Purchases) at depressed prices" and that "[f]ollowing the *partial* reversion, PHUN's share price stabilized, but at a *still depressed* level." Opinion at 5-6 ("…Plaintiff's partial rebound theory is based on plausible factual allegations, and the Court's ability to take notice of conflicting statements does not extend to resolving fact questions against the Plaintiff at this stage.") Nearly identical

---

[1] Like here, in *Phunware*, the plaintiff alleged that certain sales occurred in close temporal proximity to the defendant's spoofing (*See, e.g.,* Phunware First Amended Complaint, ECF No. 35 at ¶¶ 118-119, 124-125, 138-162), and that other sales were impacted by the long-term impact of defendants' spoofing (*See, e.g., id.* at ¶¶ 120-122, 126-137).

[2] *See, e.g.,* Mot. to Dismiss at 1 ("Indeed, just weeks ago, District Judge Dale E. Ho dismissed identical claims in *Phunware …* holding that the very allegations of rapid price reversion that permitted a finding of scienter foreclosed plaintiff's attempt to plead loss causation."); at 2 ("As in *Phunware*, NWBO's own price reversion allegations are fatal to its attempt to plead loss causation under *Gamma Traders*."); at 4 ("Faced with the same paradox, Judge Ho rightly dismissed the complaint in *Phunware*.").

allegations regarding the partial reversion of NWBO share prices following Defendants' spoofing are made here. *See, e.g.,* ¶ 312 ("Following the *partial* reversion, NWBO's share price stabilized, but at a *still depressed* level."); ¶ 321 ("The placement of non-marketable buy orders after the completion of a Spoofing Episode induced only a *partial price reversion* that did not fully unwind the impact of Defendants' manipulative spoofing. Therefore, prices of NWBO stock did not fully revert to the market level, even though these partial price reversions provided Defendants an opportunity to profit from buying additional NWBO shares.")

**Finally**, in *Phunware II*, Judge Ho rejected the defendant's argument – similar to Defendants' argument here[3] – that the amended complaint failed to rule out other possible causes for the plaintiff's stock price declines because, under *Gamma Traders*, "the effects of spoofing pose questions of fact and a plaintiff at this stage is only required to allege *some* facts that support an inference of actual injury" and "a plaintiff need not disprove alternate theories at this stage." Opinion at 5 (internal quotations omitted).

Accordingly, Judge Ho's decision in *Phunware II* further demonstrates why Defendants' Motion to Dismiss should be denied.

---

[3] *See, e.g.,* Mot. to Dismiss at 3 ("…any [NWBO stock price] declines were not the result of fleeting alleged spoofing, but NWBO's corporate mismanagement, product failures, securities violations, and dilutive share issuances."); at 5 ("…declines in NWBO's stock price during the Relevant Period generally coincided with negative news about the company. NWBO also depressed its stock price throughout the Relevant Period by more than *tripling* the number of shares outstanding….")

4

Dated: December 3, 2024  
       New York, New York

Respectfully submitted,

By: *Laura H. Posner*
  Laura H. Posner
  Michael B. Eisenkraft
  COHEN MILSTEIN SELLERS & TOLL PLLC
  88 Pine Street, 14th Floor
  New York, New York 10005
  Tel: (212) 838-7797
  Fax: (212) 838-7745
  lposner@cohenmilstein.com
  meisenkraft@cohenmilstein.com

  Raymond M. Sarola
  COHEN MILSTEIN SELLERS & TOLL PLLC
  Two Logan Square
  100-120 N. 18th Street, Suite 1820
  Philadelphia, PA 19103
  Tel: (267) 479-5700
  Fax: (267) 479-5701
  rsarola@cohenmilstein.com

  *Counsel for Plaintiff*