UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHWEST BIOTHERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANACCORD GENUITY LLC, CITADEL SECURITIES LLC, G1 EXECUTION SERVICES LLC, GTS SECURITIES LLC, INSTINET LLC, LIME TRADING CORP., AND VIRTU AMERICAS LLC, <br><br> Defendants. | Case No. 1:22-cv-10185 (GHW) (GS) |

**[Proposed] Case Management Plan and Scheduling Order**

The parties submit this [Proposed] Case Management Plan and Scheduling Order pursuant to Federal Rule of Civil Procedure 26(f):

1. **Meet and Confer:** The parties met and conferred pursuant to Fed. R. Civ. P. 16(c) and 26(f) on May 7, 2025 via Zoom.

2. **Summary of Claims, Defenses, and Relevant Issues:**

   Plaintiff:

   As the Court has held, Plaintiff sufficiently alleges that Defendants engaged in manipulative spoofing of NWBO shares in violation of Section 10(b) of the Exchange Act and Rules 10b-5(a) and (c) [Count I]; Section 9(a)(2) of the Exchange Act [Count II]; and New York Common Law Fraud [Count III].

   Defendant(s):

   NWBO's claims are meritless and fail for multiple reasons including, among other things, that (1) Defendants did not engage in spoofing; (2) the scheme alleged by NWBO lacks economic rationality; (3) NWBO fails to show its sales were at prices affected by any purported spoofing; and (4) declines in NWBO's stock price were caused entirely by other factors—including NWBO's own actions—not by any purported spoofing by Defendants.

1

NWBO's claims rest entirely on pleading inferences, and will not stand up to the facts. Defendants intend to promptly seek summary judgment.

Defendants also assert several defenses to NWBO's allegations, as set forth in Defendants' Answers.

3. **Basis of Subject Matter Jurisdiction (and any dispute as to jurisdiction):** This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331. This Court has jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

4. **Subjects on Which Discovery May Be Needed:**

    Plaintiff:

    Plaintiff expects to seek discovery into, among other things, Defendants' trading activity and positions in NWBO shares; Defendants' algorithmic trading system development and operation; Defendants' monitoring and compliance policies and implementation; Defendants' alleged defenses as asserted in their Answers; the losses and damages caused to NWBO as a result of Defendants' manipulative spoofing; and other relevant topics.

    Plaintiff intends to depose individuals from each of the Defendants, including among others, their algorithmic programmers, compliance professionals, and executives, as well as other individuals with knowledge of Defendants' activities.

    Plaintiff also intends to take third party discovery.

    Defendant(s):

    Defendants expect to seek discovery into, among other things: (i) the trades that NWBO alleges amounted to purported spoofing; (ii) NWBO's sales of its stock, including the contracts underlying those sales and the logistics behind each sales' order and execution; (iii) the data and analyses underlying NWBO's claims and allegations; (iv) NWBO's understanding of the changes in its stock price, including NWBO's failure to successfully develop and market any product or service; (v) alternative causes for changes in NWBO's stock price; (vi) manipulation of NWBO's stock price by NWBO's CEO and the companies she controls.

    Defendants intend to depose, among others, a corporate representative of NWBO, NWBO's CEO, and potentially other individuals employed by Plaintiff with knowledge of the claims and defenses in this litigation.

    Defendants also intend to seek third party discovery.

5. **Initial Disclosures:** Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i) and (iii) should be exchanged no later than **June 9, 2025**.

6. **Amended Pleadings:**

    a. No additional parties may be joined after **June 30, 2025**. Any motion to join after this date will need to meet the good cause requirements of Fed. R. Civ. P. 16.

    b. No amended pleadings may be filed without leave of Court. Any motion to amend after **June 30, 2025** will need to meet the good cause requirements of Fed. R. Civ. P. 16.

7. **Discovery Plan:**

    a. All fact discovery shall be completed by: **April 30, 2026**.

    b. Initial requests for production shall be served by: **June 12, 2025**.

    c. The deadline for the substantial completion of document production shall be **August 29, 2025**.

    d. Initial Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by **September 29, 2025**. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a). All interrogatories must be served no later than **March 16, 2026**.

    e. Requests to admit shall be served by: **March 16, 2026**.

    f. Depositions shall be completed by: **April 30, 2026.**

    g. The parties propose the following limits on discovery:

        **None at this time.**

    h. Except as otherwise modified in 7(f) above, the parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The interim fact discovery deadlines may be altered by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery.

    i. The parties would like to address at the conference with the Court the following disputes, if any, concerning fact discovery:

        **None at this time.**

8. **Expert Discovery (if applicable):**

    a. The parties **do** anticipate using testifying experts.

    b. Anticipated areas of expertise:

      Plaintiff expects to retain testifying experts with respect to manipulative trading and spoofing, damages, loss causation, market efficiency, algorithmic trading coding and/or programming, and may retain additional experts depending on, among other things, what discovery reveals and Defendants' expert submissions.

