# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NORTHWEST BIOTHERAPEUTICS, INC.,

         Plaintiff,

   v.

CANACCORD GENUITY LLC, CITADEL
SECURITIES LLC, G1 EXECUTION
SERVICES LLC, GTS SECURITIES LLC,
INSTINET LLC, LIME TRADING CORP.,
AND VIRTU AMERICAS LLC,

         Defendants.

Case No. 1:22-cv-10185 (GHW) (GS)

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, ~~the parties to this action (collectively, the "Parties," and individually, a "Party") request~~ Plaintiff Northwest Biotherapeutics, Inc. ("NWBO" or "Plaintiff") requests that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that ~~they~~ the parties to this action may need to disclose in connection with discovery in this case; and

~~WHEREAS, the Parties, through counsel, agree to the following terms; and~~

WHEREAS, the Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Stipulation and Protective Order ("Protective Order")—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this

action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential," or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party or person producing ~~any given~~or disclosing Discovery Material ~~or that person's counsel~~(each, "Producing Party") may designate ~~such material~~ as Confidential~~, in whole or in part, only if counsel determines~~ material that it reasonably and in good faith ~~that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive and non-public financial or business information; that is of a personal or intimate nature regarding any individual; or~~ believes contains or reflects:

(a)     previously non-disclosed financial information (including, without limitation, profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b)     previously non-disclosed material relating to ownership or control of any non-public company;

(c)     previously non-disclosed business plans, product-development information, marketing plans, trade secrets, or competitively sensitive information;

(d)     any information of a personal or intimate nature regarding any individual;

(e)     any information for which applicable federal, state, or foreign law requires

2

confidential treatment;

2. (f)   information that is subject to a contractual or other duty of confidentiality

owed by the client to a third party.; or

(g)   any other category of information given confidential status by this Court

after the date.

3.   Discovery Material may be designated as Highly Confidential, in whole or in part,

only if it includes  (i) trade secrets; or (ii) documents, information, or materials that reveal

proprietary computer programs still used to conduct automated trading activity, including trading

algorithms and the source code and executable code underlying those algorithms.

4.   3.  With respect to the Confidential or Highly Confidential portion of any

Discovery Material other than deposition transcripts and exhibits, the producing person or that

person's counsel may designate suchthat portion as "may be designated "Confidential" or

"Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly

Confidential" the protected portion in a manner that will not interfere with legibility or

audibility.  For Discovery Material produced in native format, that Discovery Material may be

designated "Confidential" or "Highly Confidential" by including the appropriate designation in

the title of the native file name.

5.   4.  With respect to deposition transcripts and exhibits, a producing person or that

person's counsel may designate such portion as Confidential or Highly Confidential either by (a)

indicating on the record during the deposition that a question calls for Confidential or Highly

Confidential information, in which case the reporter will bind the transcript of the designated

testimony (consisting of question and answer) in a separate volume and mark it as "Confidential

Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of

record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel by the reporter.  During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.    5. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that it previously had produced without limitation should be designated as Confidential, or Highly Confidential such producing person may so designate such material by so apprising all prior recipients in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be and treated as Confidential or Highly Confidential under the terms of this Protective Order. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential" designation within five business days of providing such notice.

7.    6. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

   a.    The Plaintiff in this action, including its employees, to the extent the disclosure of the Discovery Material is reasonably necessary for them to assist in the litigation;

   b.    a. The Parties to the Defendants in this action, including their employees, their insurers, and counsel to their insurers to the extent the disclosure of the Discovery

Material is reasonably necessary for them to assist in the litigation;

c.    b. outside counsel for the Parties, including in-house counsel, and any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

d.    c. outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

e.    d. any mediator or arbitrator engaged by the Parties or appointed by the Court in this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

f.    e. as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

g.    f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided that each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.    g. any person retained by a Party as a consultant or expert to assist in the prosecution or defense of this action, to the extent deemed necessary by counsel, provided that each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

i.    h. stenographers engaged to transcribe depositions conducted in this action; and

j.    i. this Court, including any appellate court, and the court reporters and support personnel for the same.

5

8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(e), 7(g), or 7(h) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel at the conclusion of the case.

9.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except to those individuals listed in paragraphs 7(a), 7(c), 7(e), 7(f), 7(g), 7(h), 7(i), or 7(j), and those individuals listed in paragraph 7(d) to the extent necessary for the production of documents, depositions, or trial.

10.     7. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases. Until the Court rules on the dispute, all Parties shall continue to treat the material in question as designated by the producing person, except that either Party may submit the material in question to the Court for in camera review.  In the event that the final ruling is that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling within fifteen (15) business days of the ruling, but the material shall be treated in accordance with the Court's final ruling even before reproduction of the material is made.

8. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Stein's Individual Practices in Civil Cases.

11.    Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

12.    9. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial or competitive purpose.  Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.  Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this action.

