quinn emanuel trial lawyers | new york        Simpson Thacher & Bartlett LLP

January 13, 2026

Hon. Gary Stein, United States Magistrate Judge
United States District Court, Southern District of New York

Re:   *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC*, No. 1:22-cv-10185
      <u>Defendants' Opposition to Plaintiff's Request to Modify Case Management Order</u>

Dear Judge Stein:

We write on behalf of Defendants in opposition to Plaintiff Northwest Biotherapeutics, Inc.'s ("NWBO") request—filed four days before the deadline for substantial completion—to extend all deadlines by four months, further delaying an action that has been pending for more than three years. This request—made by the party that brought this action—fails to establish the "good cause" required by Rule 16(b)(4), and should be denied.

I.     **Background**

Discovery in this case began last spring, with initial document requests served in May 2025. At the June 5, 2025 case management conference, NWBO proposed a fact discovery deadline of April 30, 2026. ECF 205 at 5-7; ECF 217 at 12:19-20. Your Honor granted NWBO's request over Defendants' objection (and request for a November 13, 2025 fact discovery deadline), but expressly recognized that the motion to dismiss ruling had materially constrained the scope of the case. ECF 217 at 17:1-3, 26:3-5.

Following the unfortunate passing of NWBO's general counsel in August 2025 and the addition of new counsel,[1] NWBO asked Defendants to extend the August 29, 2025 substantial completion deadline. Defendants agreed to extend it by more than four months, to January 16, 2026. *E.g.*, Ex. 1 at 15. That was more than four months ago.

Since that time NWBO has barely engaged with Defendants and has made no discernible effort to move this case forward. It certainly has not exhibited any diligence. For example, Defendants served responses and objections to NWBO's document requests in mid-June, agreed to produce responsive materials, and offered to meet and confer. NWBO did not respond for nearly five months, finally sending a letter on November 2, 2025, asserting purported deficiencies. *See* Ex. 3. Defendants replied promptly and again offered to meet and confer. *Id*. NWBO never followed up or requested a conference. It still has not done so. In fact, when NWBO reached out on Thursday, January 8, to request an extension of *all* case deadlines, it had not been in touch with Defendants regarding document production for more than two months. To the extent that NWBO seeks credit for producing "3,056 documents," ECF 252 at 1, the Court should be aware that, to date, NWBO has produced only publicly-available trading records that Defendants already possess, and has made no indication it intends to produce any other documents.

---

[1] While NWBO's letter refers to the "substitution" of counsel, Cohen Milstein never withdrew, and NWBO has informed Defendants it is also represented by additional, undisclosed counsel that has not appeared.

Defendants, by contrast, have actively engaged in discovery and will meet the upcoming substantial completion deadline. And this is despite NWBO's continued refusal to clarify basic facts that form the foundation of its surviving claims (as discussed more fully in Defendants' motion to compel identification of the "Baiting Orders" that purportedly underlie NWBO's allegations in this case, ECF 233). Your Honor granted that motion, recognizing "Defendants' right to know the basis for the allegations against them." ECF 235 at 4. But NWBO failed to comply with that Order, leading to a renewed motion to compel, which remains pending. ECF 237.

Which brings us to the request currently pending before the Court. On January 8—one week before the already-extended substantial completion deadline—NWBO wrote to Defendants to request a four-month extension of the entire discovery schedule and demanded Defendants' position within 24 hours. Ex. 2 at 3-4. NWBO provided no reasonable or coherent basis for the requested extension. *Id.* Defendants did not agree to it. *Id.* at 1.

II.   **Argument**

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As the moving party, NWBO must demonstrate good cause. *Nikonov v. Flirt NY, Inc.*, 338 F.R.D. 444, 445 (S.D.N.Y. 2021). "The Court's primary consideration under Rule 16's good cause standard is whether Plaintiffs exercised diligence." *Recio v. D'Almonte Enters. Parking Garage, Inc.*, 2024 WL 1433710, at *6 (S.D.N.Y. Apr. 3, 2024) (Stein, J.). "Plaintiffs must show that the deadlines could not have been reasonably met despite their diligence." *Id.* (citation omitted). The Court may also consider prejudice to the opposing party, which exists when the requested modification would "significantly delay the resolution of the dispute" or require the opposing party to "expend significant additional resources." *Tatintsian v. Vorotyntsev*, 2024 WL 4467626, at *2 (S.D.N.Y. Oct. 9, 2024) (Woods, J.) ("[T]he risk of substantial prejudice increases with the passage of time.") (citations omitted). NWBO clearly has not met the legal standard governing its request to delay the case it itself brought.

*First*, NWBO has not been diligent. Since June 2025, when the Court granted NWBO's request for an extension of the discovery schedule, NWBO has largely failed to pursue discovery from Defendants at all, despite Defendants' prompt responses and repeated offers to meet and confer. Indeed, NWBO has never attempted to meet and confer with any of the Defendants regarding their responses and objections to NWBO's discovery requests. Nor has NWBO sought Court intervention to resolve any purported dispute. NWBO's inaction is incompatible with the diligence Rule 16 requires and is alone sufficient to deny its request. *See Dominguez v. Thompson*, 2025 WL 2855263, at *14 (S.D.N.Y. Oct. 7, 2025) (Woods, J.) ("Defendants' lack of diligence does not permit the Court to find good cause for a modification of the scheduling order."). Tellingly, NWBO barely even attempts to meet this requirement—it asserts vaguely that there has been "extensive correspondence, multiple meet and confers, and additional discovery requests," but that activity was driven almost entirely *by Defendants*. ECF 252 at 2.

