# EXHIBIT 1

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Thursday, October 23, 2025 12:07 PM
**To:** Ted Ovrom; Leigha Empson; Stephen W. Tountas
**Cc:** Andrew L. Schwartz; William Burck; Christopher Kercher; Avi Perry; Peter Fountain; Mary Trainor; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher; Kate Lambroza; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger; Lauren Engelmyer; Anthony S. Fiotto; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz; Daniel Negless; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from abernstein@kasowitz.com]**

Counsel,

Your email rehashes issues we have already discussed. Our positions remain the same as below, including that (1) Defendants should provide search terms for their own ESI if they are ready, and (2) the parties should submit their alternatives regarding Section 9.3 to the Court if Defendants are unwilling to agree to Plaintiff's language.

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Thursday, October 16, 2025 4:46 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Counsel,

On search terms, it has been several weeks since we asked that you provide your search terms, and you have yet to indicate when you will be in a position to do so. At this point, the substantial completion deadline—which we agreed to extend at your request—is less than three months away. It is essential that the parties begin negotiating search terms as soon as possible. Given NWBO's ongoing refusal to even commit to a mutual exchange date, Defendants will propose search terms for NWBO to run next week.

With respect to the ESI Protocol, the parties agreed to language for Section 9.3 of the Protocol several months ago, and NWBO submitted a version of the ESI Protocol to the Court that contained the language it now seeks to revise (ECF 219-1).

While we have been disappointed that NWBO's new counsel is not honoring its prior agreements on Section 9.3 of the ESI Protocol, we have made several attempts to compromise on this issue so that the parties can submit an ESI Protocol to Judge Stein, as we are required to do under the Case Management Order.

After you suggested that the parties "revisit the consultant issue later" and "operate under the undisputed portion of section 9.3 in the meantime," we immediately sent you a revised draft of the ESI Protocol striking the disputed language of Section 9.3. You now refuse to accept the compromise that you first proposed.

In a further attempt to compromise, we are now willing to agree to a different solution that NWBO first raised (on the September 3 meet and confer) that would resolve NWBO's purported concerns over disclosing the identity of non-testifying consultants: The parties should log communications with consultants but may redact or anonymize the names of any non-testifying consultant(s) that appear on the log. While we believe this approach deprives Defendants of critical information to which they are entitled, we are willing to agree to it to avoid burdening the Court. Under this proposal, the language of Section 9.3 would read as follows:

> Communications exclusively between a party or its representative(s) on one side and its outside counsel in this action on the other created on or after March 14, 2022 need not be logged. Similarly, work product created on or after March 14, 2022 by counsel in this action, a consultant or other agent of counsel in the action, or a party at the direction of its counsel, need not be logged. Any party serving a privilege log may redact or anonymize the names of any non-testifying expert(s) that appear on the log.

Please let us know NWBO's position.

Defendants reserve all rights.

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Friday, October 10, 2025 3:43 PM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

[EXTERNAL EMAIL from abernstein@kasowitz.com]

---

Counsel,

Substantive responses to your message are below.

1. Interrogatory Responses

   a. We have maintained that many of the interrogatories, including this one, seek protected materials. Analysis of the trading data produced (and to-be-produced) by Defendants and third parties is expert work, which we will produce to Defendants at the appropriate time.

   b. We trust our forthcoming amendment will clarify any misunderstandings of NWBO's positions. That said, it is looking like our amendment will not be ready for service for a few more days. We will serve it at or before the time that NWBO's responses to two other Defendants' interrogatories are due next week.

2. Search Terms

   a. We will confirm when we are in a position to provide proposed search terms. We reiterate a portion of our prior email that Defendants did not address: if Defendants are ready to propose terms and custodians, they should certainly do so.

3. ESI Protocol

   a. Our September 22 proposal was contingent on revisiting the consultant language in good faith. Given Citadel's latest subpoena and other developments, it is apparent that at least Citadel will never agree to clarify that consultants are included in the logging exception. We therefore think it's best to provide the Court with the two competing options for section 9.3, unless Defendants are willing to agree to our variant.

We decline to respond to unproductive and inaccurate characterizations, such as that NWBO is unwilling to engage in discovery. We note that we have received a total of 142 pages of productions from two defendants.

---

**From:** Leigha Empson <leighaempson@quinnemanuel.com>
**Sent:** Friday, October 3, 2025 4:52 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Counsel,

We have been very accommodating of the circumstances at NWBO. For example, we agreed to extend the substantial completion deadline by more than four months at NWBO's request, and we have been patient as NWBO has been repeatedly unprepared to discuss its interrogatory responses.

While we are always willing to discuss reasonable accommodations, NWBO has accused our clients of securities fraud, and we are entitled to move this case towards resolution even if NWBO is unwilling to engage in discovery. With respect to the specific items you raised:

- **Identification of the Orders underlying the Complaint:**

- We are surprised and disappointed that NWBO has reneged on its prior agreement to identify the purported "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders."
- Specifically, you previously represented that NWBO would "identify the spoofing activity in defendants' data," but are now asserting instead that this is a "topic for expert discovery."
- To be clear, it is not:  this information was the basis for the SAC and thus should be easily accessible to NWBO, and it is critical that Defendants receive the identification of the purported spoof orders because, among other things, the allegations in the SAC about these orders do not align with the objective trading data.
- We await your amended interrogatory responses, which you have committed to providing next week, and reserve all rights.

- **Search Terms and Custodians:**
  - It is concerning that we are several months into discovery and NWBO is not in a position to discuss custodians and search terms.
  - The parties exchanged initial disclosures on June 9, and there is no excuse for NWBO's four-month delay in collecting documents.
  - In any event, the fact that NWBO may not have completed its collections is no reason to hold off on beginning the negotiations of custodians and search terms.
  - Please let us know when you will be prepared to exchange proposed search terms and custodians.

