**KASOWITZ** LLP

Stephen W. Tountas
Direct Dial: (212) 506-1739
Direct Fax: (212) 500-3550
STountas@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
SILICON VALLEY
WASHINGTON DC

**MEMO ENDORSED**

January 12, 2026

Hon. Gary Stein, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC*, No. 1:22-cv-10185

Dear Judge Stein:

    We represent Plaintiff Northwest Biotherapeutics, Inc. ("NWBio"). Due to unforeseen delays, NWBio respectfully requests, pursuant to Rule I(G) of Your Honor's Individual Rules, an extension of outstanding case management deadlines by approximately 120 days. This is the first request for the extension of discovery deadlines in this action.[1]

    NWBio substituted the undersigned counsel on July 30, 2025. The substitution unavoidably required time for the transition of materials and information. A few weeks after substitution, on August 15, 2025, NWBio experienced the tragic and unexpected passing of its general counsel, Les Goldman, who was integral to this action. Counsel's transition, and NWBio's written discovery and document collection efforts, have been substantially set back without Mr. Goldman's assistance.

    Still, despite the circumstances, NWBio has been diligently moving discovery forward. NWBio has so far produced 3,056 documents. Defendants have produced far less. Defendant G1 Execution Services LLC has only produced 10 documents, Defendant Virtu Americas LLC produced 26 documents, and Defendant Citadel Securities LLC produced 132 documents. The other Defendants—Canaccord Genuity LLC, GTS Securities LLC, Instinet LLC, and Lime Trading Corp.—have produced no documents at all.

    More progress would have been made if not for several discovery disputes, many of which Defendants designed to harass and overburden NWBio. Among others, Defendants filed a subsequent motion to compel (Dkts. 238, 244, 248) seeking superfluous information, and issued subpoenas to NWBio's non-testifying expert and attorney[2] and a long-defunct separate entity

---

[1] Defendants do not consent to Plaintiff's extension request.

[2] The parties have also been unable to agree on the portion of the draft ESI protocol relating to privilege logging, as Defendants have insisted on a logging protocol that would result in unnecessary logging of communications with counsel. NWBio hopes that counsel will be able to resolve the issue without Court intervention.

KASOWITZ LLP

January 12, 2026
Page 2

formerly owned by NWBio's CEO. NWBio has also been actively pursuing Defendants to provide adequate responses to its discovery requests. The various disputes have resulted in extensive correspondence, multiple meet and confers, and additional discovery requests.

There have also been delays in receiving productions from nonparties. For example, in June 2025, NWBio served subpoenas to Depository Trust & Clearing Corporation ("DTCC") and Financial Industry Regulatory Authority, Inc. ("FINRA")—both of which are critical sources of relevant information concerning the trades at issue. Following NWBio's persistent inquiries, DTCC only recently produced documents and FINRA is still gathering documents for future production, with partial production anticipated by mid-January and an uncertain timeline to complete production of archived data. Based on information gleaned from DTCC's production, NWBio served additional follow-up requests to Defendants, for which responses are due today. Moreover, in October 2025, NWBio served a subpoena to nonparty OTC Link LLC, the scope of production for which is still being negotiated. All of the foregoing documents are critical to NWBio's prosecution of this case.

The Court recognized that discovery in this "complex" case is expected to be "voluminous" and include an "abundance of depositions." Dkt. 216 at 12:24-13:4 (June 5, 2025 Conf. Tr.).[3] Despite NWBio's best efforts to move discovery forward in the face of these roadblocks, a 120-day extension of the deadline for substantial completion and subsequent outstanding deadlines is reasonable for NWBio to sufficiently pursue its claims. This extension would benefit all parties; allow for proper negotiation, production, and review of documents for use in depositions and to tailor expert discovery; and permit the parties to focus further party and nonparty requests. The proposed extension is detailed in the following table:

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Substantial Completion of Document Production | January 16, 2026, by party agreement | May 18, 2026 |
| Meet and Confer on a Schedule for Expert Disclosures | February 27, 2026 | June 29, 2026 |
| Requests to Admit | March 16, 2026 | July 14, 2026 |
| Interrogatories | March 16, 2026 | July 14, 2026 |
| Depositions | April 30, 2026 | August 28, 2026 |

---

[3] Notably, numerous discovery extensions have already been granted in *Harrington*, which both parties have cited as an exemplar for this action. *See Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Mkts. Corp.*, No. 21-cv-761-LGS-VF (S.D.N.Y. 2021).

KASOWITZ LLP

January 12, 2026
Page 3

| Fact Discovery | April 30, 2026 | August 28, 2026 |
|---|---|---|
| Expert Discovery | July 30, 2026 | November 27, 2026 |
| Summary Judgment (Unless the Court Sets a Different Schedule) | September 14, 2026 | January 12, 2027 |

For the foregoing reasons, NWBio respectfully requests that the Court grant the above discovery deadline extensions.

Respectfully,

Stephen W. Tountas

*Counsel for Plaintiff*

cc: All counsel of record (via ECF)

Application granted. All case management deadlines are hereby extended 120 days.  SO ORDERED.

Date:   January 16, 2026

Gary Stein
United States Magistate Judge
Southern District of New York