# KASOWITZ LLP

1633 BROADWAY

NEW YORK, NEW YORK 10019

(212) 506-1700

FAX: (212) 506-1800

Stephen W. Tountas
Direct Dial: (212) 506-1739
Direct Fax: (212) 500-3550
STountas@kasowitz.com

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

May 1, 2026

**VIA ECF**

Hon. Gary Stein, U.S.M.J.
United States District Court, Southern District of New York

Re:   *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC et al.*, No. 1:22-cv-10185
      <u>Request for Conference and for Protective Order</u>

Dear Judge Stein:

We write on behalf of Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") to respectfully request that the Court enter a Protective Order against the subpoena issued by Defendant Citadel Securities LLC ("Citadel") to Joshua R. Mitts ("Mr. Mitts") on September 25, 2025 (the "Subpoena"). *See* Ex. 1 (Subpoena). Mr. Mitts is both NWBO's *non-testifying consulting expert* and its *attorney engaged in connection with this action*. *See* ECF No. 234 at 3.

NWBO timely objected to the Subpoena on the grounds that it "*directly targets material prepared in anticipation of litigation or for trial by NWBO or its representative, directly from NWBO's attorney and expert employed only for trial preparation.*"[1] Ex. 2 (Pltf's R&Os) at 3-6; *see also* Ex. 3 (Mitts' R&Os). Since that time, Citadel has repeatedly sought to harass NWBO and Mr. Mitts—and drive up litigation costs—by resurrecting and manufacturing complaints over its facially improper Subpoena. Plaintiff respectfully submits that a Protective Order is abundantly warranted here given Citadel's pervasive efforts to invade Plaintiff's attorney-client privilege with respect to Mr. Mitts.

The Subpoena seeks troves of privileged information from December 5, 2017 through September 25, 2025 which are squarely protected from disclosure under Fed. R. Civ. P. 26 and 45, including all of Mr. Mitts' documents and communications: (i) "*with or regarding NWBO*" or *its CEO* (Requests 2 and 3); (ii) regarding *alleged spoofing or market manipulation by Citadel* (Request 4); (iii) regarding *NWBO's Complaint* and "any methodologies, analyses, or data underlying it" (Request 5); and (iv) regarding "any methodologies, analyses, or theories developed, promoted, or offered" by Mr. Mitts regarding NWBO securities, or about spoofing or market manipulation (Requests 1, 6, and 7). *See* Ex. 1 (Subpoena).

---

[1] NWBO has standing to seek protection from the Subpoena in order to preserve its own interests, including its privilege. *See Est. of Ungar v. Palestinian Auth.*, 332 F. App'x 643, 645 (2d Cir. 2009) (holding party had standing to challenge subpoena directed at its counsel where party "was claiming a privilege regarding the material sought . . ."). Mr. Mitts has informed Citadel that he began working as both a non-testifying expert and an attorney for NWBO on June 7, 2022.

The parties have engaged in months of written correspondence and multiple meet-and-confers—throughout which Mr. Mitts answered questions regarding the timing and privileged nature of his communications and engagement, including his confirmation that he did not have non-privileged communications with anyone concerning Citadel's spoofing, except as it relates to one academic article containing two footnotes which merely identify the action and certain of its publicly available decisions. Nevertheless, Citadel has persisted in demanding these privileged communications, notwithstanding NWBO's assertion of protection under attorney-client, work product, and non-testifying expert privileges. *See* Fed. R. Civ. P. 26(b)(3)(A)-(B); 26(b)(4)(D); 45(d)(3)(A)(iii)-(iv). As a "non-testifying expert," Mr. Mitts is "generally immune from discovery" under Fed. R. Civ. P. 26(b)(4)(D). *Chiquita Intern. Ltd. v. M/V Bolero Reefer*, 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994); *Higher One, Inc. v. TouchNet Info. Sys., Inc.*, 298 F.R.D. 82, 87 (W.D.N.Y. 2014) (holding party cannot obtain discovery from non-testifying expert concerning "facts or opinions that he obtained or formed" after he was retained); *Moore U.S.A. Inc. v. Stand. Register Co.*, 206 F.R.D. 72, 75 (W.D.N.Y. 2001) ("[A] requesting party's burden of establishing 'exceptional circumstances' [under Rule 26(b)(4)] has been described as a heavy one." (citation modified)).

Mr. Mitts' immunity as a non-testifying expert is further bolstered by his dual status as an attorney for NWBO in connection with this litigation, which confers additional attorney-client and work product privileges over the very documents and communications Citadel seeks. *See* Fed. R. Civ. P. 45(d)(3)(A).

Courts must protect against subpoenas that "(iii) require[] disclosure of privileged or other protected matter . . . ; or (iv) subject[] a person to undue burden." *See Tucker v. Am. Int'l. Grp.*, 281 F.R.D. 85, 97 (D. Conn. 2012) (citing Fed. R. Civ. P. 45(d)(3)(A)) (denying motion to compel where nonparty subpoena would cause the "inappropriate disclosure" of privileged information unless "counsel [was] present to review each document" before producing it, generating costs that "would greatly expand were [the nonparty] to then have to compose a privilege log to protect such documents" (citation modified)).

