# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NORTHWEST BIOTHERAPEUTICS, INC.,

        Plaintiff,

    v.

CANACCORD GENUITY LLC, CITADEL
SECURITIES LLC, G1 EXECUTION SERVICES
LLC, GTS SECURITIES LLC, INSTINET LLC,
LIME TRADING CORP., AND VIRTU AMERICAS
LLC,

        Defendants.

Case No. 1:22-cv-10185 (GHW) (GS)

## CITADEL SECURITIES LLC'S NOTICE OF SUBPOENA OF
## THIRD-PARTY JOSHUA R. MITTS

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendants Citadel Securities LLC ("Citadel Securities") intends to serve the attached

subpoena on Joshua R. Mitts on or after September 25, 2025. The subpoena requests that Joshua

R. Mitts produce all documents and things requested in Exhibit A to the attached subpoena. The

documents and things are to be produced by October 9, 2025, at Quinn Emanuel Urquhart &

Sullivan, LLP, 295 Fifth Avenue, New York, New York 10016 or at such date and location as is

mutually agreed to by the parties or ordered by the Court.

Dated: September 25, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Peter H. Fountain*
William A. Burck
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com

Christopher D. Kercher
Peter H. Fountain
Leigha Empson
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

**SIMPSON THACHER & BARTLETT LLP**

Jonathan K. Youngwood
Stephen P. Blake
Alison Sher
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-0000
Facsimile:  (212) 455-2502
jyoungwood@stblaw.com
sblake@stblaw.com
Alison.sher@stblaw.com

*Attorneys for Defendant Citadel Securities LLC*

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | | |
|---|---|---|
| NORTHWEST BIOTHERAPEUTICS, INC. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1-22-cv-10185 |
| CANACCORD GENUITY LLC ET AL. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                    Joshua R. Mitts

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: All materials requested in Exhibit A.

| Place: Quinn Emanuel Urquhart & Sullivan, LLP<br>295 Fifth Avenue<br>New York, New York 10016 | Date and Time:<br><br>10/09/2025 9:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/25/2025

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Peter H. Fountain<br>_____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Citadel Securities LLC _____ , who issues or requests this subpoena, are:

Peter H. Fountain, 295 Fifth Avenue, New York, NY 10016, peterfountain@quinnemanuel.com, 212-849-7000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1-22-cv-10185

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

# DOCUMENTS REQUESTED

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, as well as the Southern District of New York's Local Civil Rule 26.3, and any other applicable federal or local rules, Defendant Citadel Securities LLC submits these requests for the production of documents (the "Requests") to Joshua R. Mitts. Citadel Securities LLC requests that Joshua R. Mitts produce documents responsive to the Requests by delivering all such responsive documents on or before October 9, 2025, to the attention of Peter H. Fountain, Quinn Emanuel Urquhart & Sullivan, LLP, 295 Fifth Avenue, New York, New York 10016. The documents and electronic information requested are to be produced according to the definitions and instructions herein.

# DEFINITIONS

The words and phrases set forth below have the following meanings when used in the Requests:

1. "Action" means *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.*, Case No. 1:22-cv-10185 (GHW) (GS) (S.D.N.Y.).

2. "Canaccord" means Defendant Canaccord Genuity LLC and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

3. "Citadel Securities" means Defendant Citadel Securities LLC and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

4. "Communication" shall have the broadest possible meaning under Local Rule 26.3(c)(1) and includes any transmittal of Information (in the form of facts, ideas, inquiries, or otherwise) whether orally or by document, telephone, telecopier, mail, fax, email, voicemail,

1

cellular phone text message, instant message, personal delivery, or by any other means, be they analog, electronic, or otherwise.

5. "Complaint" means each of the three Complaints filed by Plaintiff in this Action, including the original Complaint, dated December 1, 2022, the First Amended Complaint, dated April 10, 2023, and the Second Amended Complaint, dated March 18, 2024.

6. "Concerning," "relating to," "regarding," "reflecting," and any variant thereof, means relating to, regarding, referring to, concerning, reflecting, involving, pertaining to, containing, describing, evidencing, discussing, analyzing, recording, embodying, or constituting the subject matter described in the category of Documents.

7. "Document" has the same meaning and is equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A) and Local Rule 26.3(c)(2), and includes any writings, drawings, graphs, charts, photographs, sound recordings, images, and any other data or data compilations stored in any medium from which Information can be obtained. A draft or non-identical copy is a separate Document within the meaning of this term. Without limiting the aforementioned definitions, the term "Document" includes both hard copy documents and electronically stored Information ("ESI"), including email, instant messaging, shared network files, databases, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs, thumb/flash drives, floppy disks, or any other type of portable storage devices) stored as either an "active" or backup file, in its native format.

