# EXHIBIT 2

| | |
|---|---|
| NORTHWEST BIOTHERAPEUTICS, INC.<br><br>Plaintiff,<br><br>- against-<br><br>CANACCORD GENUITY LLC, CITADEL SECURITIES LLC, G1 EXECUTION SERVICES LLC, GTS SECURITIES LLC, INSTINET LLC, LIME TRADING CORP., and VIRTU AMERICAS LLC,<br><br>Defendants. | Case No: 1:22-cv-10185-GHW-GS |

## PLAINTIFF'S OBJECTIONS TO CITADEL SECURITIES LLC'S SUBPOENA OF THIRD-PARTY JOSHUA R. MITTS

In accordance with Rules 26, 34, and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the U.S. District Court for the Southern District of New York (the "Local Rules"), and all other applicable rules, Plaintiff Northwest Biotherapeutics, Inc. ("NWBO" or "Plaintiff"), by and through its undersigned counsel, hereby objects to Citadel Securities LLC's ("Citadel") Subpoena of Third-Party Joshua R. Mitts and the requests within (each a "Request" and collectively the "Requests") as follows.

## GENERAL OBJECTIONS

1.      Plaintiff objects to each Request to the extent that it seeks information or the production of documents that are within the scope of a confidentiality agreement, consulting agreement, employment agreement, protective order, settlement agreement, or that otherwise requires consent of any third party prior to the production, or that would violate any constitutional,

statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege of Plaintiff.

2. Plaintiff objects to each Request to the extent that the Request seeks confidential, proprietary trade secret information of Plaintiff.

3. Plaintiff objects to each Request to the extent that it seeks documents and information that are protected from discovery by the attorney-client privilege, the work product doctrine, or any other privileges, protections, or immunities that are the personal right, privilege, or interest of Plaintiff. By responding to these Requests, Plaintiff does not waive, and intends to preserve, all applicable privileges and immunities. Plaintiff does not authorize the recipient of this subpoena to waive any privileges, protections, or immunities that are the personal right, privilege, or interest of Plaintiff.

4. Any failure to assert a privilege, protection, or immunity as to one document or communication shall not be deemed to constitute a waiver of the privilege, protection, or immunity as to any other document or communication so protected. Inadvertent production shall not constitute a waiver of any privilege or protection.

5. Plaintiff preserves all rights to raise further objections or privileges, and to move for a protective order or to quash or modify the subpoena.

### OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST NO. 1:**

All Documents and Communications regarding any methodologies, analyses, or theories developed, promoted, or offered by You regarding spoofing or other types of market manipulation.

**RESPONSE TO REQUEST NO. 1:**

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

**REQUEST NO. 2:**

All Communications with or regarding NWBO, and all Documents regarding those Communications.

**RESPONSE TO REQUEST NO. 2:**

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

**REQUEST NO. 3:**

All Communications with Linda Powers, and all Documents regarding those Communications.

**RESPONSE TO REQUEST NO. 3:**

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

**REQUEST NO. 4:**

All Documents and Communications regarding alleged spoofing or market manipulation by Citadel Securities, Canaccord, G1, GTS, Instinet, Lime, Virtu, or Susquehanna.

**RESPONSE TO REQUEST NO. 4:**

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

**REQUEST NO. 5:**

All Documents and Communications regarding the Complaint in this Action and any methodologies, analyses, or data underlying it.

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

**REQUEST NO. 6:**

All Documents and Communications regarding the sale or offering for sale of any methodologies, analyses, or theories regarding spoofing or other types of market manipulation.

**RESPONSE TO REQUEST NO. 6:**

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

**REQUEST NO. 7:**

All Documents and Communications regarding NWBO securities, including any methodologies, analyses, or theories developed, promoted, or offered by You regarding NWBO securities.

**RESPONSE TO REQUEST NO. 7:**

Plaintiff incorporates by reference each of the above General Objections. Plaintiff further objects to this Request insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4). This Request directly targets material prepared in anticipation of litigation or for trial by Plaintiff or its representative, directly from Plaintiff's attorney and expert employed only for trial preparation.

Dated:   New York, New York
October 9, 2025                           KASOWITZ LLP

By: */s/ Stephen W. Tountas*
Stephen W. Tountas
Andrew L. Schwartz
Andrew C. Bernstein
1633 Broadway
New York, New York 10019
Tel: (212) 506-1700
stountas@kasowitz.com
aschwartz@kasowitz.com
abernstein@kasowitz.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2025, I caused the foregoing Plaintiff's Objections to Citadel Securities LLC's Subpoena of Third-Party Joshua R. Mitts to be electronically served on counsel for Defendants via email.

Dated: October 9, 2025

*/s/ Stephen W. Tountas*

Stephen W. Tountas