# EXHIBIT 3

NORTHWEST BIOTHERAPEUTICS, INC.

Plaintiff,

- against-

CANACCORD GENUITY LLC, CITADEL SECURITIES LLC, G1 EXECUTION SERVICES LLC, GTS SECURITIES LLC, INSTINET LLC, LIME TRADING CORP., and VIRTU AMERICAS LLC,

Defendants.

Case No: 1:22-cv-10185-GHW-GS

## OBJECTIONS OF JOSHUA R. MITTS TO CITADEL SECURITIES LLC'S SUBPOENA

In accordance with Rules 26, 34, and 45 of the Federal Rules of Civil Procedure (the "Federal Rules"), the Local Rules of the U.S. District Court for the Southern District of New York (the "Local Rules"), and all other applicable rules, Joshua R. Mitts, by and through his undersigned counsel, hereby objects to Citadel Securities LLC's ("Citadel") Subpoena and to the requests within (each a "Request" and collectively the "Requests") as follows.

## GENERAL OBJECTIONS

1. In deference to the assertion of attorney-client privilege and other applicable privileges and protections by Plaintiff Northwest Biotherapeutics, Mr. Mitts objects to each and every Request on the ground that each Request calls for disclosure of privileged and protected materials. Moreover, Mr. Mitts joins in Plaintiff Northwest Biotherapeutics' assertion of, and objections on the ground of, the attorney-client privilege, the work product doctrine, or any other privileges, protections, or immunities.

2.     Mr. Mitts objects to the Requests to the extent they seek to impose obligations that exceed, or are different from, those imposed by the Federal Rules, the Local Rules, the Individual Rules of Practice for the Hon. Gregory H. Woods, or other applicable law.

3.     Mr. Mitts objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, duplicative, or disproportionate to the needs of the case.

4.     Mr. Mitts objects to the Requests to the extent that they seek documents or information not in his possession, custody, or control.

5.     Mr. Mitts objects to the Requests to the extent they seek information or the production of documents that are within the scope of a confidentiality agreement, consulting agreement, employment agreement, protective order, settlement agreement, or that otherwise require consent of any third party prior to the production, or that would violate any constitutional, statutory, regulatory, common law, and/or other judicially recognized privacy interest, protection, or privilege of Mr. Mitts or Mr. Mitts's clients.

6.     Mr. Mitts objects to the Requests, pursuant to Federal Rule 45(d)(3)(A)(iii), to the extent they seek they seek disclosure of privileged or other protected matter.  Any failure to assert a privilege, protection, or immunity as to one document or communication shall not be deemed to constitute a waiver of the privilege, protection, or immunity as to any other document or communication so protected.

7.     Mr. Mitts objects to the Requests, pursuant to Federal Rule 45(d)(3)(B)(i), to the extent the Requests require Mr. Mitts to disclose a trade secret or other confidential research, development, or commercial information.

8.     Mr. Mitts objects to the Requests, pursuant to Federal Rule 45(d)(3)(B)(ii), to the extent the Requests require Mr. Mitts to disclose an opinion rendered as an unretained expert or

information that does not describe specific occurrences in this dispute and results from a study by Mr. Mitts that was not requested by a party to the dispute.

9. These general objections are incorporated in full into Mr. Mitts' objections in response to each specific Request set forth below. Any specific objections set forth in response to a specific Request do not constitute a waiver, in whole or in part, of any of the foregoing General Objections.

## OBJECTIONS TO DEFINITIONS, INSTRUCTIONS, AND RELEVANT PERIOD

1. Mr. Mitts objects to the definitions of "document," "communication," "person," "identify," and "concerning" as set forth in the Requests to the extent that they impose obligations that exceed, or are different from, those imposed by Rule 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the Local Rules.

2. Mr. Mitts objects to the definitions of "You" and "Your" to the extent that such definitions cause a Request to be overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of the case.

## OBJECTIONS TO REQUESTS

### REQUEST NO. 1:

All Documents and Communications regarding any methodologies, analyses, or theories developed, promoted, or offered by You regarding spoofing or other types of market manipulation.

### RESPONSE TO REQUEST NO. 1:

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics and/or a non-party holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this

Request on grounds that in requesting Mr. Mitts's "methodologies, analyses, or theories," it seeks documents or communications that contain trade secrets or other confidential opinions, research, development, or commercial information protected from discovery by Federal Rules 45(d)(3)(B)(i) & (ii) or by contract. Mr. Mitts further objects to this Request on the ground that it seeks attorney-client privileged information or attorney work product. Mr. Mitts further objects to this request as overly broad and unduly burdensome and seeking information that is not relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case.

