quinn emanuel trial lawyers | new york     Simpson Thacher & Bartlett LLP

May 6, 2026

Hon. Gary Stein, United States Magistrate Judge
United States District Court, Southern District of New York

Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC*, No. 1:22-cv-10185
       <u>Response to Request for Conference and Protective Order</u>

Dear Judge Stein:

We write on behalf of Citadel Securities LLC in response to NWBO's request for a protective order against Citadel Securities' subpoena to Joshua Mitts ("Subpoena").  ECF 265.

NWBO alleges that Defendants committed securities fraud based on statistical and econometric analyses of trading data.  To test those analyses, which Citadel Securities believes are deeply flawed, it requested that NWBO produce them.  NWBO refused.  Citadel Securities therefore subpoenaed Joshua Mitts, the Columbia professor who performed the analyses relied on in NWBO's complaint.  Now, having obstructed and delayed party discovery, NWBO seeks to block the Subpoena as well on the basis that the responsive material is privileged—and to do so without serving a privilege log that would allow Citadel Securities to assess the validity of NWBO's privilege claims.

Citadel Securities does not insist on any particular path to production of the analyses incorporated into NWBO's publicly-filed complaint, which by their nature are not privileged.  If NWBO produces them through party discovery, the Subpoena may become largely moot.  But NWBO has failed to produce the non-privileged analyses, and now seeks to prevent Citadel Securities from obtaining them—or a privilege log—from their author.  To be clear, Citadel Securities is asking only that Mr. Mitts produce the non-privileged documents he concedes he possesses, and that NWBO identify what is being withheld on privilege grounds and why.  That is the minimum the Federal Rules require, and NWBO advances no colorable argument to the contrary.  The Court should deny NWBO's motion.

**<u>Background</u>**

**I.     NWBO's Claims Rest on Mr. Mitts' Analyses**

NWBO's Second Amended Complaint ("SAC") relies on statistical and econometric analyses as the factual basis for its claims.  *See, e.g.*, ECF 150 ¶ 311.  In sustaining certain of the SAC's claims, the Court noted that "a statistical analysis [] pled with the requisite specificity . . . must be accepted as true on a motion to dismiss," and credited NWBO's analyses accordingly.  ECF 174 at 36 (citation omitted).  As NWBO has acknowledged, Mr. Mitts supplied the analyses underlying the SAC.  *See* ECF 265 at 1, 3.  Mr. Mitts has also published an article discussing this case and the methodology underlying NWBO's claims.  *See* Joshua Mitts, *Beyond Issuers: The Future of Private Securities Litigation*, 50 J. Corp. L. 927, 938-39 & nn.65-70 (2025).

**II.     NWBO Stonewalls Party Discovery and Interjects to Block the Subpoena**

In September 2025, after NWBO refused to produce the analyses and methodologies underlying the SAC, Citadel Securities served the Subpoena, seeking those same materials from their author.  ECF 265-1.  In early October 2025, Mr. Mitts and NWBO objected to the Subpoena

based on boilerplate assertions of privilege.  *See, e.g.*, ECF 265-2 at 2.  Citadel Securities promptly requested a privilege log.  Ex. A at 2.

What followed was seven months of delay: Citadel Securities' repeated requests for a log, met with Mr. Mitts' and NWBO's refusals or silence; multiple meet-and-confer sessions in which NWBO declined to engage on the merits of whether a log was required; and a proposal by Mr. Mitts to produce drafts of two articles, conditioned on Citadel Securities' agreeing that production would satisfy the entire Subpoena.  Ex. C.  Throughout, Citadel Securities engaged in good faith, narrowing the Subpoena, providing legal authority supporting its requests, and offering to discuss cost shifting.  *Id.* at 11.

On April 25, 2026, NWBO announced for the first time that it intended to seek a protective order, declaring that it was not required to provide a privilege log in response to the Subpoena.  *Id.* at 1-2.  Citadel Securities requested authority supporting that argument and indicated it may reconsider its position if NWBO provided such authority.  *Id.*  NWBO declined, stating it was "not obligated to preview the specific authorities" it would rely on, and filed this motion instead.  *Id.*

## Argument

### I.    NWBO Is Required to Provide a Privilege Log

The law is unambiguous.  A person withholding subpoenaed materials on privilege grounds must "describe the nature of the withheld documents, communications, or tangible things in a manner that . . . will enable the parties to assess the claim."  Fed. R. Civ. P. 45(e)(2)(A)(ii); L.R. 26.2; *see also Pearlstein v. BlackBerry Ltd.*, 2019 WL 1259382, at *3 (S.D.N.Y. Mar. 19, 2019) ("Federal Rule of Civil Procedure 26(b)(5) and Local Civil Rule 26.2 require the party withholding a document to prepare a privilege log.").  NWBO has the burden to establish privilege and "is required to provide an adequate privilege log."  *Edebali v. Bankers Standard Ins. Co.*, 2017 WL 3037408, at *6 (E.D.N.Y. July 17, 2017).

