# EXHIBIT A

**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**peterfountain@quinnemanuel.com**

October 28, 2025

<u>**VIA E-MAIL**</u>

Jonathan Bach
Shapiro Arato Bach LLP
1140 Avenue of the Americas, 17th Floor
New York, NY 10036
jbach@shapiroarato.com

Stephen W. Tountas
Kasowitz LLP
1633 Broadway
New York, NY 10019
stountas@kasowitz.com

Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.*,
       <u>No. 1:22-cv-10185-GHW-GS (S.D.N.Y.) – Subpoena to Joshua R. Mitts</u>

Counsel:

We write on behalf of Citadel Securities LLC ("Citadel Securities") regarding Joshua R. Mitts' and Northwest Biotherapeutics' ("NWBO") Responses and Objections served on October 9, 2025 ("R&Os") in response to Citadel Securities' Subpoena to Mr. Mitts (the "Subpoena"). Mr. Mitts appears to be refusing to comply with the Subpoena, and both his and NWBO's R&Os make wholesale and improper objections regarding privilege, confidentiality, and contractual protections, as well as the relevance and scope of the requests in the Subpoena.

Citadel Securities' high-level responses to Mr. Mitts' and NWBO's R&Os are set forth below. Please let us know your availability to meet and confer on these issues—while we are of course willing to work with you to minimize any burden on Mr. Mitts, the apparent wholesale rejection of Citadel Securities' Subpoena is untenable.

***Privilege Objections:*** Both Mr. Mitts and NWBO make a general objection that "each Request calls for disclosure of privileged and protected materials." Mitts R&Os at 1; *see also* NWBO R&Os at 2 ("Plaintiff objects to each Request to the extent that it seeks documents and information that are protected from discovery by the attorney-client privilege, the work product

**quinn emanuel urquhart & sullivan, llp**

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

doctrine, or any other privileges, protections, or immunities that are the personal right, privilege, or interest of Plaintiff."). Mr. Mitts further objects to each individual Request as calling for documents over which "Plaintiff Northwest Biotherapeutics and/or a non-party holds privilege or that are otherwise protected from discovery by Federal Rule 45(d)(3)(A)(iii)." Mitts R&Os at 3-7. Similarly, NWBO objected to each request "insofar as it seeks information that is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or protection that is the personal right, privilege, or interest of Plaintiff, including those protecting trial preparation materials under Rule 26(b)(3) and 26(b)(4)." NWBO R&Os at 3-6.

As an initial matter, Citadel Securities is unable to evaluate Mr. Mitts' and NWBO's assertions of privilege, and Mr. Mitts has not provided any indication as to when he intends to produce the required privilege log. *See* FRCP 45(e)(2) ("A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must … describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim."). Absent such a log, it is impossible for Citadel Securities to assess whether Mr. Mitts may properly withhold materials as privileged or protected.

More fundamentally, despite Mr. Mitts' and NWBO's apparent assertions, it is obviously not the case that every document responsive to the Subpoena would be privileged or protected from discovery. For example, Request No. 6 requests documents regarding the sale or offering for sale of any methodologies regarding market manipulation. To the extent Mr. Mitts was selling or offering to sell a methodology, it is unlikely that documents regarding that sale would be privileged.

Accordingly, please confirm that Mr. Mitts will produce responsive, non-privileged documents and provide a privilege log for the documents over which he is asserting privilege.

***Confidentiality And Contractual Restrictions:*** Mr. Mitts' objection to producing documents on the ground that they "contain trade secrets or other confidential opinions, research, development, or commercial information" (Mitts R&Os at 3-7) does not justify a refusal to produce documents, which may be designated Confidential under the Protective Order governing this action (ECF No. 232). *See, e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 848171, at \*1 (S.D.N.Y. Apr. 21, 2004) ("[Non-party's] concern that production of the subpoenaed documents would compromise its trade secrets and other confidential information is obviated by the presence of the confidentiality agreement and protective order in this action."); *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at \*8 (S.D.N.Y. Oct. 24, 2014) (similar); *Dial Corp. v. News Corp.*, 2015 WL 3778533, at \*3 (S.D.N.Y. May 19, 2015) (collecting cases). To the extent you claim you are prohibited from producing any documents "by contract," please provide such contract(s) prohibiting you from producing responsive documents.

***Analysis Not Specific To NWBO:*** Mr. Mitts has also objected to any requests for documents that do not "describe specific occurrences in this dispute and results from a study by Mr. Mitts that was not requested by a party to the dispute." Mitts R&Os at 2-3. That is not the

relevant inquiry; the question is whether the information is relevant to the claims and defenses in this action, as "[s]ubpoenas issued under Rule 45 of the Federal Rules of Civil Procedure are subject to Rule 26(b)(1)'s overriding relevance requirement." *Bizelia v. Clinton Towers Mgmt.*, 2024 WL 4729769, at *2 (S.D.N.Y. Oct. 9, 2024). Even so, Mr. Mitts' objections make it impossible for Citadel Securities to assess his relevance objections, as he objects to each Request as either seeking information that is not relevant, or, if relevant, not proportional to the needs of the case.

Citadel Securities reserves all rights.

Sincerely,

*/s/ Peter Fountain*
Peter Fountain

3