# EXHIBIT B



Shapiro Arato Bach LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Cynthia S. Arato
carato@shapiroarato.com
Direct: 212-257-4882

February 18, 2026

<u>VIA EMAIL</u>

Peter Fountain
Ted Ovrom
Quinn Emanuel
295 Fifth Avenue
New York, NY 10016-7103

> Re:    *Northwest Biotherapeutics, Inc. v. Citadel Genuity LLC, et al.* – Subpoena to Joshua R. Mitts

Dear Peter and Ted:

We respond on behalf of Joshua Mitts to the questions posed in your February 3, 2026 email and the proposed narrowing of the subpoena served on him.

The first three questions are:

- Whether you will produce Mitts's engagement letter(s) with NWBO

- Whether and to what extent Mitts's analysis was used in any of NWBO's complaints in this action, and

- Whether you will serve a privilege log identifying responsive documents that are withheld.

These questions implicate the attorney-client privilege held by NWBO and the company's right to protect communications with and information provided by its non-testifying experts. NWBO is still asserting these privileges and protections. Please provide any authority you claim entitles you to such information or answers to these questions and we will review along with NWBO.

The fourth question is "[h]ow many articles Mitts has written about spoofing." This is a question raised for the first time in the February 3 email, not one, as the email asserts, we previously "agreed to take back." Moreover, for the reasons we previously shared when discussing the subpoena, this question does not seek information relevant to the litigation. Regardless, Mr. Mitts has published only two articles about spoofing. One is *Beyond Issuers: The Future of Private Securities Litigation*, 50 J. CORP. L. 927 (2025). The article's only reference to this case or its parties appears in two footnotes, the first of which cites the case without comment, and the second of which briefly recounts certain publicly reported opinions

Peter Fountain
Ted Ovrom
February 18, 2026

and filings in the case. The other is a "*A Legal Perspective on Technology and the Capital Markets: Social Media, Short Activism and the Algorithmic Revolution*," published in 2019.

The fifth question is "[w]hether Mitts corresponded with NWBO or its attorneys regarding his research/publications on spoofing." This is also a question raised for the first time in the February 3 email. Regardless, Mr. Mitts has not corresponded with NWBO or its attorneys regarding his academic research/publications on spoofing.

The sixth question asks "[w]hether Mitts communicated with anyone other than NWBO or its other attorneys regarding purported spoofing by Citadel Securities." Mr. Mitts has had no non-privileged communications regarding purported spoofing by Citadel Securities, except that he discussed, in broad terms, the article mentioned above and its contents at a symposium hosted by the article's publishing journal.

***

The proposed narrowing of the subpoena to requests 4, 5, and 7 does not address Mr. Mitts's stated objections or the applicable privileges because, except as noted below, those requests ask for documents about the development of the Complaint in, or privileged work product or communications related to, the case. There are two limited sets of responsive and non-privileged documents that contain information about Mr. Mitts's academic work produced in the scope of his employment at Columbia University, but they are not relevant nor discoverable considering he is not, and will not be, a testifying expert in this matter. *See* Fed. R. Civ. P. 45(d)(3)(B)(ii). Those are (1) documents related to Mr. Mitts's academic articles (for example, drafts of the article), and (2) datasets generated years before Mr. Mitts's work on this case in response to general queries about general subjects in which data regarding NWBO is included along with many other companies.

Sincerely,

Cynthia S. Arato