May 7, 2026

**VIA ECF**

Hon. Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York

Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.*, No. 1:22-cv-10185—
       Defendants' Opposition to Plaintiff's Request for Extension

Dear Judge Stein:

We write on behalf of Defendants in opposition to Plaintiff Northwest Biotherapeutics, Inc.'s ("NWBO") second request to extend all deadlines—this time by an additional 150 days. ECF 269. Having spent the previous four-month extension refusing to meet and confer, neglecting to complete its own custodial collections, and failing to produce documents it agreed to produce eight months ago, NWBO now asks to delay this case by another five months. The good-cause requirement in Federal Rule of Civil Procedure 16(b)(4) bars precisely this type of extension request—one by a movant that failed to act diligently. NWBO's motion should be denied.

**I.    Background**

This securities fraud action has been pending since 2022 and in discovery since spring 2025. ECF 1, 218. In September 2025, as a courtesy, Defendants agreed to NWBO's request to extend the then-existing substantial completion deadline by more than four months, to January 16. *See* ECF 253-1 at 15. Four days before the January 16 deadline, NWBO sought another extension, now to extend all deadlines by four months. ECF 252. Defendants opposed, and the Court granted the extension, resulting in a new substantial completion deadline of May 18, 2026. ECF 253-254.

Following this extension, Defendants did everything they could to avoid further discovery delays. ECF 270 at 1-4. NWBO did the opposite: it refused to meet and confer with Defendants for months, had not completed its own document collections as late as mid-March 2026 (despite representing that those collections were ongoing in October 2025), neglected to run search terms until the end of April, and then refused Defendants' requests to engage on search terms. ECF 270-1 at 3, 9, 19-22. NWBO nevertheless represented on April 28 that it would meet the May 18 substantial completion deadline. Only days later, NWBO reversed course, seeking to push back all deadlines an additional 150 days with no explanation beyond a vague reference to "the current state of discovery," ECF 270-3 at 2, and notwithstanding that fact discovery does not close until August 28, 2026, giving NWBO sufficient time to finalize any productions. On the same day it requested its extension, NWBO made a heavily padded production. *See* ECF 270 at 3-4 (more than 95% of NWBO's produced documents are publicly available).

Defendants, by contrast, completed or substantially completed their document productions well before the May 18 deadline. *Id.* at 3. Defendants also offered a three-week extension for NWBO to substantially complete its productions, which NWBO rejected. ECF 270-3 at 1.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | HAMBURG | HONG KONG | HOUSTON | LONDON |
LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO |
SEATTLE | SHANGHAI | SILICON VALLEY | SINGAPORE | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

## II.    NWBO Fails to Establish the Good Cause Required for Modification of the Schedule

A scheduling order "may be modified only for good cause."  Fed. R. Civ. P. 16(b)(4).  The "primary consideration" under that standard is "whether [p]laintiffs exercised diligence" and "[p]laintiffs must show that the deadlines could not have been reasonably met despite their diligence." *Recio v. D'Almonte Enters. Parking Garage, Inc.*, 2024 WL 1433710, at *6 (S.D.N.Y. Apr. 3, 2024) (Stein, J.).[1]  In its letter motion, NWBO attempts to recast its own discovery delays and obstruction as the product of Defendants' "gamesmanship" and "protracted" disputes.  ECF 269 at 1-2.  The record tells a very different story.

**Search Terms.**  NWBO's vague contention that "the parties have yet to agree on search terms for either NWBO or Defendants," ECF 269 at 1 n.2, rings hollow given NWBO's months of silence.  After NWBO refused to confer with Defendants for weeks following the Court's granting of NWBO's extension, on February 27, Defendants emailed NWBO proposed search terms for both Defendants and NWBO to run.  ECF 270-1 at 17.  NWBO never objected to Defendants' search terms and ignored Defendants' repeated requests to meet and confer.  ECF 270 at 6-7.  At the parties' April 28 meet and confer to discuss search terms, NWBO again raised no issues with Defendants' search terms.  Defendants completed their productions on that basis.

Only now does NWBO complain that the terms Defendants ran were "excessively narrow." That belated objection is incorrect.  NWBO has never explained—in its letter or anywhere else— what additional terms Defendants should have run or what responsive documents those terms would have captured.  And far from being "excessively narrow," it is unsurprising that hit counts are modest, as there is no reason broker-dealers such as Defendants would frequently discuss an individual OTC penny stock like NWBO.  NWBO also singles out Lime as identifying "only 43 total documents."  ECF 269 at 1.  But Lime voluntarily expanded its search beyond Defendants' February 27 proposal, running the terms "NWBO" OR "NorthwestBio*" OR "Northwest Bio*" OR "NW Bio*" without any limitations across the full period covered by Lime's responses and objections.  *See* Ex. A (Lime R&Os).  NWBO cannot establish good cause by raising unspecified objections for the first time only after Defendants have completed their productions.

