UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
NORTHWEST BIOTHERAPEUTICS,
INC.,

                        Plaintiff,

            -against-

CANNACORD GENUITY LLC, *et al.*,

                   Defendants.
------------------------------------------------------------------------X

**22 Civ. 10185 (GHW) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") moves for a protective order excusing non-party Joshua R. Mitts from complying with a subpoena issued by Defendant Citadel Securities LLC ("Citadel"). (Dkt. No. 265). Having considered NWBO's letter-motion, the letter in support of the motion submitted on behalf of Professor Mitts (Dkt. No. 268), and Citadel's letter in opposition (Dkt. No. 273), the Court hereby **GRANTS** the motion for a protective order to the extent indicated below.

It is undisputed that Professor Mitts is a non-testifying consulting expert. "'[O]rdinarily, the facts known or opinions held by a consulting expert are not discoverable.'" *SEC v. Rio Tinto PLC*, No. 17 Civ. 7994 (AT) (DF), 2021 WL 2186433, at *4 (S.D.N.Y. May 28, 2021) (quoting *In re Methyl Tertiary Butyl Ether (MTBE) Prod. Liab. Litig.*, 293 F.R.D. 568, 575 (S.D.N.Y. 2013)) (cleaned up); *see* Fed. R. Civ. 26(b)(4)(D); *see also Chiquita Int'l Ltd. v. M/V Bolero Reefer*, No. 93 Civ. 167 (LAP), 1994 WL 177785, at *1 (S.D.N.Y. May 6, 1994) ("[A] non-testifying

expert is generally immune from discovery."). Citadel argues that, under Rule 26(b)(4)(D), this immunity extends only to "interrogatories or depositions." (Dkt. No. 273 at 3 (quoting Fed. R. Civ. P. 26(b)(4)(D)). There is some authority to support that argument. *See, e.g.*, *In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14 Misc. 2548 (VEC), 2019 WL 13046984, at *2 n.3 (S.D.N.Y. Feb. 25, 2019); *In re Zofran (Ondansetron) Prods. Liab. Litig.*, 392 F. Supp. 3d 179, 186 (D. Mass. 2019).

However, the weight of authority, including in this District, applies Rule 26(b)(4)(D) protections to a non-testifying expert's documents as well. *See, e.g.*, *McDay v. Eckert*, No. 20 Civ. 233 (JLS) (JJM), 2023 WL 12118554, at *4 (W.D.N.Y. Aug. 9, 2023) (denying motion to compel production of consulting expert's report); *Allianz Glob. Invs. GmbH v. Bank of Am. Corp.*, No. 18 Civ. 10364 (LGS), Dkt. No. 321 at 2 (S.D.N.Y. Nov. 4, 2019) (denying motion to compel production of documents from non-testifying consultants); *Higher One, Inc. v. TouchNet Info. Sys., Inc.*, 298 F.R.D. 82, 87 (W.D.N.Y. 2014) (quashing subpoena seeking documents from non-testifying expert); *NetJumper Software, L.L.C. v. Google Inc.*, No. M19-138, 04-70366CV, 2005 WL 3046271, at *4 (S.D.N.Y. Nov. 10, 2005) (denying motion to compel production of documents from non-testifying expert under Rule 26(b)(4)(D) predecessor); *Chiquita*, 1994 WL 177785, at *2 (holding that "Rule 26(b)(4)(B) [Rule 26(b)(4)(D)'s predecessor] applies to document discovery as well as to depositions"); *see also Plymovent Corp. v. Air Technology Solutions, Inc.*, 243 F.R.D. 139, 144 (D.N.J. 2007) ("Compelling disclosure of documents would have the same chilling

2

effect on free consultation between a retaining party and its expert as compelling a deposition or answers to interrogatories.  Thus, . . . holding that [Rule 26(b)(4)(D)] does not apply would allow an end run around the policies of the rule."); *ExxonMobil Oil Corp. v. S. California Edison Co.*, No. CV1210001GHKVBKX, 2014 WL 12629792, at *1 n.1 (C.D. Cal. Feb. 4, 2014) ("Although the Rule specifically mentions only interrogatories and deposition, case law supports the view that it applies with equal force to document requests.").

