# KASOWITZ LLP

May 4, 2026

**MEMO ENDORSED**

Hon. Gary Stein, U.S.M.J.
United States District Court, Southern District of New York

      Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC et al.*, No. 1:22-cv-10185

Dear Judge Stein:

We represent Plaintiff Northwest Biotherapeutics, Inc. ("NWBO"). Due to ongoing and unforeseen delays, NWBO respectfully requests, pursuant to Rule I(G) of Your Honor's Individual Rules, an extension of the outstanding case management deadlines by approximately 150 days. This is the second request for the extension of discovery deadlines in this action.[1]

Over recent months, the parties have engaged in copious and, at times, needlessly protracted discovery disputes manufactured by Defendants' gamesmanship, which has constrained NWBO's efforts to move discovery forward. The latest such dispute pertains to the parties' search terms. On April 17, Defendants sent hit counts for their proposed ESI searches, which use excessively narrow terms. For example, Defendant Lime Trading Corp. proposed a search protocol consisting of four terms identifying only 43 total documents, including families. Indeed, of the search terms proposed by Defendants, none captured more than 6,000 hits. By contrast, NWBO's proposed searches resulted in 65,657 total documents. Yet, despite this already stark disparity, Defendants have continued to insist that NWBO should comply with Defendants' even broader proposal for NWBO's searches, which generates 170,000 hits. For example, one proposed string hit on 119,092 documents and would include irrelevant discussions of office supplies. And while NWBO has already agreed to certain revisions to its terms in the interest of moving discovery forward, Defendants refuse to do so and insist that they have "substantially completed" their document productions.[2]

Citadel Securities LLC ("Citadel"), in particular, has relentlessly advanced frivolous discovery requests as a litigation tactic. For example, NWBO has spent months and expended endless resources negotiating Citadel's wholly improper subpoena on its non-testifying expert and attorney, ultimately requiring NWBO to move for a protective order. *See* ECF 265. Moreover, after the Court denied Defendants' second motion to compel additional baiting order calculations, ECF 255, Citadel took immediate steps to circumvent that order. Despite the Court's ruling, Citadel sent a 228-page document seeking "verification" of every baiting order calculation,

---

[1] Defendants declined to join Plaintiff's request. Instead, Defendants offered a three-week extension "for NWBO to substantially complete its document productions." But Defendants refuse to acknowledge that there are ongoing disputes about their own inadequate productions and search terms. Three weeks would not suffice to both resolve outstanding disputes regarding search terms and allow all parties to substantially complete their productions.

[2] Defendants served a coordinated flurry of small productions between Friday evening and Sunday afternoon, consisting of approximately 531 documents across six defendants, as a pretext for their position that they had "substantially completed" discovery. In reality, the parties have yet to agree on search terms for either NWBO or Defendants.

KASOWITZ LLP

May 4, 2026
Page 2

requiring the same analyses the Court declined to order NWBO provide. *See* ECF 255 at 7-8 (holding defendants are "not to shift the entire responsibility for conducting the required analyses to Plaintiff," while allowing Defendants the limited ability to ask "how the particular calculation(s) were derived," if they could not reconcile their calculations "with respect to a *particular Spoofing Episode*" (emphasis added)). When NWBO declined to entertain Citadel's gamesmanship, Citadel refashioned their request as a series of improper Requests for Admission.

Nevertheless, NWBO has diligently continued to advance discovery. NWBO has produced 3,466 documents to date. Defendants' productions, by contrast, have been marginal. No Defendant has produced more than 350 documents. Moreover, Defendants have arbitrarily and unilaterally limited their data productions to a handful of specific days in the relevant period, and sometimes even only the minutes surrounding events alleged in the complaint. This improper limitation renders it impossible to analyze Defendants' spoofing, as that analysis is inherently holistic and requires examining trading patterns beyond the narrow two-minute window around alleged purchases. In its second Report and Recommendation ("R&R"), the Court agreed and reiterated that it "upheld the sufficiency of NWBO's pleading [as to manipulative act, scienter and reliance] as to the *entire scheme.*" ECF 174 at 50; ECF 188 (adopting R&R). Notably, Defendants previously admitted the relevancy of changes in their trading patterns over time. *See* ECF 225 at 29:4-5 (June 27, 2025 H'rg Tr.) ("You are getting the trading data. That will tell you, you know, are there patterns of spoofing that you can point to."). Additionally, Defendants' limited trading data productions do not align with other Defendants'—even where two Defendants were counterparties to a trade— serving as just one indication that Defendants' trading data productions are, at best, incomplete.

