# EXHIBIT A

| | |
|---|---|
| **From:** | Miriam Bial |
| **Sent:** | Thursday, May 28, 2026 5:02 PM |
| **To:** | Christopher Goetz; Andrew C. Bernstein; Daniel M. Furey; Stephen W. Tountas; Andrew L. Schwartz |
| **Cc:** | Peter Fountain; William Burck; Leigha Empson; Mary Trainor; Ted Ovrom; Avi Perry; Madeleine Zabriskie; Christopher Kercher; jyoungwood@stblaw.com; Stephen P. Blake; Alison Sher; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger; Lauren Engelmyer; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz; Daniel Negless; Jacob Lundqvist; Meredith Karp; Benedon, Alison R.; Bhaskaran, Rushmi; Hayne, Kevin; Fan, Shuhao; Burruss, Chesley |
| **Subject:** | RE: NWBO - Meet and Confer |
| **Attachments:** | 2026.05.28 Citadel Securities Hit Counts.docx |

Counsel,

We write to memorialize yesterday's meet and confer. We look forward to the explanations that NWBO committed to providing in writing, and ask that you provide them by 8 pm given the parties' agreement to exchange opening positions for the May 29 submission by 10 ET tonight.

**NWBO's Production of Documents**
- NWBO confirmed that it agreed to Defendants' 5/21 revised search terms, with the modification that "G1*" in Defendants' proposal be replaced with (G1X* OR "G1 Ex*"). Defendants accept this proposal, and the search terms are agreed.

- Defendants asked the status of NWBO's production of the nine categories of documents identified in Defendants' 5/20 email. NWBO stated that it will make a first rolling production of documents on Thursday, 5/28, consisting of documents hit upon by the agreed-upon search terms and other responsive documents NWBO has independently identified. NWBO stated that it will make subsequent productions of the remaining responsive documents on a rolling basis and complete those productions by 7/31—approximately four weeks before the close of fact discovery on August 28, 2026. NWBO declined to identify when it began reviewing documents hit upon by Defendants' proposed search terms and declined to explain why production will take two months.

**Analyses Underlying the Complaint**
- In light of the Court's 5/19 Order (ECF 281) that "Citadel is entitled to adequate discovery that will enable it to understand the analyses in question" in the Second Amended Complaint (SAC), and NWBO's assertion of privilege in its 5/22 email, Defendants asked NWBO when it will produce a privilege log.

- Defendants asked for clarity on which analyses underlying the SAC, which Citadel Securities has requested numerous times, NWBO believes to be privileged.

1

- NWBO responded that it will produce a log by 6/9 covering Professor Mitts's analyses. NWBO declined to identify in advance of providing that privilege log which analyses in the SAC were prepared by Professor Mitts on the basis that even that information was protected work product.  NWBO accordingly declined to identify which analyses will and will not be reflected on the 6/9 log.

- NWBO appeared to assert that all analyses underlying the SAC were privileged and stated that it will provide a privilege log for analyses not prepared by Professor Mitts by 7/31. NWBO declined to explain why preparation of that log will take more than two months.

**NWBO's Proposed Search Terms and Custodians**
- *Timing*. Defendants asked why NWBO did not propose search terms for Defendants' review at any point before 5/21, given that Defendants proposed search terms for both sides on 2/27—nearly three months earlier. While NWBO did not dispute that it had never proposed any search terms or modification of search terms for Defendants, it asserted that it had claimed Defendants' proposed terms were inadequate on the 3/19 and 4/28 meet and confers. Defendants disagreed. The contemporaneous correspondence memorializing those meet and confers does not reflect any such statement. *See* 3/24/26 email from P. Fountain; 4/28/26 email from C. Goetz.

- *Date Range*. Defendants asked why the date range for NWBO's proposed search terms extends through the present—years beyond the Relevant Period alleged in the Second Amended Complaint (December 5, 2017 to August 1, 2022). NWBO stated that post-Relevant Period documents may be relevant to NWBO's claim for injunctive relief and to scienter and manipulative conduct. Defendants noted that the Second Amended Complaint contains no allegations of conduct after August 2022, and asked how documents from 2025 could bear on a defendant's state of mind in 2018. NWBO committed to provide a written explanation.

- *Custodians*. Defendants inquired why NWBO proposed the additional custodians that it did. NWBO provided the following explanations:

  o Brandon Rolfes (Citadel Securities) – NWBO stated that Mr. Rolfes was proposed based on initial disclosures and his purported role in trading NWBO.
  o Scott Kloin (Citadel Securities) – NWBO stated that Mr. Kloin was proposed based on initial disclosures and his purported role in supervisory compliance, but NWBO did not identify any specific issues with Citadel Securities' completed production of compliance documents that would necessitate the inclusion of Scott Kloin.
  o Jennifer Gatherer (Lime) – NWBO stated that Ms. Gatherer was proposed based on initial disclosures. Counsel for Lime clarified that Ms. Gatherer would not have any responsive documents as her tenure at Lime predated Lime's trades in NWBO.
  o Nicole Corrao (Virtu) – NWBO stated that Ms. Corrao was proposed based on her inclusion in previously-produced Bloomberg messages. Counsel for Virtu stated that Ms. Corrao did not trade in NWBO and thus there was no basis to infer that she would possess relevant, nonduplicative documents. NWBO stated that it would provide further explanation in writing.
  o David Bellantonio (Instinet) – NWBO stated that Mr. Bellantonio was proposed because he was included in correspondence related to NWBO produced by GTS.
  o Steven Krieg (GTS) – NWBO stated that Mr. Krieg was proposed because he was included in other correspondence produced by GTS. Counsel for GTS requested further information,

explaining that the nine custodians from which it collected documents represented all of GTS's traders of record for NWBO. NWBO stated that it would provide further explanation in writing.

- o Tom Snell (G1X) – NWBO stated that Mr. Snell was identified based on an interrogatory response. Counsel for G1X stated that its previous collection should have captured any relevant documents from Mr. Snell.

- *NWBO's Proposed String 1*. Defendants explained that the length of String 1 and its nested proximity connectors were causing technical errors, and that some Defendants were attempting to break the string into components to run it and assess hit counts. Defendants asked the basis for terms such as "naked*" that target forms of manipulation not alleged in the Second Amended Complaint. NWBO responded that such documents are relevant because the Second Amended Complaint refers broadly to manipulative trading. Defendants disagreed and stated that the Second Amended Complaint does not allege naked short selling or related conduct.

- *NWBO's Proposed Strings 2 and 3*. Defendants asked why Strings 2 and 3 contain no NWBO limiter. NWBO stated that it seeks documents and communications discussing Defendants' compliance policies and trading systems whether or not those materials reference NWBO. Defendants stated that such documents are beyond the scope of proportional discovery in this case. Citadel Securities reiterated that it does not use algorithms to trade NWBO. NWBO stated that it believes it is entitled to discovery into any non-human systems used to execute trades, but was unable to provide a definition of "algorithm."

- *Defendants' Position on NWBO's Proposed Search Terms*. Defendants stated that, prior to 5/18, they completed production consistent with their R&Os and based on a reasonable search using the search terms exchanged with NWBO in February 2026. Defendants nonetheless agreed to consider the additional custodians NWBO proposed on 5/21, and some Defendants attempted to run NWBO's proposed search terms to assess hit counts.
  - o For example, G1X was unable to run NWBO's proposed search terms on its system. After expending significant time and effort, Citadel Securities was able to run the strings across all requested custodians, with modifications necessary to accommodate the limitations of the firm's systems, with hit counts as reflected in the attached. String 1 returns 148,802 documents. String 2 returns 83,647 documents. String 3 returns 364,853 documents. Citadel Securities also ran searches 2 and 3 with NWBO limiters, and the hit counts are 66,792, and 97,462, respectively.
  - o While Citadel Securities is willing to compromise with NWBO for purposes of moving this case forward, and will add Brandon Rolfes, but not Scott Kloin, as a custodian provided that NWBO does not seek to add any further custodians, it is overly burdensome and disproportionate to the needs of the case to review such a significant number of hits, particularly given that it already completed its production based on search terms it understood were agreed by the parties.
  - o Citadel Securities will run the February 2026 terms over Mr. Rolfes's e-comms and produce the responsive documents. G1X will do the same with respect to Mr. Snell's custodial file. Other Defendants either already provided the basis for rejecting NWBO's requested additional custodians or are awaiting the written follow-up NWBO stated it would provide.

**Joint Submission**

- The parties agreed to the following schedule for the 5/29 submission: (a) initial exchange of positions by 10 pm ET on Thursday, 5/28; (b) exchange of any further revisions by 5 pm ET on Friday, 5/29, with no additional changes permitted thereafter; and (c) Defendants will coordinate filing.

Regards,

**Miriam Bial**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7054 Direct
212-849-7000 Main Office Number
212-849-7100 FAX
miriambial@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

---

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Wednesday, May 27, 2026 3:37 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from cgoetz@kasowitz.com]**

---

Counsel,

4

As a brief follow up, with respect to Ms. Bial's May 21st e-mail proposing to forego the proposed strings 8 and 13, subject to NWBO's agreement to run the remaining search terms proposed by Defendants, NWBO appreciates Defendants' willingness to find common ground on this issue and accepts this offer.

We note that we've identified the technical issue below regarding the "G1*" wild card string where it is currently capturing a significant number of false hits based on unrelated URLs containing G and 1 in sequence, and unrelated medical terminology, neither of which are intended to be captured by Defendants' proposed string.  Given this specific technical issue identified during the course of review, we ask that Defendants accept the modification to the two terms (G1X* OR "G1 Ex*"), which will still capture all references to G1X as an entity.  Please let us know if you will accept this modification.

Best,
Chris

**From:** Christopher Goetz
**Sent:** Wednesday, May 27, 2026 2:42 PM
**To:** 'Ted Ovrom' <tedovrom@quinnemanuel.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Subject:** RE: NWBO - Meet and Confer

Counsel,

As requested, please find the following in advance of this afternoon's meet and confer:

Updated Hit Counts

Please find attached the updated hit counts in line with Defendants' latest proposal.  We have proposed one modification to account for a technical point:  we've noticed the term "G1*" is capturing a significant amount of non-responsive material, owing largely to hyperlinks and similar technical strings containing the symbols G and 1 next to each other.  There are also references to "G1" in a medical context unrelated to securities or the subject matter of this action generally.  Neither relate to G1X in any way.  Accordingly, we have proposed "G1X* OR "G1 Ex*", which would capture all references to G1X/G1 Exchanges without capturing the significant volumes of non-responsive materials.

NWBO reiterates its request that Defendants provide their own hit counts in advance of the meet and confer.

Flagged Document Issues

Please find below the following examples of the discovery issues we raised in our previous e-mail.  Please note that some appear specific to individual Defendants based on productions to date:  it is not NWBO's contention that every issue applies to every Defendant.  As before, NWBO reiterates that it is willing to meet and confer with Defendants individually.

1) <u>Withholding of Family Members</u>

    a.  INST001167
    b.  INST001170
    c.  INST001172
    d.  INST001174
    e.  INST001184
    f.  INST001187
    g.  INST001190
    h.  INST001195

2) <u>Responsiveness Redactions</u>

    a.  INST001169
    b.  GTS0001739
    c.  GTS0001705
    d.  GTS0001774
    e.  GTS0001779
    f.  GTS0001936
    g.  GTS0002743
    h.  GTS0002779
    i.  GTS0002984
    j.  VIRTU_00000147
    k.  VIRTU_00000150
    l.  VIRTU_00000154
    m.  VIRTU_00000156
    n.  VIRTU_00000225
    o.  LIME_0000000192
    p.  LIME_0000000244

3) <u>Overlapping Documents Only Produced by One Defendant</u>

    a.  GTS0002129
    b.  GTS0002743
    c.  GTS0002761

NWBO will be prepared to discuss the other issues raised by Defendants and ask that they be prepared to discuss all issues raised by NWBO.

Regards,
Chris

---

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Tuesday, May 26, 2026 11:09 AM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz

6

<ASchwartz@kasowitz.com>

**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>; Burruss, Chesley <burrussc@ballardspahr.com>

**Subject:** RE: NWBO - Meet and Confer

Counsel,

We will send a Zoom invite for 4pm ET on Wednesday and provide the following responses to your email to facilitate a productive meet and confer.

NWBO's Document Production

The substantial completion deadline has passed, yet NWBO has produced essentially nothing. Even if certain search terms are still being negotiated due to NWBO's delays, there is no reason NWBO should not have produced responsive documents returned by agreed-upon search terms (e.g., "spoof*"). We reiterate that NWBO should be prepared to discuss the timing of its production of the nine categories of documents identified in our May 20 email.

With respect to the analyses underlying the complaint, the Court confirmed that Citadel Securities "is entitled to adequate discovery that will enable it to understand the analyses in question, such as the charts at Paragraphs 311 and 313 of the SAC, including the data on which they are based." ECF 281 at 6. Our May 20 email followed up on NWBO's obligation to produce such information and identified specific analyses that we seek to understand. In response, you accuse us of seeking "sweeping discovery" of privileged documents. If NWBO contends that all such analyses are privileged, please explain why NWBO has not provided a privilege log.

In addition, given that Mr. Mitts will provide a privilege log by June 9, please confirm which of the analyses identified in our May 20 email, if any, were not prepared by Mr. Mitts. NWBO should provide a privilege log for those analyses by June 9; if it does not agree to do so, we will seek an order from the Court.

Search Terms

As the Court recognized, given NWBO's prolonged silence, Defendants "understood that the search terms, at least for their own production, were already agreed to and that they produced documents based on that understanding." ECF 282 at 4. Nonetheless, we will respond separately regarding NWBO's proposed search terms for Defendants, which we received almost eight months after we initially proposed exchanging search terms, almost three months after Defendants sent their proposed search terms to NWBO, and weeks after Defendants completed their productions ahead of the twice-extended substantial completion deadline.

Defendants' Productions

In June 2025, Defendants served R&Os to NWBO's RFPs, identifying the materials they would produce and the objections on which they would stand. Apart from sending a deficiency letter almost five months later (in November 2025), NWBO has made no effort to address any disputes over Defendants' objections and the scope of their productions. Indeed, in November 2025, every Defendant responded to NWBO's deficiency letter and offered to meet and confer. NWBO ignored those offers, failed to respond to Defendants' proposed search terms for months, and allowed Defendants to complete their productions. With fact discovery closing August 28, the time for NWBO to relitigate the scope of Defendants' productions—after a year of inaction—has passed. It is NWBO's burden to establish that the discovery it seeks is relevant and proportional, and NWBO has failed to carry this burden through extreme delay and inaction in the year since it received Defendants' R&Os.

- **Trading Data**. Defendants have produced all trading data that is relevant to NWBO's claims, and NWBO has never even explained why additional trading data would be required. Production of trade and order data from December 5, 2017 to present is neither relevant nor proportional, as Defendants explained over a month ago. (See 4/21/26 Email from T. Ovrom.) NWBO ignored that explanation, and similarly ignored Defendants' explanations in November 2025 letters as to why "shorting, hedging, borrowing, lending, hypothecating, and derivative transactions" are irrelevant in this case, as the Court has already found. ECF 137 at 11 n.9; *see, e.g.*, 11/19/25 Ltr. from Citadel Securities at 3.

- **Time Period**. NWBO contests "Defendants' improperly narrow self-selected date ranges" but does not specify what requests are at issue or why the date ranges are purportedly "improper[]." Instead, NWBO mischaracterizes the Court's statements from the June 5, 2025 Case Management Conference:
  - o The Court's statement that "the entire time period that's alleged or pretty close to the entire time period that is alleged is in play" was in reference to policies and procedures, and NWBO has not claimed that Defendants failed to produce relevant policies and procedures. June 5, 2025 Conf. Tr. at 44:9-22.
  - o Similarly, the Court's statement that "[Defendants] didn't make a motion to shorten the time period" was simply an acknowledgment that "the transactions that survive [are] scattered in different years," such that certain years cannot be categorically excluded. The Court did not say Defendants must produce trading data from every day of the relevant period. In fact, it suggested the opposite. *See, e.g.,* June 5, 2025 Conf. Tr. 52:5-7 ("[A]ll of the trading data and all of the e-mails relating to each and every spoofing episode, I am just not seeing how that is proportionate.").

- **Trading Algorithms**. NWBO claims that Defendants have failed to produce "entire categories of documents, such as algorithms underlying trading." That assertion is not supported by the record.
  - o In their June 2025 R&Os, Defendants stated that they would not produce trading algorithms. Some Defendants subsequently clarified that they did not use algorithms to trade NWBO stock. *See, e.g.,* Nov. 5, 2025 Citadel Securities' R&Os to NWBO's First Interrogatories, at 15. NWBO did not assert any deficiency or even mention these requests in its November 2025 deficiency letter.
  - o Now, almost a year after receiving Defendants' R&Os, NWBO asks why Defendants have not produced trading algorithms. NWBO's unexplained attempt to revive these requests at this late stage appears to be an attempt to delay this case, rather than any legitimate discovery dispute.
  - o Here too, NWBO mischaracterizes the Court's statements: The Court's statement that "it would seem to me… the plaintiff would be entitled to see the relevant trading algorithms that may have played a role in the transactions that remain in the case," was in reference to the relevant time period—not any substantive dispute over the discoverability of algorithms. *See* June 5, 2025 Conf. Tr. at 40:23-41:7. At the June 27 conference, Defendants clarified that the parties had not yet engaged in discussions of whether and to what extent algorithms would be subject to discovery. *See* June 27, 2025 Conf. Tr. 28:5-30:19.

- **Cross-Reference Materials**. NWBO accuses Defendants of "[n]ot providing cross-reference materials as per NWBO's RFPs," while again ignoring that Defendants stated a year ago that they would not produce these materials, including because the protective order permits anonymization of client identifying information. *See, e.g.*, 11/19/25 Ltr. from Citadel Securities; ECF 232 ¶ 24.

- **Defendant-Specific Issues**. We can discuss the Defendant-specific issues that you raise below on the meet and confer, but your email does not provide enough information for Defendants to understand NWBO's claims. In advance of the meet and confer, please identify by Bates number the specific documents that you contend (i) have improperly withheld family members, (ii) have improper responsiveness redactions, or (iii) should have been produced based on other Defendants' productions.

We look forward to discussing these issues on Wednesday in advance of the parties' May 29 submission to the Court.

Defendants reserve all rights.

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Friday, May 22, 2026 10:38 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>
**Subject:** RE: NWBO - Meet and Confer

**[EXTERNAL EMAIL from cgoetz@kasowitz.com]**

Counsel,

The Court's order confirmed NWBO's and Mr. Mitts's assertions of privilege and protection from disclosure. Yet Citadel now contends that the order's narrow caveat regarding materials "adequate to understand" certain analyses opens the door to sweeping discovery of documents. NWBO will discuss Citadel's contentions during the upcoming meet and confer.

NWBO will provide hit counts for Defendants' latest proposed search terms in advance of the meet and confer and will be prepared to discuss those terms during the meeting. NWBO asks Defendants to do the same for NWBO's proposed search terms, including hit counts across NWBO's proposed date range.  NWBO will also be prepared to discuss upcoming productions and timing with the expectation that Defendants will also address timing for additional productions based on the proposed search terms and custodians.

NWBO also asks that Defendants be prepared to discuss the following issues during the meet and confer:

1.  Confirm that each defendant has:

    - Produced all relevant trading data across the date range requested by NWBO, including but not limited to data reflecting shorting, hedging, borrowing, lending, hypothecating, and derivative transactions in NWBO shares.

    - Not withheld any documents, communications or trading data based on the exchange on which the trading activity involving NWBO shares took place or on the basis that an RFP seeks information in another entity's possession, custody, or control.

2.  Explain each Defendants' basis for the following:

    - Defendants' improperly narrow self-selected date ranges, despite the Court's express recognition that "even after the motion to dismiss, either the entire time period that's alleged or pretty close to the entire time period that is alleged is in play" (June 5, 2025 Conf. Tr. at 44:9-22) and its observation that "[Defendants] didn't make a motion to shorten the time period and, of the transactions that survive, they scattered in different years." *Id*. at 41:1-3.

    - Why responsive communications were produced by one Defendant but not another.  For example, Instinet has not produced responsive communications with GTS employees that GTS produced.

    - Withholding certain documents within families as "nonresponsive" and applying extensive responsiveness redactions without basis in the ESI protocol.

    - Not producing entire categories of documents, such as algorithms underlying trading despite the Court's express recognition that "it would seem to me... the plaintiff would be entitled to see the relevant trading algorithms that may have played a role in the transactions that remain in the case." *See* June 5, 2025 Conf. Tr. at 40:23-41:7.  And that this applies "during the entire relevant period." *Id*.

    - Not providing cross-reference materials as per NWBO's RFPs.

NWBO is available to meet and confer at 4 p.m. on Tuesday.  Given the holiday weekend, NWBO is also willing to meet and confer at 4 p.m. on Wednesday instead, which will still give the parties sufficient time to prepare a joint letter—or separate three-page responses—before the Court's May 29 deadline. NWBO asks that all Defendants make themselves available for a meet and confer long enough to address both sides' issues.

Regards,
Chris

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Thursday, May 21, 2026 9:09 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>
**Subject:** RE: NWBO - Meet and Confer

Chris,

We disagree with NWBO's characterization of our email. We proposed a time that was feasible for Defendants in light of the Court's directive that any dispute relating to the Mitts analyses be raised "promptly," ECF 281 at 6, and we assumed a comparable timeframe would be workable for NWBO. Our goal is simply to move this along as quickly as possible, consistent with the Court's order.

The same is true of search terms. We did not impose a unilateral deadline; we requested a response by close of business Friday so that the parties could make progress before the holiday weekend. If NWBO is unable to provide hit counts tomorrow, please provide them early Tuesday so that we can discuss them during the meet and confer and raise any disputes in the May 29 filing.

For that conferral, we are available any time Tuesday afternoon. Please confirm which times work for NWBO, and we will send an invite.

We also note that your email does not address the status of NWBO's document production with respect to the nine outstanding categories of documents identified in our May 20 email. Please be prepared to address each of those categories during our Tuesday meet and confer. These are documents that NWBO agreed to produce nearly nine months ago, and absent confirmation that they will be produced imminently, we will raise the issue with the Court in our May 29 filing.

Regards,

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell

tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Thursday, May 21, 2026 5:18 PM
**To:** Ted Ovrom <tedovrom@quinnemanuel.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>
**Subject:** RE: NWBO - Meet and Confer

[EXTERNAL EMAIL from cgoetz@kasowitz.com]

Counsel,

Citadel's request to meet and confer in less than 24 hours on the issues below is unreasonable.  Equally, Citadel's unilateral deadline to respond to the e-mail it sent this afternoon regarding search terms by the close of business on the Friday of a holiday weekend is unreasonable and improper.

NWBO will respond further tomorrow.  Please propose times that Defendants are available to meet and confer regarding outstanding discovery issues on Tuesday afternoon.  NWBO will also be providing proposed search terms for Defendants this evening.

Regards,
Chris


Christopher Goetz
Kasowitz LLP
1633 Broadway
New York, NY 10019
Tel.   (212) 506-1982
Fax.  (212) 500-3588
CGoetz@kasowitz.com

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

**From:** Ted Ovrom <tedovrom@quinnemanuel.com>
**Sent:** Wednesday, May 20, 2026 5:22 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>
**Cc:** Peter Fountain <peterfountain@quinnemanuel.com>; William Burck <williamburck@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Mary Trainor <marytrainor@quinnemanuel.com>; Avi Perry <aviperry@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Christopher Kercher <christopherkercher@quinnemanuel.com>; jyoungwood@stblaw.com; Stephen P. Blake <SBlake@stblaw.com>; Alison Sher <alison.sher@stblaw.com>; Kate Lambroza <kate.lambroza@stblaw.com>; peercem@ballardspahr.com; burrussc@ballardspahr.com; krabilll@ballardspahr.com; Peter.wilson@katten.com; Christian.kemnitz@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; agordon@paulweiss.com; Audera Soloway <asoloway@paulweiss.com>; jcarey@paulweiss.com; blevine@katten.com; M. Norman Goldberger <GoldbergerM@ballardspahr.com>; Lauren Engelmyer <engelmyerl@ballardspahr.com>; Anthony S. Fiotto <afiotto@mofo.com>; kevin.broughel@katten.com; zoe.lo@katten.com; Jonathan Jaroslawicz <jjaroslawicz@paulweiss.com>; Daniel Negless <dnegless@paulweiss.com>; ELawson@mofo.com; JKoch@mofo.com; Jacob Lundqvist <jacob.lundqvist@stblaw.com>; Meredith Karp <meredith.karp@stblaw.com>; Benedon, Alison R. <abenedon@paulweiss.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Fan, Shuhao <shuhao.fan@stblaw.com>
**Subject:** NWBO - Meet and Confer

---

**ALERT: THIS IS AN EXTERNAL EMAIL. DO NOT CLICK ON ANY LINK, ENTER A PASSWORD, OR OPEN AN ATTACHMENT UNLESS YOU KNOW THAT THE MESSAGE CAME FROM A SAFE EMAIL ADDRESS.**

---

Counsel,

We write pursuant to the Court's Order directing the parties to meet and confer regarding NWBO's production of information relating to Professor Mitts's analyses. ECF 281 at 6. As Judge Stein noted, "the Court assumes that Citadel is entitled to adequate discovery that will enable it to understand the analyses in question, such as the charts at Paragraphs 311 and 313 of the SAC, including the data on which they are based."  We would therefore like to discuss your production of the analyses and specific data upon which those charts are based, as well as the materials supporting other analyses and methodologies underlying the complaint.  This includes the analyses expressly referenced in paragraphs 69-71, 75 n.14, 83-86 nn.16-18, 274, and 278-85 & n.60 of the FAC and SAC, paragraphs 311-14 (and related figures), 323-25 & n.74 (and related figure) of the SAC, and the exhibits to the FAC and SAC, along with related documents and communications, including the 235,194 "posts" referenced in paragraph 324 of the SAC.

As Judge Stein directed that any dispute be raised "promptly," *id.*, please let us know your availability to confer tomorrow.

During this conferral, we would also like to discuss the status of NWBO's document production with respect to several specific outstanding categories of documents.  Despite your representation on April 28, 2026 that NWBO would meet the May 18 substantial completion deadline, it did not do so, nor did it accept Defendants' offer to extend NWBO's deadline by three weeks. ECF 270-2 at 5. We are now days past the deadline, and NWBO has produced essentially nothing—not a single email, text message, or other electronic communication. 95% of the documents NWBO has produced are publicly available, and many others fall outside the Relevant Period. ECF 270 at 4.

In addition to the above, we ask that you be prepared to address the status of production for each of the following categories of documents—all of which NWBO agreed to produce nearly nine months ago—as we intend to raise them with the Court in our May 29 letter if there are any disputes (including related to the timing of NWBO's production):

1.  Communications (internally or with counterparties) concerning NWBO's Cash Stock Sales and Exchange Agreement Sales, including communications regarding pricing methodologies, formulas, and pricing date selection (RFP 3)
2.  Communications concerning NWBO's compliance with SEC reporting requirements, including communications concerning material weaknesses in NWBO's internal controls (RFP 7)
3.  Documents or communications concerning any potential or actual manipulation of NWBO's stock during the Relevant Period (RFP 10)
4.  Communications concerning factors that may have affected NWBO's stock price during the Relevant Period (RFP 8)
5.  Communications concerning changes in NWBO's stock price on or around surviving Pricing Dates (RFP 9)
6.  Documents concerning the financial relationship and financial transactions between NWBO and its officers and directors or entities they control (RFP 6)
7.  Documents or communications concerning sales or purchases of NWBO stock by NWBO, its officers, directors, or affiliates (RFP 11)
8.  Internal communications and communications with lenders concerning loan agreements and other financing arrangements (RFP 4)
9.  Documents concerning NWBO's use of any placement agents (RFP 5)

We appreciate your prompt response.

**Ted Ovrom**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016
212-849-7069 Direct
212-849-7000 Main Office Number
319-331-8346 Cell
tedovrom@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.