

**Shapiro Arato Bach** LLP

1140 Avenue of the Americas, 17th Floor, New York, NY 10036
phone: 212-257-4880
www.shapiroarato.com

Cynthia S. Arato
carato@shapiroarato.com
Direct: 212-257-4882

June 2, 2026

VIA ECF

Hon. Gary Stein
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

> Re: *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.*, 1:22-cv-10185-GHW-GS

Dear Judge Stein:

We represent non-party Joshua R. Mitts. We write to request clarification of the Court's May 19, 2026 Order directing Mr. Mitts to produce a categorical privilege log in connection with a subpoena served by defendant Citadel Securities. Dkt. 281 (the "Order"). We respectfully request clarification that Mr. Mitts need not log privileged documents that are technically responsive to the subpoena but are unrelated to this action. Among other things, the subpoena, even as narrowed, demands the production of all documents related to alleged market manipulation or spoofing by Citadel, even if those documents have nothing to do with plaintiff Northwest Biotherapeutics, Inc. ("NWBO") and Mr. Mitts possesses them only in connection with his work or engagements *outside of this action*. In the alternative, Mr. Mitts seeks reconsideration of the Court's Order or a protective order limiting the subpoena to documents generated in connection with this action or which refer to NWBO's allegations in this action.

### 1. The Subpoenaed Documents

As narrowed through meet and confers, Citadel seeks from Mr. Mitts all Documents and Communications regarding: (i) alleged spoofing or market manipulation by Citadel (Request No. 4); (ii) the Complaint in this Action and any methodologies, analyses, or data underlying it (Request No. 5); and (iii) NWBO securities, including any methodologies, analyses, or theories developed, promoted, or offered by You regarding NWBO securities (Request No. 7).

Mr. Mitts has no issue categorically logging documents responsive to Request Nos. 5 and 7, which seek documents concerning plaintiff NWBO. He also has no issue categorically logging documents related to defendant Citadel, to the extent such documents relate to this action. Request No. 4, however, seeks all documents related to Citadel's market manipulation or spoofing, even if unconnected to NWBO or this action. Mr. Mitts is regularly engaged as a non-testifying expert in financial markets litigation and governmental investigations, including matters involving allegations of spoofing and market manipulation. Given the nature of his work

Hon. Stein
June 2, 2026

and that the subpoena seeks documents starting in 2017, five years before Mr. Mitts' June 2022 retention in this matter (*see* Dkt. 265 at 1, n.1), Mr. Mitts possesses documents that relate to Citadel but that were created outside this action and have no relevance to NWBO's claims. Mr. Mitts should not have to log such documents, even categorically, including because of their highly sensitive and confidential nature described further below.

### 2.    *NWBO's Motion and The Court's Order*

NWBO's motion for a protective order sought to protect NWBO's privilege in connection with Mr. Mitts's work in this action as a non-testifying expert and counsel for NWBO. *See* Dkt. 265. Citadel's opposition similarly focused on its professed need for documents that Mr. Mitts had generated *in connection with this action*. Citadel contended that because NWBO alleges "fraud based on statistical and econometric analyses of trading data," Citadel "requested that NWBO produce" those analyses, so Citadel could "test th[em]" (Dkt. 273 at 1), and Citadel "served the Subpoena, seeking those same materials" because NWBO refused to produce the analyses and methodologies underlying the SAC (*id.* at 2).

The Court granted NWBO's motion for a protective order to the extent the documents sought by the subpoena are protected by Rule 26(b)(4)(D), which shields non-testifying expert materials from discovery. As the Court recognized, "[i]t is undisputed that Professor Mitts is a non-testifying consulting expert," and "ordinarily, the facts known or opinions held by a consulting expert are not discoverable." Order at 1 (citation omitted). The Court held that the protections of Rule 26(b)(4)(D) "shield[] Mitts from providing documents concerning his work as a non-testifying consulting expert." Order at 2, 4 (citing cases).

At the same time, because Mr. Mitts is an attorney who performed legal work for NWBO, the Court recognized there "may . . . be documents in Mitts' possession that are not protected by either Rule 26(b)(4)(D) or by the attorney-client privilege and/or work product doctrine." Although the Court did not expressly address Mr. Mitts' documents unrelated to this action or the scope of Request No. 4, seeking all documents related to Citadel's marketing manipulation or spoofing, the Court directed Mr. Mitts to provide a categorical log "[i]n order to facilitate further discussions about what documents may be subject to production" and "to allow Citadel to understand the scope of *NWBO's privilege assertion.*" (Order at 4-5 (emphasis added)). Such assertions necessarily relate solely to documents generated in connection with Mr. Mitts' retention in this action, not documents related to Citadel in other unrelated matters.

### 3.    *Mr. Mitts Should Not Have to Log Non-Case Related Materials*

Mr. Mitts should not be required to log documents that are unrelated to this action. The categorical log the Court ordered was meant "to facilitate further discussions about what documents may be subject to production" and the scope of "NWBO's privilege assertion." Order at 4–5. Those purposes have no application to documents unrelated to this case.

As stated above, Mr. Mitts possesses documents which concern market manipulation or spoofing activity by Citadel in a number of unrelated matters. While those documents are technically responsive to Request No. 4, which seeks all such documents related to Citadel, such documents are irrelevant and confidential, and many are subject to privileges owned by third parties and/or require Mr. Mitts to notify third parties prior to any disclosure regarding them. In

2

Hon. Stein
June 2, 2026

some cases, the matters in which Mr. Mitts has been involved are sufficiently sensitive that even the limited information a categorical log would require could not be disclosed to Citadel without violating privilege or confidentiality obligations.

Such documents are not subject to production in this case under any circumstances because they are irrelevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). Citadel has contended that "Mr. Mitts' Citadel Securities-related spoofing or market-manipulation analyses may bear on the development, consistency, application, and reliability of the methodologies used in this case, including whether any non-case materials, assumptions, or analyses were used, adapted, compared, or relied upon in preparing the NWBO analyses or NWBO's Complaint." But other analyses conducted by Mr. Mitts in a different matter do not bear on the "consistency" or "reliability" of the methodologies used in this case. As the Court observed, "since NWBO is not calling Mitts as an expert witness at trial … NWBO will not be able to rely on his statistical analyses at trial (or on summary judgment) unless it is able to replicate the analyses through a different expert or other means." Order at 3. While analysis in another matter by a *testifying* expert may be relevant, the same cannot be said of Mr. Mitts, who is not testifying at trial. Moreover, Request No. 4 does not seek only such analyses; the request seeks *any* document related in any way to spoofing or market manipulation by Citadel. Citadel does not even try to explain why such other documents are relevant, and they are not. Finally, while logging these documents will not show whether Mr. Mitts's non-case "materials, assumptions, or analysis were used, adapted, compared or relied upon" in this action, we have represented to Citadel, and now represent to the Court, that Mr. Mitts did not use, adapt, compare or rely upon any material or analysis prepared for a different matter but responsive to Request No. 4 in connection with his work in this action.

The documents responsive to Request No. 4 are also all protected by privileges and confidentiality obligations owed to the non-parties who retained Mr. Mitts and/or the Rule 26(b)(4)(D) immunity this Court has recognized. *See* Order at 4. There is accordingly nothing in these materials for the parties to discuss producing, and compelling a categorical log of these materials would do nothing to advance any production dispute in this action. It would, however, implicate significant privileges and confidentiality rights belonging to other non-parties and place Mr. Mitts in peril of violating his confidentiality obligations. To the extent the Court requires Mr. Mitts to categorically log such documents, Mr. Mitts requests the Court grant Mr. Mitts time to provide notice to these third parties so they may have adequate opportunity to move this Court to protect their interests.

Mr. Mitts will timely provide, by June 9, 2026, a categorical privilege log addressing materials generated in connection with, or which otherwise discuss, this action. He respectfully requests an Order relieving him of any obligation to log or produce documents that are unrelated to this action.

Respectfully submitted,

/s/ Cynthia S. Arato

Cynthia S. Arato

3