      Defendants expect to retain testifying experts with respect to spoofing, market realities, causation, and damages, and may retain additional experts depending on, among other things, what discovery reveals and NWBO's expert submissions.

    c.    Expert discovery shall be completed by: **July 30, 2026**.

    d.    By no later **February 27, 2026**, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above.

    f.    The parties would like to address at the conference with the Court the following disputes, if any, concerning expert discovery:

    **None at this time.**

9. **Electronic Discovery, Preservation of Documents and Information and Protective Order:**

    a.    The parties shall have a protocol for electronic discovery in place, or shall submit to the Court their respective proposals, by **June 16, 2025**.

    b.    The parties shall have a proposed Protective Order in place, or shall submit to the Court their respective proposals, by **June 16, 2025**.

10. **Anticipated Motions** (other than summary judgment, if any)**:**

    **None anticipated at this time.**

11. **Summary Judgment Motions:** Unless the Court sets a different schedule, motions for summary judgment, if any, shall be filed no later than **September 14, 2026**. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of expert discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

12. **Pretrial Submissions:** The parties shall submit a joint proposed pretrial order and any required accompanying submissions 30 days after decision on the summary judgment

motion(s), or, if no summary judgment motion is made, 30 days after the close of all discovery.

13. **Trial:**

    a. All parties do **not** consent to a trial before a Magistrate Judge at this time.

    b. The case **is** to be tried to a jury.

    c. The parties anticipate that the trial of this case will require **12** days.

14. **Early Settlement or Resolution:**

    a. Settlement discussions have **not** taken place.

    b. The parties have discussed an informal exchange of information in aid of early settlement and do not believe an information exchange of information would be productive at this time.

    c. The parties have discussed use of alternative dispute resolution mechanisms for use in this case, such as (i) a settlement conference before the Magistrate Judge, (ii) participation in the District's Mediation Program, and (ii) retention of a private mediator. The parties do not believe alternative dispute resolution would be productive at this time.

    e. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

15. **Other Matters the Parties Wish to Address (if any):**

    **None at this time.**

16. The Court will fill in the following:

☐ A status conference will be held before the undersigned on _____ at __.m. in Courtroom 9A, 500 Pearl Street.

☐ The parties shall submit a joint status letter by _____ no longer than ___ pages.

5

Respectfully submitted this 10th day of June, 2025.

/s/ *Laura H. Posner* (with permission)
Laura H. Posner
Michael B. Eisenkraft
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
lposner@cohenmilstein.com
meisenkraft@cohenmilstein.com

Raymond M. Sarola
COHEN MILSTEIN SELLERS & TOLL PLLC
100-120 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Tel: (267) 479-5700
Fax: (267) 479-5701
rsarola@cohenmilstein.com

*Counsel for Plaintiff Northwest Biotherapeutics, Inc.*

/s/ *William A. Burck*
William A. Burck
Christopher G. Michel (admitted *pro hac vice*)
Quinn Emanuel Urquhart & Sullivan, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
christophermichel@quinnemanuel.com

Christopher D. Kercher
Daniel R. Koffmann
Jesse Bernstein
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
christopherkercher@quinnemanuel.com
danielkoffmann@quinnemanuel.com
jessebernstein@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

Jonathan K. Youngwood
jyoungwood@stblaw.com
Stephen P. Blake
sblake@stblaw.com
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-0000
Facsimile: (212) 455-2502

*Counsel for Defendant Citadel Securities LLC*

/s/ *Anthony S. Fiotto* (with permission)
Anthony S. Fiotto
Julia C. Koch
Morrison & Foerster LLP
200 Clarendon Street
Boston, MA 02116
Telephone: 617-648-4700
Facsimile: 617-830-0142
Email: AFiotto@mofo.com
Email: JKoch@mofo.com

Eric D. Lawson
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-336-4067
Facsimile: 212-468-7900
Email: ELawson@mofo.com

*Counsel for Defendant Canaccord Genuity LLC*

/s/ *Marjorie J. Peerce* (with permission)
Marjorie J. Peerce
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel: (212) 223-0200
Fax: (212) 223-1942
peercem@ballardspahr.com

Norman Goldberger (*pro hac vice* forthcoming)
Laura Krabill (admitted *pro hac vice*)
J. Chesley Burruss
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
goldbergerm@ballardspahr.com
krabilll@ballardspahr.com
burrussc@ballardspahr.com

*Counsel for Defendant G1 Execution Services LLC*

/s/ Peter G. Wilson (with permission)
Peter G. Wilson
Christian T. Kemnitz (admitted *pro hac vice*)
Benjamin C. Levine (admitted *pro hac vice*)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
christian.kemnitz@katten.com
benjamin.levine@katten.com

*Counsel for Defendant GTS Securities LLC*


/s/ Richard A. Edlin (with permission)
Richard A. Edlin
Daniel P. Filor
Nicholas T. Barnes
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
filord@gtlaw.com
barnesn@gtlaw.com

*Counsel for Defendant Instinet LLC*


/s/ Kevin P. Broughel (with permission)
Kevin P. Broughel
Zoe Lo
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: (212) 940-6343
Fax: (212) 940-8776
kevin.broughel@katten.com
zoe.lo@katten.com

*Counsel for Defendant Lime Trading Corp.*

8

/s/ *Andrew G. Gordon* (with permission)
Andrew G. Gordon
Audra J. Soloway
Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
agordon@paulweiss.com

*Counsel for Defendant Virtu Americas LLC*

SO ORDERED.

Dated: New York, New York
_____, 2025

_____
GARY STEIN
United States Magistrate Judge