13.    10. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving such a request will (unless prohibited by law from doing so) provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the

request, at least 10 days before any disclosure.  This notice is intended to enable the producing person to seek to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.     11. All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters, or in cases where the Parties have consented to the jurisdiction of Magistrate Judge Stein for all purposes, shall follow Section IIII(H) of Magistrate Judge Stein's Individual Practices in Civil Cases as well as the applicable provisions of the Federal Rules of Civil Procedure and rules and standing orders of the U.S. District Court for the Southern District of New York. With respect to dispositive matters, the Individual Rules of the presiding District Judge Woods shall be followed instead of Magistrate Judge Stein's Individual Practices.  The Parties shall use their best efforts to minimize such sealing.

15.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

16.     12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

13. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing ("ECF") system, that redacts only the Confidential Discovery Material itself, and not text that in no material way

reveals the Confidential Discovery Material.

17.    14. Each person who has access to Confidential Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.    If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstances not authorized under this Order, that receiving Party must, as soon as practicable, but in any event, not longer than five business days after discovery by the receiving Party or its counsel of record of the disclosure: (a) notify in writing the Producing Party of the unauthorized disclosure(s); (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material that was disclosed without authorization; (c) inform the person or persons to whom the unauthorized disclosure or disclosures were made of the terms of this Protective Order; and (d) request that such person or persons (1) execute the Non-Disclosure Agreement in the form annexed as Exhibit A hereto; and (2) promptly return or destroy all copies of the Confidential Discovery Material at issue.

19.    The inadvertent production in this action of any Discovery Material subject to protection by the attorney-client privilege, the work-product doctrine, or any other privilege protecting the information from discovery shall not in itself constitute a waiver of any privilege or protection in this action or in any other proceeding, provided that the Producing Party notifies the receiving Party or Parties of the production of the purportedly protected materials (the "Identified Materials") in writing, and within a reasonable time after the Producing Party discovers the production. At the time of the notification, the Producing Party shall identify the Identified Materials produced by Bates Number and will provide a privilege log identifying the basis for the withholding of the Identified Materials. If a receiving Party is in receipt of

9

Discovery Material which it has reason to believe is privileged, the receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that Discovery Material. If a Producing Party requests the return of Discovery Material pursuant to this paragraph, the receiving Party shall not review or disclose the contents of the Identified Materials and shall immediately take all commercially reasonable steps to destroy the Discovery Materials (and copies thereof in a database or databases along with the metadata) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Discovery Materials. If the receiving party wishes to move to compel the production of any of the Identified Materials, the Parties shall meet and confer regarding the disputed privileged claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court regarding whether the privilege applies, but the basis for the motion to compel may not be the fact or circumstances of the production and the burden remains on the Producing Party to justify the assertion of privilege. The Producing Party shall submit a copy *in camera* of the Identified Materials if the Receiving Party moves the Court for an order compelling production under this paragraph. The Receiving Party may not use the inadvertently produced Discovery Material for any purpose until the dispute is resolved. This paragraph is entered pursuant to Federal Rule of Evidence 502(d).

20.    Any Party that receives Highly Confidential Discovery Material shall store and maintain it in a secure manner that ensures that access is limited to the persons authorized under this Order and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material.  For purposes of this Order, and in addition to any other requirements under this Order, the Parties shall maintain safeguards and

procedures to prevent unauthorized access to, and the destruction, loss, misuse or improper alteration of all Highly Confidential Discovery Material, including:

    a.   Use of a secure website or other secure internet-based document repository;

    b.   For all physical transfers, use of a reputable courier and required signature for delivery;

    c.   Secure internet transmission of data and transmittal containers, such as file-transfer protocols; and

    d.   Regular review of data access rights.

21.   Appropriate physical workplace security, network security, and mobile device security to prevent unauthorized access to Discovery Material.

22.   To ensure the security and protection of all Discovery Material, the Parties agree to the following conditions for and restrictions on the use of any form of generative AI ("GenAI") with such Discovery Material:

    a.   Discovery Material (in whole or in part) shall not be submitted to any open GenAI platform (e.g., ChatGPT) or any substantially similar tool that is available to the public. Providing Discovery Material to an open tool is considered disclosure to a third party and is strictly prohibited.

    b.   Discovery Material (in whole or in part) shall not be submitted to any GenAI platform that does not meet industry-standard security measures, including, but not limited to, encryption of data in transit and at rest, robust access controls, and audit trails, security standards, and protocols to protect against unauthorized access, use, or disclosure.

    c.   Before placing Discovery Material in a permitted GenAI platform, a Party

shall ensure that the platform is not accessible to the public, is used in a secure, controlled environment, and gives the Party the capability to delete all Discovery Material from the platform at the close of the matter.

d.  Further, the Party must ensure that the terms of service do not allow for the input data to be stored, cached, or used for the purpose of training or fine tuning any GenAI models.

e.  Upon conclusion of the proceeding, or at the reasonable request of the Party that has produced the information, the Party using the platform shall cease the use of Discovery Material in any and all GenAI platforms and certify the deletion or anonymization of the Discovery Material within those platforms, except as otherwise required by law or court order.

f.  In the event of a breach or suspected breach of security leading to potential unauthorized access to Discovery Material in GenAI platforms, the Receiving Party shall immediately, and in no case more than twenty-four (24) hours after identification, notify the other Parties and their respective counsel. The Party using the platform shall promptly take all necessary steps to mitigate the impact of the breach and fully cooperate with implicated Parties and other entities in handling the matter, including providing relevant details concerning the breach and in any investigation and remediation efforts.

23.   ~~15.~~ Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery may be redacted with the text "Redacted for PII" and shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner

that is secure and confidential.

24.    In the event that the person receiving Confidential or Highly Confidential Discovery Material or PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect Confidential or Highly Confidential Discovery Material or PII from unauthorized disclosure.

25.    16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

26.    17. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

_____     _____

~~Dated:~~                            ~~Dated:~~

Laura H. Posner
Michael B. Eisenkraft
COHEN MILSTEIN SELLERS & TOLL PLLC
88 Pine Street, 14th Floor
New York, New York 10005
Tel: (212) 838-7797
Fax: (212) 838-7745
lposner@cohenmilstein.com
meisenkraft@cohenmilstein.com

Raymond M. Sarola
COHEN MILSTEIN SELLERS & TOLL PLLC
100-120 N. 18th Street, Suite 1820
Philadelphia, PA 19103
Tel: (267) 479-5700
Fax: (267) 479-5701
rsarola@cohenmilstein.com

*Counsel for Plaintiff Northwest
Biotherapeutics, Inc.*

Anthony S. Fiotto
Julia C. Koch
200 Clarendon Street
Boston, MA 02116
Telephone: 617-648-4700
Facsimile: 617-830-0142
Email: AFiotto@mofo.com
Email: JKoch@mofo.com

Eric D. Lawson
250 West 55th Street
New York, NY 10019
Telephone: 212-336-4067
Facsimile: 212-468-7900
Email: ELawson@mofo.com

*Counsel for Defendant Canaccord Genuity
LLC*

William A. Burck
Christopher G. Michel (admitted *pro hac
vice*)
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com
christophermichel@quinnemanuel.com

Christopher D. Kercher
Daniel R. Koffmann
Jesse Bernstein
Peter H. Fountain
Leigha Empson
295 Fifth Avenue
New York, New York 10016

Tel: 212-849-7000
Fax: 212-849-7100
christopherkercher@quinnemanuel.com
danielkoffmann@quinnemanuel.com
jessebernstein@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

*Counsel for Defendant Citadel Securities LLC*

Jonathan K. Youngwood
jyoungwood@stblaw.com
Stephen P. Blake
sblake@stblaw.com
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-0000
Facsimile:  (212) 455-2502

*Counsel for Defendant Citadel Securities LLC*

Marjorie J. Peerce
1675 Broadway, 19th Floor
New York, NY 10019-5820
Tel: (212) 223-0200
Fax: (212) 223-1942
peercem@ballardspahr.com

Norman Goldberger (*pro hac vice forthcoming*)
Laura Krabill (admitted *pro hac vice*)
J. Chesley Burruss
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Tel: (215) 665-8500
Fax: (215) 864-8999
goldbergerm@ballardspahr.com
krabilll@ballardspahr.com
burrussc@ballardspahr.com

*Counsel for Defendant G1 Execution Services LLC*

Peter G. Wilson
Christian T. Kemnitz (admitted *pro hac vice*)
Benjamin C. Levine
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
christian.kemnitz@katten.com
benjamin.levine@katten.com

*Counsel for Defendant GTS Securities LLC*

Richard A. Edlin
Daniel P. Filor
Nicholas T. Barnes
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
filord@gtlaw.com
barnesn@gtlaw.com

*Counsel for Defendant Instinet LLC*

Jon W. Zinke
Stephen Young (admitted *pro hac vice*)
Elizabeth H. Lindh (admitted *pro hac vice*)
400 Oceangate Avenue, Suite 1400
Long Beach, California 90802
Telephone: (562) 436-2000
jon.zinke@kyl.com
steve.young@kyl.com
elizabeth.lindh@kyl.com

*Counsel for Defendant Lime Trading Corp.*

Andrew G. Gordon
Audra J. Soloway
Jessica S. Carey
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
agordon@paulweiss.com

*Counsel for Defendant Virtu Americas LLC*

SO ORDERED.


Dated: New York, New York
_____, 2025


_____
GARY STEIN
United States Magistrate Judge
~~Dated:~~

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTHWEST BIOTHERAPEUTICS, INC., | |
| Plaintiff, | |
| v. | Case No. 1:22-cv-10185 (GHW) (GS) |
| CANACCORD GENUITY LLC, CITADEL SECURITIES LLC, G1 EXECUTION SERVICES LLC, GTS SECURITIES LLC, INSTINET LLC, LIME TRADING CORP., AND VIRTU AMERICAS LLC, | NON-DISCLOSURE AGREEMENT |
| Defendants. | |

I, _____, acknowledge that I have read and understand the Stipulation and Protective Order (the "Protective Order") in this action governing the ~~non-disclosure~~non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential (hereinafter "Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to any other person; that I will not use such Confidential Discovery Material other than for purposes of this litigation; and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or, upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my

willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____          _____