*Second*, NWBO's proffered justifications do not establish good cause. NWBO argues that an extension is necessary because Defendants have not yet substantially completed document productions. That argument fails as a matter of both logic and law. Defendants have been working diligently to meet the upcoming substantial completion deadline and remain prepared to comply with it. NWBO cannot justify extending a deadline that has not yet arrived based on speculation

2

that Defendants will not comply with that deadline. Indeed, NWBO identifies no basis to believe Defendants will miss the deadline (which they will not) and points to no specific documents it contends will not be forthcoming. Further, Defendants already agreed to a four-month extension of the substantial completion deadline following the passing of NWBO's general counsel. NWBO disregards that accommodation and fails to explain why there is "good cause" to delay the already-extended deadline, particularly here where the Court has already recognized that the motion to dismiss ruling constrained the scope of discovery.

Nor is an extension warranted simply because third-party discovery is ongoing. Under the current schedule, there are more than three months remaining in the fact discovery period—ample time to complete any legitimate third-party discovery. Asserted third-party delays do not constitute good cause where there is no showing the productions will not be forthcoming and the party seeking relief has not acted diligently.

**Third**, the requested modification would substantially prejudice Defendants. NWBO sued Defendants for alleged securities fraud. It should have been prepared to prosecute its case when the allegations were made—and, at the least, it should be seeking to engage in discovery in pursuit of proving its claims. It has not. The case has now been pending for more than three years, and fact discovery began eight months ago. NWBO's requested four-month extension would significantly increase Defendants' costs and further delay resolution of the case.

It is also worth noting that NWBO's emphasis on additional third-party discovery suggests that NWBO's attempt to prolong the case is motivated (at least in part) by its ongoing search for evidence to support claims it has not pled. Beginning last summer, NWBO served multiple third-party subpoenas seeking broad categories of information unrelated to the alleged episodes that survived the motion to dismiss and extending years beyond its asserted "Relevant Period." NWBO thus appears to be attempting to use third-party discovery to create new theories of wrongdoing rather than pursue the claims that survived dismissal. This fishing expedition violates the Court's clear instruction that "the ruling on the motion to dismiss does have consequences for the scope of discovery in this case." ECF 217 at 26:3-5; *see also id.* at 51:2-4 ("[I]f you haven't sufficiently pled it, under the PSLRA and general principles, it is not part of the case."). The Court should deny NWBO's attempt to prolong discovery in order to reinvent its claims. *See Tatintsian*, 2024 WL 4467626, at *1 (denying motion to amend scheduling order where it would "prejudice the other parties and unduly extend the litigation").

**Finally**, even if there were a basis to extend the existing schedule (and there is not), NWBO's request for a four-month extension of the entire schedule is excessive and premature. More than three months remain before the fact discovery deadline of April 30, 2026, and NWBO's unsubstantiated speculation that more time is needed for Defendants to meet the January 16, 2026, substantial completion deadline falls far short of establishing the required "good cause" for its request to extend all deadlines through summary judgment.[2]

---

[2] In addition, NWBO's failure to meet and confer before filing its request is an independent reason to deny its motion; the Court's Individual Practices make clear that an exchange of emails alone is insufficient.

3

Defendants respectfully request that the Court deny NWBO's request to modify the case management order.

Respectfully submitted,

/s/ William A. Burck
William A. Burck
Christopher D. Kercher
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
williamburck@quinnemanuel.com
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood
Meredith Karp
Alison Sher
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Telephone: (212) 455-0000
Facsimile: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com
alison.sher@stblaw.com

*Counsel for Citadel Securities LLC*

/s/ Marjorie J. Peerce (with permission)
Marjorie J. Peerce
Lauren W. Engelmyer
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
T: (212) 223-0200
peercem@ballardspahr.com
engelmyerl@ballardspahr.com

M. Norman Goldberger (admitted *pro hac vice*)

/s/ Anthony S. Fiotto (with permission)
Anthony S. Fiotto
Julia C. Koch
Morrison & Foerster LLP
200 Clarendon Street
Boston, MA 02116
Telephone: 617-648-4700
Facsimile: 617-830-0142
Email: AFiotto@mofo.com
Email: JKoch@mofo.com

Eric D. Lawson
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-336-4067
Facsimile: 212-468-7900
Email: ELawson@mofo.com

*Counsel for Canaccord Genuity LLC*

/s/ Peter G. Wilson (with permission)
Peter G. Wilson
Christian T. Kemnitz (admitted *pro hac vice*)
Benjamin C. Levine (admitted *pro hac vice*)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
christian.kemnitz@katten.com
benjamin.levine@katten.com

*Counsel for GTS Securities LLC*

/s/ Kevin P. Broughel (with permission)
Kevin P. Broughel
Zoe Lo
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: (212) 940-6343

J. Chesley Burruss
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
T:  215-665-8500
goldbergerm@ballardspahr.com
burrussc@ballardspahr.com

*Counsel for G1 Execution Services LLC*

*/s/ Richard A. Edlin* (with permission)
Richard A. Edlin
Daniel P. Filor
Nicholas T. Barnes
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
filord@gtlaw.com
barnesn@gtlaw.com

*Counsel for Instinet LLC*

cc:     All counsel of record

Fax: (212) 940-8776
kevin.broughel@katten.com
zoe.lo@katten.com

*Counsel for Lime Trading Corp.*

*/s/ Andrew G. Gordon* (with permission)
Andrew G. Gordon
Audra J. Soloway
Jessica S. Carey
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
agordon@paulweiss.com
asoloway@paulweiss.com
jcarey@paulweiss.com

*Counsel for Virtu Americas LLC*

5