- **ESI Protocol:**  We understand your response below to confirm that NWBO will not reconsider its reneging on the previously agreed-upon language for Section 9.3 of the ESI Protocol.  To avoid burdening the Court with yet another dispute on this topic, Defendants are willing to agree to NWBO's September 22 proposal that, for the time being, "the parties [] operate under the undisputed portion of section 9.3."  As you are aware, the undisputed portion of Section 9.3 provides:  "Communications exclusively between a party or its representative(s) on one side and its outside counsel in this action on the other created on or after March 14, 2022 need not be logged.  Similarly, work product created on or after March 14, 2022 by counsel in this action, a consultant or other agent of counsel in the action, or a party at the direction of its counsel, need not be logged."

Thanks,

Leigha

---

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Tuesday, September 30, 2025 4:56 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from abernstein@kasowitz.com]**

---

Counsel,

We are always willing to discuss and work through discovery issues in good faith, but Defendants' repeated artificial deadlines are unproductive. We remind Defendants again that Northwest Bio's General Counsel unexpectedly passed away not too long ago. Your understanding while we work through issues that he was handling would be appreciated.

As to your questions below:

1. We will provide amended responses and objections to Citadel's interrogatories next week. The identification of Baiting Orders, etc. in Defendants' data is a topic for expert discovery that Defendants will receive at the appropriate time.

2. We are still in the process of conducting custodial collections and may not be in a position to discuss next week. However, Defendants are welcome to share their terms and custodians if they are in a position to do so. We are moving as quickly as possible. We are not aware of any requirement to do this by next week other than Defendants' arbitrary deadline.

3. We have already answered Defendants' question about Ms. Powers several times. Following our discussion with Ms. Powers, it is our understanding that she did not use non-NWBO email to conduct company business, and there is nothing responsive outside of NWBO sources. As we've explained to Defendants on several occasions, to the extent discovery shows otherwise, we are open to revisiting this issue.

On the ESI Protocol, we suggested adding consultants to section 9.3. Defendants rejected that proposal and proposed striking 9.3 altogether, which expands the invasiveness of Defendants' proposal even further. Unless Defendants would like to agree to our version of 9.3, we can submit a draft protocol with competing positions.

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Monday, September 29, 2025 7:58 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Counsel,

Following up on the below—we asked for three simple confirmations by the end of last week and have yet to receive them. By tomorrow at 5pm ET, please confirm that:

1. NWBO will identify the alleged "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders" in Defendants' trading data and serve its amended interrogatory responses by no later than Monday, October 6, at 5 pm ET;

2. NWBO is prepared to mutually exchange search terms and custodians on Monday, October 6, at 5 pm ET; and

3. Ms. Powers did not use any non-NWBO email accounts (or any other messaging system) for communications that are responsive to Defendants' RFPs.

Please also confirm by 5pm ET tomorrow that you are signed off on the updated ESI Protocol and proposed joint submission that we circulated last week and have reattached here.

Given NWBO's continued and prejudicial discovery delays, if we do not receive the above confirmations by 5pm ET tomorrow, we will understand that NWBO is refusing to agree and proceed accordingly.

Best,

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Ted Ovrom
**Sent:** Thursday, September 25, 2025 11:22 AM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Counsel,

NWBO has continually delayed in providing responses to basic discovery requests in a lawsuit that it chose to file, and despite being months into discovery, NWBO has barely participated in discovery.  Our email on Friday followed up on issues that have been outstanding for weeks, if not months.  We respond further below to the specific points in your email:

- **Trading Data**.
    - Thank you for confirming that you will identify the alleged "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders" in the trading data produced by Citadel Securities.
    - Please confirm that you will identify those items by no later than 5 pm ET on Monday, October 6. This deadline is generous given that NWBO's response to Citadel Securities' Interrogatory No. 4 was due more than three months ago. Moreover, NWBO should have this information readily available, as it is the information purportedly underlying NWBO's complaints in this action.

- o Please also provide your amended responses to Interrogatories 2, 3, 5, and 6 by October 6. We served those Interrogatories on May 9, 2025, and sent you our deficiency letter on July 8, 2025. NWBO's amended responses are months past due.

- o Please confirm by the end of this week that NWBO will identify the above-listed items and serve its amended interrogatory responses no later than Monday, October 6, at 5 pm ET.

- **Search Terms**.

  - o You did not acknowledge our request that you propose search terms for Defendants' RFPs. The parties should begin negotiating NWBO's search terms promptly to ensure that NWBO is in a position to meet the substantial completion deadline, which Defendants have already agreed to extend by months at NWBO's request.

  - o We propose that the parties mutually exchange their search terms and custodians on Monday, October 6, at 5 pm ET. Please confirm by the end of this week that this timing works for NWBO.

- **ESI Protocol.**

  - o We appreciate your suggestion that the parties "operate under" the undisputed portion of the ESI Protocol, but under the Case Management Order, we are required to submit an ESI Protocol (see ECF 218 ¶ 9).

  - o As we understand your position to be that the parties had not previously reached an agreement on paragraph 9.3, attached is a revised draft of the ESI Protocol without paragraph 9.3, along with a proposed joint submission to the Court regarding the ESI Protocol. We agree to revisit the paragraph 9.3 issue at a later date.

  - o Please confirm that you are signed off as soon as possible and we will get this on file.

- **Schedule.**

  - o Because you have rejected our proposed compromise as to the schedule, we will not agree to a substantial completion deadline of January 31, 2026.

  - o As previously indicated, we agree that the substantial completion deadline may be extended to January 16, 2026, but we do not agree to extend any other deadlines.

  - o If NWBO wants to move any other deadlines in the existing Case Management Order (ECF 218), it will need to seek relief from the Court.

- **Linda Powers' Personal Emails.**

  - o When asked whether "Ms. Powers may have responsive communications on her personal (or any non-NWBO) email account," you responded that "Ms. Powers did not utilize non-NWBO email accounts for NWBO purposes."

  - o We do not know what "NWBO purposes" means. Our follow-up question below sought simply to confirm that Ms. Powers did not use any non-NWBO email accounts (or any other messaging system) for communications that are responsive to Defendants' RFPs. Please confirm by the end of this week.

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Monday, September 22, 2025 5:03 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

[EXTERNAL EMAIL from abernstein@kasowitz.com]

Counsel,

We don't think our response raises more questions than answers. We're sure the parties will have many legitimate disputes such that we don't need to invent any. We also note that demanding responses within 8 business hours of an after-hours Friday email is not reasonable, especially where Defendants waited two full days to respond to our last message. Even more so when the response is demanded at the start of the Rosh Hashana high holiday that most of our team celebrates.

Our position remains that we will produce the trading data when the confidentiality issues are resolved. As we told you on Wednesday, the NYSE issue has been resolved and the production is being processed. I understand that will go out tomorrow. The OTC Markets issue appears close to resolution. NWBO's interrogatory response plainly lists OTC Markets and NYSE Global OTC as data sources for trading and quote data, and we have been discussing both entities with you for a while, including when we sent you the OTC Markets data header on which it was asserting confidentiality. As we have also said, we will also identify the spoofing activity in defendants' data.

We disagree with the contentions re the ESI protocol, but agree with the proposal to revisit the consultant issue later. The parties can operate under the undisputed portion of section 9.3 in the meantime. On the schedule, we disagree with the contentions and understand the substantial completion date is the only one you consent to moving. We already responded on Ms. Powers.

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Friday, September 19, 2025 6:33 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson

<heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Counsel,

We write in response to your below email, which raises more questions than it answers about whether NWBO intends to comply with its discovery obligations.  We need your position on the production of trading data and identification of the relevant orders, executions, and cancellations by 5 pm ET on Monday, or we will need to seek relief from the Court.  We also await your response on several other items, and seek those responses by the end of next week.

- **Trading Data**

    - **Please confirm by Monday at 5pm ET (1) that NWBO will produce all of the data it relied on for its SAC, and (2) whether NWBO will in fact identify all of the alleged "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders" in the data produced by Citadel Securities.**

    - You wrote that "Defendants' productions are critical to this action and it is that data and others obtained through discovery upon which Plaintiff intends to rely."  Are you now suggesting that NWBO will not provide the data it relied on for its SAC?  This would be contrary to your representations in our meet and confer.  The data you relied on is fundamental to the SAC, and you are obligated to provide it, regardless of whether you intend to use Defendants' data.

    - You wrote that "Plaintiff will identify the baiting orders, executing purchases, and cancellations in the trading data consistent with its discovery obligations."  We do not know what the qualifier "consistent with its discovery obligations" means.  Please provide a direct response as to whether NWBO will in fact identify all of the alleged "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders" in the data produced by Citadel Securities.

    - We are surprised to hear that there have been "ongoing" discussions with OTC Markets over a request for consent to produce trading data for litigation that is subject to a Protective Order.  We also do not understand why NWBO would require OTC Markets' consent because NWBO has admitted it did not enter into any agreement with OTC Markets.  Please explain what discussions are ongoing and when they began.

- **ESI Protocol**

    - Your position that the parties reached an agreement only as to the date to be used in Section 9.3, and not as to the language of that Section, is obviously wrong.

    - Despite your speculation about what the parties "intended" and "understood" in mid-June, the fact remains that NWBO's counsel asked the court to enter an ESI Protocol that contained the language you now seek to revise.

    - We propose that we strike Section 9.3 and proceed with entering the ESI Protocol now to move things forward.  We can revisit the subject of Section 9.3 at a later date.

- **Schedule**

    - To be clear, the Court contemplated the possibility that the seven Defendants combined may produce "reasonably voluminous" discovery in setting the original deadlines.  That language provides no justification to extend the deadlines.

    - Our agreement to a January 31, 2026 substantial completion deadline was expressly conditioned on your agreement that no other deadlines would be affected by this extension.  We do not understand, and you have not explained, why any other deadlines would need to be extended.  We are refusing to agree to further extensions.  Let us know NWBO's position.

- **Other issues**

    - We await the search terms and custodians you intend to use for RFP 6 and our other RFPs.

    - Please confirm whether Ms. Powers used non-NWBO email accounts (or any other messaging system) for communications that are responsive to our RFPs.

o  It has been more than two weeks since you provided NWBO's updated positions on Citadel Securities'
   Interrogatory Nos. 2 through 6 (summarized below in our September 4 email). We are still awaiting your
   amended Interrogatory responses. Please serve them by the end of next week.

Best,

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Wednesday, September 17, 2025 6:48 PM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from abernstein@kasowitz.com]**

---

Counsel,

As an initial matter, we note that we have received one production from one Defendant totaling 132 documents.  As Defendants also know, since we came on board, we have been working diligently to resolve all disputes possible and move the case forward.  We believe we have made progress together.  We also note that the death of Northwest Bio's General Counsel has deeply affected our client and our ability to close the loop on open issues.  Nevertheless, as outlined below, we're now in a position to respond to your open inquiries.

**Trading Data**
Plaintiff's complaint and the exhibits thereto provide far more than the "most basic, relevant information" regarding the orders at issue for which Plaintiff was aware, including by providing details on the baiting orders and executing purchases with time stamps.  Defendants' productions are critical to this action and it is that data and others obtained through discovery upon which Plaintiff intends to rely.  As to the Citadel data, the Court entered the protective order less than two weeks ago.  Plaintiff will identify the baiting orders, executing purchases, and cancellations in the trading data consistent with its discovery obligations.

As we have repeatedly noted, Plaintiff will produce the trading data from OTC Markets and NYSE that informed the complaint when confidentiality issues with those entities are resolved. We shared the agreements at issue. In a happy update, NYSE has just consented to our disclosure of its market data pursuant to the Protective Order. We will tee up a production as soon as possible. Discussions with OTC Markets remain ongoing.

**Schedule**

We confirm the January 31, 2026 date for substantial completion of document production. As we have said, we believe that additional deadlines may need to be extended along with the substantial completion deadline. As the court said in rejecting Defendants' shorter proposal at the June 5 hearing, discovery is expected to be "voluminous" and include an "abundance of depositions." Plaintiff's proposed modest extensions to the remaining deadlines are reasonable and would give the parties an opportunity to engage in meaningful discovery. Please let us know if Defendants are refusing to consider any other extensions at this time, or if there is room to continue discussions.

**ESI Protocol**

Plaintiff's position is that the parties are not entitled to discover the identities of non-testifying consultants. Our edit was intended to be an uncontroversial clarification of the language in section 9.3. Defendants' proposal, as we now understand it, would circumvent the protections of FRCP 26(b). The transcript lines Defendants cited indicate an agreement on the applicable date reached before the June conference, not on this issue. Indeed, both parties' inclusion of work product and consultants in their versions of section 9.3 filed in their June proposals indicate to us that all understood work product and consultants would remain protected and that the parties intended to keep the logging process efficient. We are happy to sign off on the version we proposed.

**RFP 6**

We agreed to review whether amendment was warranted. After review, we do not understand why Plaintiff's written response needs to change. The request is incredibly broad, burdensome, disproportionate, and includes a wide range of irrelevant material. As but one example, we don't understand why paystubs showing officer salaries are relevant, but they appear to be covered by this Request. We would expect Defendants to feel similarly about a request for all of their officers' financial records and any company with which they are or were affiliated. We also note that Defendants have access to SEC disclosures, and that we agreed to search for the role officers or directors played in the pricing or timing of Plaintiff's Exchange Agreement Sales or Cash Stock Sales alleged in the Complaint, as well as documents identifying the sales in RFP 3. We also do not read the response as inconsistent with our discussion of Toucan and Cognate. If there is information you think is relevant and proportional to the case but excluded from our response, we will, of course, consider.

**Linda Powers' Personal Emails**

We confirm what we previously clarified. We have now had an opportunity to raise this issue again with Ms. Powers, and our understanding remains that Ms. Powers did not utilize non-NWBO email accounts for NWBO purposes.

All rights reserved.

---

**From:** Leigha Empson <leighaempson@quinnemanuel.com>
**Sent:** Tuesday, September 16, 2025 3:00 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson

\<heatherchristenson@quinnemanuel.com\>

**Subject:** RE: NWBO - Meet and Confer

Counsel,

We are now months into discovery, and NWBO has continuously delayed the discovery process, refused to enter an ESI protocol, and has not produced a single document.  In fact, we are still seeking NWBO's position on issues that we raised in a deficiency letter we sent on July 8.  We have chased NWBO for weeks, if not months, on several outstanding issues - please provide NWBO's position on the issues below by no later than 5 pm ET tomorrow:

- **Trading Data.**
    - NWBO's failure to even commit to producing the most basic, relevant, information—the trading data it relied on for its complaint—is particularly egregious.
    - NWBO has represented that it will identify in the data all of the alleged "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders," and NWBO's failure or inability to produce its own data should not prevent NWBO from doing so.  NWBO has ignored our request that NWBO identify the "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders," in the OTC Link and/or FINRA data produced by Citadel Securities on August 18.
    - We are left to believe that NWBO is refusing to produce data or identify these orders because they do not actually support the allegations in the complaint—or because NWBO cannot actually identify the purported orders.
    - By 5 pm ET tomorrow, please:
        - confirm that NWBO will promptly identify all of the alleged "Baiting Orders," "Executing Purchases," and cancellations of "Baiting Orders" in the trading data produced by Citadel Securities,
        - let us know what steps, if any, have been taken to obtain any purportedly necessary permissions to produce the data NWBO relied on for the complaint, and
        - confirm that NWBO will promptly produce that data.

- **Schedule.**
    - On September 4, Defendants offered, as a compromise, to agree to NWBO's proposed January 31, 2026 extended substantial completion deadline, provided NWBO agrees that no other deadlines will be affected by this extension. We are still awaiting NWBO's position. Please provide it by tomorrow.

- **ESI Protocol**.
    - For months, NWBO has held up entry of the ESI Protocol—most recently by reneging on already agreed-upon language in Section 9.3 of the ESI Protocol. Please let us know by tomorrow NWBO's final position on Section 9.3 and whether the parties can submit the ESI Protocol reflecting the previously agreed-upon language in Section 9.3.

- **Toucan/Cognate.**
    - On a September 3 meet and confer, you committed to serving amended responses to RFP No. 6 by September 4, which would clarify NWBO's final position on searching for documents related to Toucan or Cognate. You still have not done so. Please do that by tomorrow.

- **Linda Powers' Personal Emails**.
    - On our September 3 meet and confer, you retreated from your previous representation that you would search Linda Powers' personal email account for certain requests. When it became apparent that you had not even conducted a custodial interview of Ms. Powers, we asked that you do so and confirm whether she may have responsive communications on her personal (or any non-NWBO) email account.  We are still awaiting such confirmation. Please provide it tomorrow.

We reserve all rights.

Thanks,

Leigha

---

**From:** Leigha Empson
**Sent:** Friday, September 12, 2025 9:59 AM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Andrew,

We wanted to follow up on our email of September 4, as there are several open items we need NWBO to address.

**First**, NWBO has not produced a single document and is taking the position that it cannot produce the trading data underlying its Complaint due to confidentiality restrictions. While we appreciate that you have provided documents that you claim prohibit the dissemination of this information, they each contain carve-outs that should permit NWBO to provide this information. For example, the NYSE documentation you provided indicates that whoever received the license should "receive written NYSE approval" for redistribution to anyone other than the one party authorized per the agreement. Could you please let us know what steps NWBO has taken to enable it to produce the data? Specifically, we need to know when NWBO reached out to each of these entities and what the status of their response is. Please also confirm whether access to the data remained with the one authorized party, and no other applicable amendments or updates to Exhibit A exist regarding redistribution. This is basic information to which Defendants are unquestionably entitled, and we reserve our rights to seek Court intervention if we do not promptly receive answers to these questions.

Moreover, to the extent NWBO continues to delay its production of the data underlying the SAC on the basis of purported restrictions, in the interim please confirm NWBO will identify all of the alleged Baiting Orders, Executing Purchases, and cancellations of Baiting Orders in the trading data produced by Defendants. We do not think this request should be controversial: NWBO agreed to identify each of these items in its own trading data, so if NWBO is not going to promptly produce trading and order data, NWBO should identify each of these items in the data produced by Defendants.

**Second**, last week we offered a compromise on the schedule, that Defendants would agree to NWBO's proposed January 31, 2026 extended substantial completion deadline, provided NWBO agrees that no other deadlines will be affected by this extension. Please let us know NWBO's position soon.

**Third**, we still have been unable to enter an ESI Protocol due to NWBO's reneging on already agreed-upon language in Section 9.3 of the ESI Protocol. This is the only outstanding dispute regarding the ESI Protocol, which the parties have been negotiating for months. As set forth in our September 4 email, not only did the parties previously agree on the language in Section 9.3, but NWBO has not articulated any grounds to modify and significantly broaden the language. Please let us know NWBO's position on this provision and whether the parties can submit the ESI Protocol reflecting the previously agreed-upon language in Section 9.3.

*Finally*, as discussed during our last meet and confer, please promptly confirm that you have conducted a custodial interview with Ms. Powers and confirm whether she may have responsive communications on her personal (or any non-NWBO) email account.

Thanks,

Leigha

---

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Thursday, September 4, 2025 10:14 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from abernstein@kasowitz.com]**

---

Counsel,

Please see attached documents that are restricting our production of trading data at this time. As previously noted, we have, and will continue to, engage with OTC and NYSE so that we can produce the data.

We are reviewing the remainder of your message and will respond promptly to the extent we have any disagreement with the summary of the call or other comments.

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Thursday, September 4, 2025 3:50 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson <heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Steve and Andrew,

Thanks for yesterday's discussion, which we have summarized below. We will await your position on the outstanding issues we discussed, as well as your amended interrogatory responses and the license agreements, both of which you committed to providing yesterday or today.

- **Schedule**: Last week, in a further effort to compromise, we proposed a January 16, 2026 substantial completion deadline, with the understanding that this will prevent the need for any further extensions of the substantial completion deadline, and explained our position that no other extensions of the schedule are necessary or warranted. Yesterday, you proposed a January 31, 2026 substantial completion deadline. We are willing to agree to this proposed extension of the substantial completion deadline, provided NWBO agrees that no other deadlines will be affected by this extension.

- **Protective Order:** You confirmed that NWBO is signed off on the protective order, which we have filed.

- **ESI Protocol:**

  o During our August 26 meet and confer, for the first time, NWBO proposed a substantive revision to Paragraph 9.3 of the ESI Protocol, which was previously agreed. NWBO's proposal is to expand Section 9.3 such that it would not be required to log communications with outside counsel's "consultant(s), and/or other agent(s) of counsel engaged in connection with this action created on or after March 14, 2022."

  o On yesterday's meet and confer, you stated that the basis for your proposed revision is Federal Rule of Civil Procedure 26(b)(3)-(4).

  o The cited rules do not relate to privilege logs, and certainly do not provide that communications with consultants or agents (or that their identities) are exempt from inclusion on privilege logs.

  o In any event, as we previously explained, the parties agreed on the scope of Section 9.3 more than two months ago. NWBO is bound by its counsel's statement to the Court that the parties "are in agreement" with respect to Paragraph 9.3. (6/27 Hr'g Tr. 6:2-20.). Yesterday, you stated that you thought based on your conversations with Cohen Milstein that there was no such agreement, but you would have to confirm by checking your notes.

- **Requests for Production**:

  o RFP 1 (Trading Data and Analyses):

    ▪ You reiterated that NWBO will produce trading data as soon as it finishes working through the "confidentiality issues."

    ▪ You confirmed that NWBO will produce its license agreements that purportedly create these confidentiality issues, but you said you plan to redact information from the agreements, including because you do not want us to know who actually signed the agreements. There is no basis for redacting the identity of a signatory to the agreement, but our disagreement on that point should not further delay production of the agreements, which you committed to producing yesterday or today.

    ▪ You also confirmed that when NWBO produces the data, it will simultaneously identify all of the alleged Baiting Orders, Executing Purchases, and cancellations of Baiting Orders that appear in the trading data.

  o RFP 6 (Financial Relationship with Officers/Directors, including Powers-Controlled Entities): You clarified that NWBO will produce documents responsive to RFP 6 that implicate Toucan or Cognate, and would be willing to consider adding "Toucan" or "Cognate" to search strings with other terms, but that you will not run "Toucan" or "Cognate" as standalone search terms. We said that it was premature to limit your response to an RFP in this manner, and asked that you amend NWBO's response to RFP 6 to reflect your updated position. You said you would do so by today.

    ▪ *Linda Powers' Personal Emails*. You retreated from your previous representation that you would search Linda Powers' personal email account for certain requests. You clarified that you do not plan to search that account unless "discovery reveals" that Powers used it for work reasons. We reminded you that you are obligated to conduct a custodial interview of Linda Powers right now, so that you can determine which data repositories contain responsive information. You agreed. Please promptly confirm whether Ms. Powers may have responsive communications on her personal email account.

- o RFP 9 (NWBO's Stock Price): You confirmed that NWBO agrees to our proposed compromise on this request ("All Documents and Communications Concerning changes in NWBO's stock price on or around the Pricing Dates that survived the motion to dismiss").

- **Interrogatories**: Almost two months after receiving Citadel Securities' deficiency letter, NWBO was finally prepared yesterday to meet and confer on the interrogatories

  - o **Interrogatory 2 (NWBO Sales Transaction Details)**: You stated that NWBO will provide the requested information to the extent it is not work product. The only example of potential work product you could provide was "the formula used to determine price." When we noted that the formula is expressly referenced in the Second Amended Complaint, you could not articulate how such information could be work product. You said that at present your understanding is that you would provide all the requested information and not withhold on work product grounds.

  - o **Interrogatory 3 (Spoofing Methodology)**: You stated that NWBO's position is that the requested methodologies are work product except to the extent they are referenced in the Second Amended Complaint. You pointed to footnote 14 of the Second Amended Complaint as providing the methodology for identifying Executing Purchases, and Paragraph 276 as providing the methodology for identifying Baiting Orders, even though that paragraph references only "the short time period between the placement and cancellation of their Baiting Orders."

  - o **Interrogatory 4 (Identification of Baiting Orders, Executing Purchases, and Cancellations of Baiting Orders)**: You confirmed that, when NWBO produces trading data, it will simultaneously identify the alleged Baiting Orders, Executing Purchases, and cancellations of Baiting Orders that appear in the trading data as requested in this interrogatory.

  - o **Interrogatory 5 (Damages Calculations)**: You stated that NWBO will provide a computation and quantity of damages based on information it currently has, although NWBO intended to supplement its damages calculations based on discovery it receives from Defendants.

  - o **Interrogatory 6 (Chart Methodology)**: You stated that, in response to sub-parts (i) and (ii) of this interrogatory, NWBO will provide information regarding how it calculated figures referenced in the charts in the Second Amended Complaint, but NWBO will not provide information responsive to sub-parts (i) and (ii) that constitutes work product and will not provide any information responsive to sub-part (iii) ("Documents and Communications relating to the preparation of these charts").

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Monday, September 1, 2025 7:13 PM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com;

edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway
<asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger
<GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto
<afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>;
Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson
<heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from abernstein@kasowitz.com]**

Leigha,

We hope everyone had a good weekend.  We have conflicts tomorrow, but we can speak Wednesday at 12:30pm
regarding all open issues.  Please let us know if that works.

**From:** Leigha Empson <leighaempson@quinnemanuel.com>
**Sent:** Friday, August 29, 2025 11:50 AM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher
<christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain
<peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor
<marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>;
Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com;
krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com;
edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway
<asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger
<GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto
<afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>;
Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Heather Christenson
<heatherchristenson@quinnemanuel.com>
**Subject:** RE: NWBO - Meet and Confer

Steve, Andrew,

Thanks for speaking with us earlier this week.  We wanted to follow up on a few outstanding issues, and set a time for our next
conferral, which will need to cover NWBO's responses to Citadel Securities' interrogatories.  We are available to meet and
confer at 11 AM on Tuesday. Please let us know if that works for you.

- **Case Schedule:** NWBO had proposed an eight-month extension of the fact discovery deadline. You said our compromise
  counterproposal for a two-month extension of the substantial completion deadline is "not doable" and proposed a six-
  month extension. Defendants can agree to a substantial completion deadline of January 16, with the understanding that
  this will prevent the need for any further extensions of the substantial completion deadline.  We do not believe any
  other extensions of the schedule are necessary or warranted.

- **Protective Order:** The parties are signed off on the protective order.  Attached is a draft joint letter to accompany the
  submission – please let us know if you have any edits, and we're happy to finalize the letter and PO with signatures and
  file.

- **ESI Protocol:** During our August 26 meet and confer, for the first time, NWBO proposed a substantive revision to
  Paragraph 9.3 of the ESI Protocol, which was otherwise agreed.  NWBO's proposal is to expand Section 9.3 such that it
  would not be required to log communications with outside counsel's "consultant(s), and/or other agent(s) of counsel
  engaged in connection with this action created on or after March 14, 2022."  We do not agree to this proposed revision.
  NWBO has provided no basis for attempting to expand this language, and the parties already agreed on the scope of
  Section 9.3.  NWBO is bound by its counsel's statement to the Court that the parties "are in agreement" with respect to

Paragraph 9.3. (6/27 Hr'g Tr. 6:2-20.) Please confirm you are signed off on entering the ESI Protocol as previously agreed.

- **Defendants' Requests for Production to NWBO**:

  - <u>Powers/Toucan/Cognate Documents</u>:

    - On the August 14 meet and confer, you stated that NWBO will search Linda Powers' personal email account for responsive documents but will not search for responsive documents that are in the possession of NWBO's affiliates Toucan Capital and Cognate Bioservices, at least if those documents reside outside of NWBO's own servers/data repositories.

    - On Tuesday's meet and confer, you stated that NWBO also does not intend to search for responsive documents related to Toucan/Cognate that exist on NWBO's servers/repositories because you do not understand the relevance of those entities. As we explained, we understand that NWBO has at times issued shares to Toucan or Cognate to extinguish debts owed to those related-party entities. NWBO's transactions with Toucan and Cognate are thus relevant to, among other things, loss causation and damages, given that NWBO alleges harm from selling shares at depressed prices.

    - You said that you would consider our explanation and provide NWBO's final position on next week's meet and confer.

  - <u>RFP 1 (Trading Data and Analyses)</u>: You confirmed that NWBO will produce trading data. You also confirmed that you will produce the agreements that supposedly restrict NWBO's ability to share the trading data at this time. You also confirmed that the parties are at an impasse on Defendants' request for the analyses and methodologies that NWBO used to identify the alleged spoofing episodes referenced in the Second Amended Complaint. You clarified that you consider such analyses to be work product, meaning they will not be produced at all (now or during expert discovery), but you also noted "the same issues will be discussed in expert reports." Please clarify if you intend to produce data reflecting the specific Baiting Orders, Executing Purchases, and cancellations of Baiting Orders that you allege Defendants engaged in; these are not analyses or methodologies but simply trading data regarding alleged orders, executions, and cancellations.

  - <u>RFP 6 (Financial Relationship with Officers/Directors)</u>: On the August 14 meet and confer, you confirmed that NWBO will search for and produce documents responsive to this request. We clarified that the "at any prior time" language in this request refers to the existence of the relationship and not the date of the documents we are seeking. With this clarification, please confirm that NWBO will produce documents responsive to RFP 6.

  - <u>RFP 9 (NWBO's Stock Price)</u>: You said you would let us know by Tuesday whether NWBO will agree to our proposed compromise on this request ("All Documents and Communications Concerning changes in NWBO's stock price on or around the Pricing Dates that survived the motion to dismiss"), which we provided to NWBO in writing on July 23 and again on August 11. You did not get back to us on Tuesday. Please do so today.

  - <u>RFPs 3, 4, 7, and 11</u>: On the August 14 meet and confer, you confirmed that NWBO will search for and produce documents responsive to these requests, subject to reasonable search parameters.

- **Citadel Securities' Interrogatories to NWBO**: It has been two and a half months since NWBO served responses and objections to Citadel Securities' interrogatories. On July 8, we sent a deficiency letter challenging NWBO's baseless objections to numerous interrogatories. At the July 16 meet and confer, NWBO's outgoing counsel was unprepared to meaningfully discuss or provide positions on the disputed interrogatories. A month later, on the August 14 meet and confer, you were unprepared to discuss the interrogatories but said you would provide your positions in writing in advance of the next meet and confer. You did not provide any positions in writing, and you were yet again unprepared to discuss the interrogatories on Tuesday's meet and confer, even though that was the explicit purpose of the meet and confer, as we told you in writing beforehand. Please be prepared to discuss all disputed interrogatories and provide definitive positions at next week's meet and confer.

Thanks,

Leigha

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Tuesday, August 26, 2025 5:29 PM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

<mark>[EXTERNAL EMAIL from abernstein@kasowitz.com]</mark>

Leigha,

As discussed, please see attached clean and redlines of our suggested change to the ESI Protocol and our formatting nits on the PO.

This email also confirms that the parties have agreed to extend the substantial completion of document production deadline to at least October 31, 2025, and will continue good-faith discussions regarding further time and remaining deadlines. Plaintiffs proposed a six-month extension of the current deadline (approximately March 1, 2026) as a reasonable middle ground, which defendants agreed to consider along with dates for the other events under discussion.

Please let us know your availability to resume the interrogatory discussion Tuesday or Wednesday next week.

Thanks,
Andrew

**From:** Leigha Empson <leighaempson@quinnemanuel.com>
**Sent:** Wednesday, August 20, 2025 5:41 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

Andrew,

We'd like to meet and confer next Tuesday regarding NWBO's responses to Citadel Securities' RFPs and interrogatories. Defendants can be available at 2:30 pm – if that works for you, we'll send an invite.

In the meantime, attached is a revised version of the Protective Order, which resolves the parties' remaining disputes. Also attached is the draft ESI Protocol. Please let us know if you are signed off, and we're happy to get these on file.

Regarding the schedule, Defendants are amenable to a reasonable extension of the substantial completion deadline. Defendants propose a two-month extension of the deadline to October 31. We are considering NWBO's proposed extension to the remainder of the schedule and are happy to discuss next week.

Thanks,

Leigha

---

**From:** Andrew C. Bernstein <ABernstein@kasowitz.com>
**Sent:** Tuesday, August 19, 2025 11:59 AM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from abernstein@kasowitz.com]**

---

Counsel:

For the reasons discussed on our last call—including our recent substitution and the sudden and unexpected passing last week of Plaintiff's General Counsel— we request Defendants' consent to the substantial document production completion deadline being extended from August 29, 2025 to April 29, 2026. We also propose moderate extensions to some of the other upcoming deadlines as follows:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Deadline for initial interrogatories. | September 29, 2025 | Unchanged |
| Deadline for parties to meet and confer on expert disclosures. | February 27, 2026 | Unchanged |
| Deadline for requests for admission and all interrogatories. | March 16, 2026 | May 29, 2026 |
| Deadline for depositions and the close of all fact discovery. | April 30, 2026 | July 17, 2026 |
| Deadline for expert discovery. | July 30, 2026 | October 16, 2026 |
| Deadline for motions for summary judgment unless the court sets a different schedule | September 14, 2026 | December 18, 2026 |

Thank you.

Andrew C. Bernstein
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1973
Fax.  (212) 500-3533
ABernstein@kasowitz.com

**From:** Andrew C. Bernstein
**Sent:** Tuesday, August 19, 2025 10:38 AM
**To:** 'Leigha Empson' <leighaempson@quinnemanuel.com>; Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

Counsel,

Could Defendants please revert with dates and times for next week to close the loop on the Protective Order and ESI Protocol?

Thanks,
Andrew

**From:** Leigha Empson <leighaempson@quinnemanuel.com>
**Sent:** Friday, August 15, 2025 6:04 PM
**To:** Stephen W. Tountas <STountas@kasowitz.com>
**Cc:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

Steve,

Please see the attached correspondence.

21

Thanks,

Leigha

**From:** Stephen W. Tountas <STountas@kasowitz.com>
**Sent:** Tuesday, August 12, 2025 10:20 PM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>
**Cc:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com
**Subject:** Re: NWBO - Meet and Confer

[EXTERNAL EMAIL from stountas@kasowitz.com]

Leigha, this will confirm that NWBO is in agreement with defendants' July 25 proposal to designate all productions made prior to the entry of a Protective Order as Confidential, pending the entry of the Protective Order. We look forward to a productive meet and confer on Thursday regarding the other open issues.

Steve

Sent from my iPhone

On Aug 12, 2025, at 11:23 AM, Leigha Empson <leighaempson@quinnemanuel.com> wrote:

Steve,

Following up on my email below, Defendants are available at 3 pm on Thursday to meet and confer, and we have sent an invite for that time.

Thanks,

Leigha

**From:** Leigha Empson
**Sent:** Monday, August 11, 2025 7:08 PM
**To:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Lambroza, Kate <kate.lambroza@stblaw.com>; peercem@ballardspahr.com;

burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com;
Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com;
barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>;
jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>;
Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>;
kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel
Negless <dnegless@paulweiss.com>; elawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

Steve,

NWBO's continued delays are affecting the parties' ability to comply with the court-ordered schedule, including
the August 29 substantial completion deadline.  While we understand that you formally appeared just two
weeks ago, we are surprised to learn that prior correspondence between the parties was apparently not
provided to you by outgoing counsel, which seems to be creating further delays.  So you have them, we are
attaching the two most recent email chains between outside counsel regarding the issues below.

If we have to wait until Thursday to meet and confer, we would like it to be a productive meeting on the topics
we raised.  We will revert with Defendants' availability for a meet and confer Thursday and look forward to
hearing back from NWBO before then regarding Defendants' proposal (made on July 25) productions made prior
to the entry of a Protective Order be treated as Confidential pending the entry of the Protective Order.


Thanks,

Leigha

---

**From:** Stephen W. Tountas <STountas@kasowitz.com>
**Sent:** Monday, August 11, 2025 12:11 PM
**To:** Leigha Empson <leighaempson@quinnemanuel.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Andrew L.
Schwartz <ASchwartz@kasowitz.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi
Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom
<tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com;
sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Lambroza, Kate <kate.lambroza@stblaw.com>;
peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com;
Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com;
agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M.
Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto
<afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>;
Daniel Negless <dnegless@paulweiss.com>; elawson@mofo.com; JKoch@mofo.com
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from stountas@kasowitz.com]**

---

Leigha,

As you know, we have just been retained, and we are still getting up to speed.  I am speaking with my client today
concerning the issues noted in your email.  I expect to be in a position to have a productive meet and confer by Thursday
August 14.  My schedule is flexible on Thursday and I can accommodate whatever times work for the defense group.

Before then, we will respond, via email, to your request concerning designations for pre-protective order
productions.  Please forward the latest chain with your request.  To that end, we would appreciate you forwarding the
latest chains concerning any other outstanding issues.  This will help ensure plaintiffs' responses are on a continuous
chain and will keep the record clean.

Thanks very much.

Steve


Stephen W. Tountas
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.  (212) 506-1739
Fax.  (212) 500-3550
STountas@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Leigha Empson <leighaempson@quinnemanuel.com>
**Sent:** Friday, August 8, 2025 2:03 PM
**To:** Andrew C. Bernstein <ABernstein@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** William Burck <williamburck@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; jyoungwood@stblaw.com; sblake@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Lambroza, Kate <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; elawson@mofo.com; JKoch@mofo.com
**Subject:** NWBO - Meet and Confer


**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**


Andrew,

We're available to meet and confer on Monday after 3:30 pm, and would like to discuss the following:

1.  NWBO's positions on the deficiencies identified in our July 8 letter.
    1.  The parties met and conferred on July 16 and 17, and on every issue Defendants raised, NWBO said it would need to discuss the issue with its client.
    1.  We followed up several times but have not received an update.  We understand that you are new counsel, but we need to know NWBO's position on these issues, particularly with the substantial completion deadline rapidly approaching.
1.  The Protective Order
    1.  For nearly a month, we have been asking NWBO to agree to enter a Protective Order.
        1.  NWBO has refused to do so, which is delaying discovery in this action.
    1.  Attached is a revised version of the Protective Order, reflecting changes in tracked to the last version NWBO provided.  This version is consistent with the Court's instructions during the June 27 hearing.  Please let us know if you are signed off or have any revisions.

1. NWBO's refusal to agree to treat productions as Confidential pending entry of the Protective Order.
    1. On July 25, we made what should be an uncontroversial proposal: that the parties agree to treat produced documents as "Confidential" as designated in the Protective Order pending entry of the PO.
        1. The parties have no dispute over the definition of Confidential in the draft PO.
    1. NWBO has refused to agree without explanation, further delaying discovery in this action.


Thanks,

Leigha

**Leigha Empson**
*Associate*
**Quinn Emanuel Urquhart & Sullivan, LLP**

295 Fifth Avenue
New York, NY 10016
212-849-7034 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
leighaempson@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.