This Court should "forbid[] the disclosure or discovery." *See Bamonte v. Charatan*, 2023 WL 4201416, at *2 (S.D.N.Y. June 27, 2023) (citing Fed. R. Civ. P. 26(c)(1)). Courts routinely grant orders providing protection from expensive, overbroad, burdensome, duplicative, annoying, or harassing discovery demands—especially those that, like Citadel's requests here, target privileged information. *See SEC v. Contrarian Press*, 2020 WL 7079484, at *2 (S.D.N.Y. Dec. 2, 2020) (granting protective order precluding deposition of plaintiff's attorneys and investigators where deposition topics "principally concern[ed] plaintiff's evidence and the facts at issue in th[e] case"); *Moore*, 206 F.R.D. at 76 (granting protective order from nonparty subpoena that effectively sought "a window into [plaintiff's] litigation strategy and into [plaintiff's] ultimate theories on the case," information which enjoys "the heightened protections given to an attorney's core work product"); *Bamonte*, 2023 WL 4201416, at *5 (granting protective order to limit discovery where "Plaintiffs do not propose any reasonable, specific limitations to the scope of their subpoena").

Citadel concedes in recent correspondence that the information it seeks is privileged, but claims NWBO waived protection over Mr. Mitts' "methodologies and analyses" writ large by "incorporating" them into the Complaint. Not so. In the words of Citadel's own counsel in the *Allianz* litigation, "assumptions, models, codes, reports, or other materials that plaintiffs' non-testifying consultants used to prepare their economic analyses in the complaint" constitutes "pure work product" that "would reveal how plaintiffs' non-testifying consultants interpreted the raw data to produce the charts and allegations in the complaint." *See Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, ECF No. 321 at 1 (S.D.N.Y. Nov. 4, 2019) (declining to find waiver (citation modified)); *see also In re Nat. Gas Commodities Litig.*, 232 F.R.D. 208, 211-12 (S.D.N.Y. 2005) (finding "third-party consultants' analysis and comparison of . . . trades" to be opinion work product).

Given that Mr. Mitts is "immune" from the Subpoena, and that the Subpoena directly targets privileged information—such as *all communications between Mr. Mitts and his client*—the production of a privilege log would impose unnecessary burden and expense on NWBO and Mr. Mitts.[2]  *See Tucker*, 281 F.R.D. at 97 (explaining that requiring nonparty's counsel to review mostly privileged documents and create a privilege log to protect them would create a "huge, unnecessary expense"); *Vincent v. Mortman*, 2006 WL 2349448, at *2 (D. Conn. Aug. 11, 2006) (denying motion to compel because discovery request was directed at non-testifying expert, and refusing to find waiver from failure to provide privilege log); *Netjumper Software, LLC v. Google, Inc.*, 2005 WL 3046271, at *1 (S.D.N.Y. Nov. 10, 2005) (same).

Should the Court hold that anything further is required to assess the privilege claim, NWBO respectfully submits that a categorical log of the communications between NWBO and Mr. Mitts prior to executing their August 29, 2022 formal engagement letter would be more than sufficient. For example, in *Williams v. Bridgeport Music, Inc.*, 300 F.R.D. 120, 124–25 (S.D.N.Y. 2014), the court recognized that a categorical log containing "four entries and [] information on the document, the date the document was created, a short description, and the type of privilege asserted" was both sufficient and "promote[d] efficient litigation," because the subpoena recipient was a consulting expert. *See also SEC v. Thrasher*, 1996 WL 125661 (S.D.N.Y. Mar. 20, 1996) (relieving party from compiling detailed privilege log of communications between counsel concerning the action).[3]

For the foregoing reasons, NWBO respectfully requests that the Court enter a Protective Order relieving Mr. Mitts from compliance with the Subpoena.  The Subpoena represents yet another of Citadel's attempts to burden NWBO and its representatives with costly distractions.

---

[2] Worse still, Citadel has refused to commit to cover the costs of compliance with the Subpoena or creating a privilege log. *See, e.g.*, *Jackson v. AFSCME Local 196*, 246 F.R.D. 410, 413 (D. Conn. 2007) (ordering plaintiff to pay expenses of non-party in complying with discovery request to gather electronic records); *Florida Software Sys., Inc. v. Columbia/HCA Healthcare Corp.*, 2002 WL 1020777 (W.D.N.Y. Feb. 25, 2002) (quoting Fed. R. Civ. P. 45(c)(2)(B)) ("An order compelling production pursuant to a subpoena duces tecum 'shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying.'").

[3] To the extent Citadel argues for any waiver of NWBO's objection to providing a log, the "argument is plainly baseless," as the parties have engaged in repeated conferences regarding the Subpoena to try resolve this dispute without Court intervention.  *Id.* at *2 n.1.

Respectfully submitted,

Stephen W. Tountas

cc: All counsel of record (via ECF)