8. "G1" means Defendant G1 Execution Services LLC and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

9. "GTS" means Defendant GTS Securities LLC and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

10. "Information" means facts, opinions, data, or any matter learned or known about any topic or Person.

11. "Instinet" means Defendant Instinet LLC and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

12. "Lime" means Defendant Lime Trading Corp. and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

13. "Linda Powers" means Linda Powers and any Person acting or purporting to act on her behalf.

14. "Person" shall have the broadest possible meaning under Local Rule 26.3(c)(6) and means a natural person, group of natural persons acting as individuals, group of persons acting in a collective capacity (e.g., as a committee, board of directors, etc.), corporation, partnership, limited partnership, joint venture, limited liability corporation, government or governmental agency, and/or any other incorporated or unincorporated business, government, or entity.

15. "Plaintiff" or "NWBO," means Plaintiff Northwest Biotherapeutics, Inc. and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

16. "Susquehanna" means Susquehanna International Group, LLP and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives,

and any other Persons acting or purporting to act on its behalf.

17. "Virtu" means Defendant Virtu Americas LLC and all of its current and former officers, directors, members, employees, counsel, agents, consultants, representatives, and any other Persons acting or purporting to act on its behalf.

18. "You" and "Your" mean Joshua R. Mitts and his employees, research assistants, agents, or any Person acting or purporting to act on his behalf.

## INSTRUCTIONS

1. "Including" shall be construed to include the phrase "but not limited to."

2. The terms "all," "any," and "each" shall be construed as encompassing any and all.

3. The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. The use of a verb in any tense shall be construed to be in the tense necessary to bring within the scope of a Request all Documents that might otherwise be construed as outside its scope.

5. The use of the singular form of any word includes the plural form of the same and vice versa.

6. In responding to these Requests, You must produce all responsive Documents (including those stored electronically) that are in Your possession, custody, or control, or in the possession, custody, or control of Your employees, research assistants, or agents.

7. When producing Documents in response to these Requests, You shall abide by the protocols to be set forth in the forthcoming ESI Protocol to be entered in the Action.

8. Citadel Securities reserves its right to request inspection of original Documents,

including those stored electronically, as they are kept in the usual course of business. If the original is not in Your custody, then You must produce a copy thereof, and all non-identical copies that differ from the original or from the other copies produced for any reason, including, without limitation, due to the making of notes thereon.

9.      You are to produce each Document requested herein in its entirety, without deletion or excision (except on privilege grounds), regardless of whether you consider the entire Document to be relevant or responsive to the Requests.

10.      If You withhold any Document responsive to the Requests on the basis of the attorney-client privilege, work-product protection, or other privilege or immunity, You shall describe in accordance with Rule 45(e)(2) of the Federal Rules of Civil Procedure the claim being asserted and a description of the Information withheld in a manner that will allow assessment of the applicability of the claimed privilege or immunity.

## RELEVANT PERIOD

Unless otherwise specifically indicated, the Requests refer to the period December 5, 2017 through the present (the "Relevant Period"), and include Documents and Information that relate to such period, even though prepared or published outside of the Relevant Period.

## DOCUMENT REQUESTS

### REQUEST NO. 1:

All Documents and Communications regarding any methodologies, analyses, or theories developed, promoted, or offered by You regarding spoofing or other types of market manipulation.

### REQUEST NO. 2:

All Communications with or regarding NWBO, and all Documents regarding those Communications.

5

**REQUEST NO. 3:**

All Communications with Linda Powers, and all Documents regarding those Communications.

**REQUEST NO. 4:**

All Documents and Communications regarding alleged spoofing or market manipulation by Citadel Securities, Canaccord, G1, GTS, Instinet, Lime, Virtu, or Susquehanna.

**REQUEST NO. 5:**

All Documents and Communications regarding the Complaint in this Action and any methodologies, analyses, or data underlying it.

**REQUEST NO. 6:**

All Documents and Communications regarding the sale or offering for sale of any methodologies, analyses, or theories regarding spoofing or other types of market manipulation.

**REQUEST NO. 7:**

All Documents and Communications regarding NWBO securities, including any methodologies, analyses, or theories developed, promoted, or offered by You regarding NWBO securities.

Dated: September 25, 2025

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Peter H. Fountain*
William A. Burck
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: 202-538-8000
Fax: 202-538-8100
williamburck@quinnemanuel.com

Christopher D. Kercher
Peter H. Fountain
Leigha Empson
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

**SIMPSON THACHER & BARTLETT LLP**

Jonathan K. Youngwood
Stephen P. Blake
Alison Sher
425 Lexington Avenue
New York, New York  10017
Telephone: (212) 455-0000
Facsimile:  (212) 455-2502
jyoungwood@stblaw.com
sblake@stblaw.com
Alison.sher@stblaw.com

*Attorneys for Defendant Citadel Securities
LLC*