**REQUEST NO. 2:**

All Communications with or regarding NWBO, and all Documents regarding those Communications.

**RESPONSE TO REQUEST NO. 2:**

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics and/or a non-party holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this request as overly broad and unduly burdensome and seeking information that is not relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case. Mr. Mitts further objects to this request as vague, ambiguous, and unintelligible regarding the phrase "Documents regarding those Communications."

**REQUEST NO. 3:**

All Communications with Linda Powers, and all Documents regarding those Communications.

**RESPONSE TO REQUEST NO. 3:**

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics and/or a non-party holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this request as overly broad and unduly burdensome and seeking information that is not relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case. Mr. Mitts further objects to this request as vague, ambiguous, and unintelligible regarding the phrase "Documents regarding those Communications."

**REQUEST NO. 4:**

All Documents and Communications regarding alleged spoofing or market manipulation by Citadel Securities, Canaccord, G1, GTS, Instinet, Lime, Virtu, or Susquehanna.

**RESPONSE TO REQUEST NO. 4:**

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this Request on grounds that it seeks documents or communications that contain trade secrets or other confidential opinions, research, development, or commercial information protected from discovery by Federal Rules 45(d)(3)(B)(i) & (ii) or by contract. Mr. Mitts further objects to this Request on the ground that it seeks attorney-client privileged information or attorney work product. Mr. Mitts further objects to this Request as overly broad and unduly burdensome and seeking information that is not relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case.

**REQUEST NO. 5:**

All Documents and Communications regarding the Complaint in this Action and any methodologies, analyses, or data underlying it.

**RESPONSE TO REQUEST NO. 5:**

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this Request on grounds that in requesting Mr. Mitts's "methodologies" and "analyses," it seeks documents or communications that contain trade secrets or other confidential opinions, research, development, or commercial information protected from discovery by Federal Rules 45(d)(3)(B)(i) & (ii) or by contract. Mr. Mitts further objects to this Request on the ground that it seeks attorney-client privileged information or attorney work product. Mr. Mitts further objects to this request as vague, ambiguous, and unintelligible regarding the phrase "underlying it." Mr. Mitts further objects to this Request as overly broad and unduly burdensome and seeking information that is not relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case.

**REQUEST NO. 6:**

All Documents and Communications regarding the sale or offering for sale of any methodologies, analyses, or theories regarding spoofing or other types of market manipulation.

**RESPONSE TO REQUEST NO. 6:**

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics and/or a non-party holds privilege or that are otherwise

protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this Request on grounds that it seeks documents or communications that contain trade secrets or other confidential opinions, research, development, or commercial information protected from discovery by Federal Rules 45(d)(3)(B)(i) & (ii) or by contract. Mr. Mitts further objects to this Request on the ground that it seeks attorney-client privileged information or attorney work product. Mr. Mitts further objects to this request as overly broad and unduly burdensome and seeking information that is not relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case.

**REQUEST NO. 7:**

All Documents and Communications regarding NWBO securities, including any methodologies, analyses, or theories developed, promoted, or offered by You regarding NWBO securities.

**RESPONSE TO REQUEST NO. 7:**

Mr. Mitts incorporates by reference each of the above General Objections. Mr. Mitts further objects to this Request on grounds that it seeks documents or communications over which Plaintiff Northwest Biotherapeutics and/or a non-party holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii). Mr. Mitts further objects to this Request on grounds that in requesting Mr. Mitts's "methodologies, analyses, or theories," it seeks documents or communications that contain trade secrets or other confidential opinions, research, development, or commercial information protected from discovery by Federal Rules 45(d)(3)(B)(i) & (ii) or by contract. Mr. Mitts further objects to this Request on the ground that it seeks attorney-client privileged information or attorney work product. Mr. Mr. Mitts further

objects to this request as overly broad and unduly burdensome and seeking information that is not

relevant to the subject matter of this action or, if relevant, not proportional to the needs of the case.

Dated: New York, New York  
October 9, 2025

SHAPIRO ARATO BACH LLP

By: */s/ Jonathan Bach*  
Jonathan Bach  
1140 Avenue of the Americas, 17th Floor  
New York, NY 10036  
Telephone: (212) 257-4897  
Facsimile: (212) 202-6417  
jbach@shapiroarato.com

*Attorney for Joshua R. Mitts*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2025, I caused the foregoing Objections to Citadel

Securities LLC's Subpoena of Third-Party Joshua R. Mitts to be electronically served on counsel

for Defendants via email.

Dated: October 9, 2025

*/s/ Jonathan Bach*
Jonathan Bach