NWBO has refused to serve a log for seven months, resulting in waiver.  "It is well-established that failure to timely provide a privilege log constitutes a waiver under federal civil rules of any asserted privileges, even in the context of third party subpoenas."  *Las Vegas Sun, Inc. v. Adelson*, 2021 WL 6621290, at *1 (D. Conn. Sept. 2, 2021); *In re DG Acquisition Corp.*, 151 F.3d 75, 81 (2d Cir. 1998) (privilege log must be provided in a "reasonable time") (citation omitted); *Huber v. Arck Credit Co., LLC*, 2016 WL 482955, at *5 (S.D.N.Y. Feb. 5, 2016) ("[M]erely telling an adversary that privileged communications are not being produced is insufficient to prevent waiver.").  Courts have found delays about half as long resulted in waiver. *E.g.*, *Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 48 (D. Conn. 2007) (four-month delay resulted in waiver).

NWBO invokes *S.E.C. v. Thrasher*, 1996 WL 125661, at *2 n.1 (S.D.N.Y. Mar. 20, 1996), which found no waiver where parties were "attempt[ing] to resolve discovery disputes among themselves before involving the court."  But *Thrasher*'s rationale—that good-faith conferral excuses delay—does not apply here, where NWBO declined to engage on the merits, refused to provide supporting authority, and filed this motion rather than confer further.  *See* Ex. C.

### II.    NWBO Has Not Established Good Cause for a Protective Order

A protective order requires a showing of a "'clearly defined and serious injury' that would result from disclosure."  *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014) (citation omitted).  NWBO has made no such showing.

***First***, NWBO has not shown that all responsive documents are privileged. Mr. Mitts himself concedes he possesses responsive, non-privileged materials. Ex. B at 2. NWBO cannot obtain a protective order excusing Mr. Mitts from producing documents that he acknowledges are non-privileged. Indeed, Mr. Mitts' joinder to NWBO's request concedes the parties are continuing to negotiate the scope of a potential production of non-privileged documents. ECF 268.

***Second***, NWBO waived any privilege over the analyses Mr. Mitts prepared that were incorporated into NWBO's publicly filed complaints. *See, e.g.*, *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, 2019 WL 13046984, at *2-3 (S.D.N.Y. Feb. 25, 2019); *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 314 F.R.D. 85, 90-91 (S.D.N.Y. 2016) (plaintiff waived protection over economic consultant's analysis by using it in complaint and to survive motion to dismiss); *Corker v. Costco Wholesale*, 2020 WL 5759788, at *1 (W.D. Wash. Sept. 28, 2020) (collecting cases).[1]

NWBO attempts to rely on Rule 26(b)(4)(D), but that rule "only precludes discovery of the expert's facts and opinions 'by interrogatories or deposition,' neither of which is currently at issue." *In re Commodity Exch.*, 2019 WL 13046984, at *2 n.3. And even if Rule 26(b)(4)(D) applied, its protections are waivable—and were waived here twice over: with respect to analyses included in the complaint, and due to the failure to provide a privilege log. *See In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, 2021 WL 2481835, at *4 (S.D.N.Y. June 17, 2021). NWBO is required to serve a log so Citadel Securities can evaluate whether any protections apply and seek a determination as to whether they were waived. *Cf. Moore U.S.A. Inc. v. Stand. Register Co.*, 206 F.R.D. 72, 73 (W.D.N.Y. 2001) (case cited by NWBO, where opposing party received a log, which allowed it to evaluate and challenge privilege assertions).[2]

***Third***, NWBO has not shown that compliance would be burdensome. NWBO attempts to manufacture burden by quoting requests Citadel Securities agreed months ago to withdraw. *Compare* ECF 265 at 1, 3 *with* Ex. C at 11. As narrowed, the Subpoena contains just three tailored requests. Ex. C at 11. And Mr. Mitts has identified only limited responsive non-privileged materials—hardly the voluminous production that courts require before finding undue burden.

As a fallback, NWBO for the first time proposes a categorical privilege log—a position it never raised in the seven months since the Subpoena was served. Citadel Securities is willing to accept a categorical log, provided each category contains sufficient information—including the date range, general subject matter, and privilege asserted—to allow Citadel Securities to evaluate the privilege claims for each document. NWBO cites no authority entitling a party to cost shifting for preparing a privilege log, and Citadel Securities is aware of none.

The Court should deny NWBO's request for a protective order.

---

[1] NWBO cites *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, but that case supports waiver. The *Allianz* court denied production because "[p]rinciples of fairness d[id] not require production" given that the complaint did not rise and fall on the consultants' analyses. 18-cv-10364, ECF No. 321 at 2 (S.D.N.Y. Nov. 4, 2019). The opposite is true here: the SAC rises and falls on Mr. Mitts' analyses, which were expressly incorporated into the complaint and credited by the Court at the motion to dismiss stage, ECF 174 at 35-36—and fairness thus requires that Defendants be permitted to test them. NWBO's other non-waiver citation is facially inapposite. *See In re Nat. Gas Commodities Litig.*, 232 F.R.D. 208, 211-12 (S.D.N.Y. 2005) (no waiver from disclosure under non-waiver agreement).

[2] NWBO's other Rule 26(b)(4)(D) cases are inapplicable, as both addressed a materially different version of the rule, and neither involved waiver through affirmative disclosure. *See Vincent v. Mortman*, 2006 WL 2349448 (D. Conn. Aug. 11, 2006); *Netjumper Software, L.L.C. v. Google, Inc.*, 2005 WL 3046271 (S.D.N.Y. Nov. 10, 2005).

Respectfully submitted,

/s/ William A. Burck
William A. Burck
Christopher D. Kercher
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
williamburck@quinnemanuel.com
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com

cc: All counsel of record

4