**Trading Data.**  NWBO characterizes Defendants' production of trading data for the spoofing episodes that survived the motion to dismiss as "arbitrarily" limited "to a handful of specific days in the relevant period," claiming this "renders it impossible to analyze Defendants' spoofing."  ECF 269 at 2.  That argument is wrong.

As an initial matter, NWBO's claims are limited to the alleged spoofing episodes that survived the motion to dismiss.  *See* ECF 188 at 33; ECF 216 at 26:03-05 ("[T]he ruling on the motion to dismiss does have consequences for the scope of discovery."); 51:02-06.  Defendants' productions are tailored to the allegations.  NWBO's assertion that Defendants' productions do not enable it to "analyze Defendants' spoofing" is wrong twice over: the Second Amended Complaint ("SAC") defines each alleged spoofing episode by reference to a two-minute window, *e.g.*, SAC ¶ 276, and Defendants nonetheless produced trading data for the full day of every alleged spoofing episode that remains at issue—far more than NWBO's theory requires.

NWBO's sole engagement with Defendants' trading data productions was a deficiency letter sent in November 2025 asserting that Defendants should produce data for every day from

---

[1]  NWBO's reliance on *Harrington* is misplaced.  ECF 269 at 2 n.3.  Unlike NWBO, Harrington actively prosecuted its claims throughout discovery, with the parties filing more than twenty discovery motions.  Extensions there reflected diligent litigation—the opposite of GNWBO's approach here.

December 5, 2017 through the present.  Ex. B at 2 (Nov. 2 NWBO Ltr.).  Defendants explained why NWBO was wrong and offered to meet and confer; NWBO did not respond.  Ex. C (Nov. 19 Ltr.).  A plaintiff that sits on a purported deficiency for six months, only to resurrect it in connection with an extension request, has not demonstrated good cause.[2]

**Mitts Subpoena.**  NWBO's claim that it "spent months and expended endless resources negotiating" Citadel Securities' subpoena to Joshua Mitts is absurd.  ECF 269 at 1.  In the eight months since the subpoena was served, the parties have had a total of three meet-and-confers.  Meanwhile, Mr. Mitts has produced nothing.  NWBO does not explain how a subpoena served by the opposing party, with which the recipient refuses to comply, is a basis for its extension request.

**Alleged Baiting Orders Confirmation.**  The Court's February 13 order stated that Defendants should be able to replicate the methodology underlying NWBO's alleged Baiting Order calculations, but also directed NWBO to "provide such identifications to Defendants upon request" if "Defendants are unable to reconcile their own calculations with the allegations of the SAC"—particularly in light of the "transcription error[s]" NWBO acknowledged.  ECF 255 at 7-8; ECF 244 at viii.  On March 27, 2026, Citadel Securities asked NWBO to verify that it had correctly reproduced those calculations, with the understanding that NWBO must have already undertaken those calculations in preparing the complaint.  *See* Ex. D at 2 (Emails re alleged Baiting Order Chart).  NWBO "decline[d] to respond."  *Id.* at 1.

On April 17—well in advance of the current July 14, 2026 deadline for requests for admission—Citadel Securities served its first set of RFAs, including requests regarding Citadel Securities' attempt to replicate NWBO's alleged Baiting Order calculations.  NWBO characterizes these RFAs as an attempt to "circumvent" the Court's order.  ECF 269 at 2.  That is incorrect: the RFAs seek to establish a common factual record regarding which orders are actually at issue before the parties proceed to expert discovery—exactly the purpose Rule 36 is intended to serve.  In any event, NWBO does not claim to need an extension to respond to them, and they show only that Citadel Securities is defending this case, not that NWBO has exercised the required diligence.

**NWBO's Subpoena to FINRA.**  NWBO served its FINRA subpoena in June 2025 and received a partial production in January 2026.  *Id.*  Tellingly, NWBO offers no explanation for what it has been doing in the four months since then.  In any event, the assertion that an expected supplemental production from FINRA in the coming weeks requires a 150-day extension of every deadline is implausible on its face, particularly when the substantial completion deadline does not apply to third parties and fact discovery does not close until August 28, 2026.

*          *          *

Six financial firms have defended against allegations of securities fraud for over three years.  They have worked repeatedly to engage with NWBO, complied with their discovery obligations, and completed or substantially completed their productions well in advance of the May 18 deadline.  The record of NWBO's conduct over the past four months is one of systematic non-participation.  The prejudice from yet another multi-month delay—requiring ongoing legal fees and further deferred resolution as NWBO once again waits until the deadline to even facially participate in discovery—is substantial and unwarranted.  NWBO's request should be denied.

---

[2]    NWBO also makes a passing reference to supposed "inconsistencies" between Defendants' trading data productions.  ECF 269 at 2.  Defendants do not know what NWBO is referring to—NWBO never raised this issue before its two court filings this week, and neither filing provides any explanation whatsoever.  *Id.*; ECF 270 at 6.

Respectfully submitted,

| | |
|---|---|
| /s/ William A. Burck<br>William A. Burck<br>Christopher D. Kercher<br>Peter H. Fountain<br>Leigha Empson<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>295 Fifth Avenue<br>New York, New York 10016<br>Tel: 212-849-7000<br>Fax: 212-849-7100<br>christopherkercher@quinnemanuel.com<br>peterfountain@quinnemanuel.com<br>leighaempson@quinnemanuel.com<br><br>Jonathan K. Youngwood<br>Meredith Karp<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, New York 10017<br>Tel: (212) 455-2000<br>Fax: (212) 455-2502<br>jyoungwood@stblaw.com<br>meredith.karp@stblaw.com<br><br>*Counsel for Defendant Citadel Securities LLC* | */s/ Marjorie J. Peerce* (with permission)<br>Marjorie J. Peerce<br>Lauren W. Engelmyer<br>Rushmi Bhaskaran<br>Ballard Spahr LLP<br>1675 Broadway, 19th Floor<br>New York, NY 10019-5820<br>T:  (212) 223-0200<br>peercem@ballardspahr.com<br>engelmyerl@ballardspahr.com<br>bhaskaranr@ballardspahr.com<br><br>M. Norman Goldberger (admitted *pro hac vice*)<br>J. Chesley Burruss<br>Ballard Spahr LLP<br>1735 Market Street, 51st Fl.<br>Philadelphia, PA 19103<br>T:  215-665-8500<br>goldbergerm@ballardspahr.com<br>burrussc@ballardspahr.com<br><br>*Counsel for Defendant G1 Execution Services LLC* |
| */s/ Peter G. Wilson* (with permission)<br>Peter G. Wilson<br>Christian T. Kemnitz (admitted *pro hac vice*)<br>Benjamin C. Levine (admitted *pro hac vice*)<br>Katten Muchin Rosenman LLP<br>525 West Monroe Street<br>Chicago, Illinois 60661-3693<br>Telephone: (312) 902-5200<br>peter.wilson@katten.com<br>christian.kemnitz@katten.com<br>benjamin.levine@katten.com<br><br>*Counsel for Defendant GTS Securities LLC* | */s/ Richard A. Edlin* (with permission)<br>Richard A. Edlin<br>Daniel P. Filor<br>Nicholas T. Barnes<br>Greenberg Traurig, LLP<br>One Vanderbilt Avenue<br>New York, NY 10017<br>Telephone: (212) 801-9200<br>Facsimile: (212) 801-6400<br>edlinr@gtlaw.com<br>filord@gtlaw.com<br>barnesn@gtlaw.com<br><br>*Counsel for Defendant Instinet LLC* |

| | |
|---|---|
| */s/ Kevin P. Broughel* (with permission)<br>Kevin P. Broughel<br>Zoe Lo<br>Katten Muchin Rosenman LLP<br>50 Rockefeller Plaza<br>New York, NY 10020-1605<br>Phone: (212) 940-6343<br>Fax: (212) 940-8776<br>kevin.broughel@katten.com<br>zoe.lo@katten.com<br><br>*Counsel for Defendant Lime Trading Corp.* | */s/ Andrew G. Gordon* (with permission)<br>Andrew G. Gordon<br>Audra J. Soloway<br>Jessica S. Carey<br>Alison R. Benedon<br>Paul, Weiss, Rifkind, Wharton & Garrison LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>Phone: (212) 373-3000<br>Fax: (212) 757-3990<br>agordon@paulweiss.com<br>asoloway@paulweiss.com<br>jcarey@paulweiss.com<br>abenedon@paulweiss.com<br><br>*Counsel for Defendant Virtu Americas LLC* |

cc:      All counsel of record