The Court is unpersuaded by Citadel's argument that NWBO waived Rule 26(b)(4)(D) protections because statistical analyses prepared by Professor Mitts were incorporated into the Second Amended Complaint ("SAC").  (*See* Dkt. No. 273 at 1, 3).  Contrary to Citadel's contention, the SAC did not "rise or fall" on the basis of those analyses.  (*See id.* at 3 n.1).  Indeed, the Court had sustained the sufficiency of NWBO's spoofing allegations as set forth in the First Amended Complaint, prior to the filing of the SAC.  (Dkt. No. 148; *see* Dkt. No. 174 at 48–49).  Further, since NWBO is not calling Mitts as an expert witness at trial, the Court understands that NWBO will not be able to rely on his statistical analyses at trial (or on summary judgment) unless it is able to replicate the analyses through a different expert or other means.  Fairness does not support a finding of waiver under such circumstances.  *See, e.g.*, *Allianz*, No. 18 Civ. 10364 (LGS), Dkt. No. 321 at 2 (rejecting waiver argument); *Dover v. British Airways, PLC (UK)*, No. 12 Civ. 5567 (RJD) (MDG), 2014 WL 5090021, at *2 (E.D.N.Y. Oct. 9, 2014) (same).

3

The Court also finds that a detailed privilege log is unwarranted to the extent the documents sought are protected by Rule 26(b)(4)(D). *See NetJumper Software,* 2005 WL 3046271, at \*3–4 (declining to compel privilege log and explaining that, "[a]s discovery from [the non-testifying expert] is not permitted under [Rule 26(b)(4)(D)'s predecessor], an analysis of the nature of each withheld [] document is unnecessary").

Although the Court thus finds that Rule 26(b)(4)(D) shields Mitts from providing documents concerning his work as a non-testifying consulting expert, it is not clear that this relieves him of any obligation to comply with the subpoena. Mitts, who is an attorney, also allegedly performed legal work for NWBO in connection with this case. (*See* Dkt. No. 265 at 2). He also has published articles on spoofing. (*See* Dkt. No. 273 Ex. B (counsel for Mitts representing that Mitts has published "two articles about spoofing")). His counsel has offered to produce drafts of those articles (Dkt. No. 273 at 2), and represents that she is continuing to meet and confer with Citadel's counsel regarding the scope of the subpoena. (Dkt. No. 268). There may thus be documents in Mitts' possession that are not protected by either Rule 26(b)(4)(D) or by the attorney-client privilege and/or work product doctrine, and the Court does not mean to deprive Citadel of any right it may have to those documents.

In order to facilitate further discussions about what documents may be subject to production, the Court finds that a privilege log would be useful to allow Citadel to understand the scope of NWBO's privilege assertions. A traditional

document-by-document log would be unduly burdensome.  This is particularly true given that, even as narrowed in subsequent correspondence, the categories of documents sought by Citadel are quite broad.  (*See* Dkt. No. 273-3 at 12).  Citadel, however, states that it would be willing to accept a categorical privilege log, and the Court agrees that a categorical log, with information as to date range, general subject matter, and the privilege(s) asserted, would be appropriate.  *See, e.g.*, *Orbit One Comm'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) (allowing use of categorical privilege log "[t]o lessen the burden posed by reviewing and recording a large quantity of protected communications").  A categorical privilege log shall be provided within two weeks of the date of this Order.

Moreover, the Court notes Citadel's assertion that NWBO has failed to provide adequate *party* discovery with respect to the analyses at issue.  (*See* Dkt. No. 273 at 1 ("If NWBO produces them through party discovery, the Subpoena may become largely moot.  But NWBO has failed to produce the non-privileged analyses[.]")).  Citadel does not specify NWBO's alleged deficiencies, explain what has and has not been produced, or seek any relief against NWBO; nor has NWBO had an opportunity to respond to Citadel's assertion.  As a result, the Court cannot say at this juncture whether NWBO itself should be producing anything else.  That said, the Court assumes that Citadel is entitled to adequate discovery that will enable it to understand the analyses in question, such as the charts at Paragraphs

311 and 313 of the SAC,[1] including the data on which they are based.  (*See* Dkt. No. 150 at ¶¶ 311, 313).  The Court directs the parties to further meet and confer regarding NWBO's own production of information relating to Professor Mitts analyses and, if there remains any dispute, to raise it promptly with the Court.

   **SO ORDERED.**

DATED:    New York, New York
          May 19, 2026

                                        _____
                                        The Honorable Gary Stein
                                        United States Magistrate Judge

---

[1] It is unclear from the parties' submissions precisely what analyses Professor Mitts was involved in. Citadel cites the chart appearing at Paragraph 311 of the SAC as an example.  (Dkt. No. 273 at 1).