Even without the protracted nature of these disputes, external factors beyond the parties' control justify an extension of the existing deadlines. Nonparty productions remain outstanding. For example, in June 2025, NWBO served a subpoena to Financial Industry Regulatory Authority, Inc. ("FINRA"). After lengthy negotiations, FINRA made a partial production in January, with a subsequent production of archived data expected in the coming weeks. This discovery is likely to be both relevant and highly probative and remains unavailable. NWBO has diligently followed up on its document requests at appropriate intervals.

Though NWBO has endeavored to push the case forward, the contentious and protracted nature of these discovery disputes and the substantial scope of discovery warrant a 150-day extension so that NWBO may prosecute its claims with the benefit of a complete record. *See* ECF 216 at 12:24-13:4 (June 5, 2025 Conf. Tr.) (noting this case is "complex" and discovery expected to be "voluminous").[3] Moreover, this extension would allow all parties sufficient time to resolve outstanding disputes and prepare for further discovery. The proposed revised deadlines are detailed in the following table:

---

[3] As previously noted, *Harrington*, which has served as a model for both parties, required numerous discovery extensions. *See Harrington Glob. Opportunity Fund, Ltd. v. CIBC World Mkts. Corp.*, No. 21-cv-761-LGS-VF (S.D.N.Y. 2021).

KASOWITZ LLP

May 4, 2026
Page 3

| Event | Current Deadline | Proposed Deadline |
|---|---|---|
| Substantial Completion of Document Production | May 18, 2026 | October 15, 2026 |
| Meet and Confer on a Schedule for Expert Disclosures | June 29, 2026 | November 30, 2026[4] |
| Submit Competing Schedules for Expert Disclosures (If No Agreement Reached) | July 8, 2026, by party agreement | December 7, 2026 |
| Requests to Admit | July 14, 2026 | December 11, 2026 |
| Interrogatories | July 14, 2026 | December 11, 2026 |
| Depositions | August 28, 2026 | January 25, 2027 |
| Fact Discovery | August 28, 2026 | January 25, 2027 |
| Expert Discovery | November 27, 2026 | April 26, 2027 |
| Summary Judgment (Unless the Court Sets a Different Schedule) | January 12, 2027 | June 11, 2027 |

For the foregoing reasons, NWBO respectfully requests that the Court grant the above discovery deadline extensions.

Respectfully,

Stephen W. Tountas

*Counsel for Plaintiff*

cc: All counsel of record (via ECF)

---

[4] This proposed date was moved to the following Monday to accommodate the Thanksgiving holiday.

Having reviewed this letter, Defendants' response (Dkt. No. 274), and the parties' May 4, 2026 status report (Dkt. No. 270), the Court is not satisfied with the progress of discovery in this case. The original Scheduling Order, entered following the Initial Case Management Conference held on June 5, 2025, set a deadline for substantial completion of document production of August 29, 2025. (Dkt. No. 218 at 3). This date was mutually agreed to, and indeed proposed by, the parties. (Dkt. No. 205 at 7). Yet eleven months after the ICMC, and with the extended deadline for substantial completion of document discovery just two weeks away (Dkt. No. 254), Plaintiff writes that "the parties have yet to agree on search terms for either NWBO or Defendants." (Dkt. No. 269 at 1 n.2; emphasis added). The Court does not understand how that could possibly be the case if the parties were working diligently, cooperatively, and in good faith to complete discovery in the allotted time. Nor does the Court understand how, after eleven months of discovery, so few documents have been produced in a case of this nature.

To the extent there is any bona fide issue relating to search terms (the Court recognizes that Defendants say they understood that the search terms, at least for their own production, were already agreed to and that they produced documents based on that understanding, see Dkt. No. 274 at 2)), it must be resolved immediately. Similarly, any dispute as to Defendants' production of trading data, described in the parties' exchange of letters in November 2025 (see Dkt. No. 274 Exs. B and C), must be resolved immediately. The parties shall meet and confer and, by no later than next Friday, May 29, 2026, file a joint status letter that either (a) reports that these issues have been resolved (for both NWBO's and Defendants' productions) and provides a revised deadline for substantial completion of document production no later than July 31, 2026; or (b) states that the Court's intervention is needed and provides each party's position in no more than 3 pages for each side. To facilitate discussions regarding search terms, Plaintiff shall provide Defendants with string-by-string hit counts (and not just an aggregate hit count), or forfeit any ability to argue that Defendants' proposed search terms are unduly burdensome.

Pending receipt of the parties' May 29 letter, the Court holds in abeyance NWBO's request for an extension of discovery deadlines.

SO ORDERED.

Dated: May 20, 2026
New York, New York

SO ORDERED:

_____
HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE