quinn emanuel trial lawyers | new york        Simpson Thacher & Bartlett LLP

June 5, 2026

Hon. Gary Stein, United States Magistrate Judge
United States District Court, Southern District of New York

Re:    *Northwest Biotherapeutics, Inc. v. Citadel Securities LLC*, No. 1:22-cv-10185-GHW-GS

Dear Judge Stein:

We write on behalf of Defendant Citadel Securities LLC ("Citadel Securities") in response to Joshua R. Mitts's motion for clarification and/or reconsideration and/or a protective order. ECF 287. By that motion, Mr. Mitts seeks to limit the scope of the categorical privilege log this Court ordered him to produce on May 19, 2026 (ECF 281, the "Order"). Specifically, Mr. Mitts asks to be relieved of his obligation to log documents responsive to Request No. 4, which seeks documents relating to alleged spoofing or market manipulation by Citadel Securities. Those documents go to the heart of this case alleging spoofing by Citadel Securities, and the Court already accommodated Mr. Mitts's burden and confidentiality concerns by ordering only a categorical log rather than a document-by-document log. Mr. Mitts's request for a further, different limitation the Order does not contain should be denied.

## I.    The Order Does Not Require Clarification, and Reconsideration Is Not Warranted

"[A] motion for clarification is not intended to alter or change a court's order, but merely to resolve alleged ambiguities in that order." *McCaffrey v. Gatekeeper USA, Inc.*, 2022 WL 1321494, at *1 (S.D.N.Y. May 3, 2022). Here, the Court unambiguously directed Mr. Mitts to log withheld or redacted documents responsive to the narrowed subpoena. Order at 5. To address any burden concerns, the Court permitted him to provide "a categorical log, with information as to date range, general subject matter, and the privilege(s) asserted." *Id.* The Court's order contained no subject matter or request-by-request limitation as to the documents to be logged, and it is black letter law that "[a] substantive change [to a court's order] may not be disguised as a 'clarification.'" *Ceara v. Clark-Dirusso*, 2019 WL 3553354, at *3 (S.D.N.Y. Aug. 5, 2019).

Mr. Mitts provides no basis for the alternative requests for reconsideration or a protective order. The standard for granting reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Mr. Mitts identifies no such decisions or data. Nor does he show good cause for a protective order, offering no basis beyond the same unilateral relevance and confidentiality arguments rejected before and addressed below.

## II.    Documents Concerning Alleged Spoofing by Citadel Securities Are Relevant and Must Be Logged

Mr. Mitts contends that documents that are responsive to the subpoena but that relate to alleged spoofing or market manipulation by Citadel Securities in other securities "do not bear on the 'consistency' or 'reliability' of the methodologies used in this case," and that "Citadel [Securities] does not even try to explain why such other documents are relevant, and they are not." ECF 287 at 3. That contention is wrong.

As a threshold matter, this is a spoofing case against Citadel Securities, and Request No. 4 seeks documents relating to Mr. Mitts's analyses of alleged spoofing by Citadel Securities. Mr. Mitts's proposed line between this action and his other Citadel Securities-related analyses is not a line the relevance standard draws. *Int'l Bhd. of Teamsters v. E. Conf. of Teamsters*, 162 F.R.D. 25, 29 (S.D.N.Y. 1995) (discovery relevance is an "obviously broad rule" that is "liberally construed," encompassing "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."). Documents in Mr. Mitts's possession concerning alleged spoofing or market manipulation by Citadel Securities are relevant to testing those analyses.

*First*, these documents could reveal the assumptions, definitions, and analytical framework through which Mr. Mitts identified alleged spoofing by Citadel Securities, thereby providing information directly relevant to Citadel Securities' understanding of, and defense against, the allegations at issue in this action. For example, if Mr. Mitts applied the same definitions, criteria, and statistical specifications when analyzing Citadel Securities' alleged spoofing in other symbols—and reached different conclusions about similar trading patterns—that inconsistency would bear on the reliability of the analyses on which NWBO's allegations depend. Similarly, if Mr. Mitts considered and accepted non-manipulative explanations for materially similar trading patterns in other contexts, that bears on whether the Second Amended Complaint's (ECF 150, "SAC") analyses adequately accounted for legitimate explanations of the trading activity attributed to Citadel Securities.

*Second*, the documents bear on whether other-matter work was carried into this case. The documents may reveal whether materials, assumptions, code, datasets, or analyses from other matters were used, adapted, compared, or relied upon in preparing the SAC. For example, an analysis developed for an exchange market, where all orders are displayed, may rest on assumptions that do not hold true in OTC Markets, where only the best bid and offer are displayed. The documents may therefore reveal whether the SAC relies on approaches and documents that are not appropriate for the market at issue here.

The need for these inquiries is particularly acute because NWBO's claims rest on statistical and econometric analyses that Mr. Mitts prepared and that were incorporated into the SAC. Importantly, Citadel Securities is not demanding that privileged documents responsive to Request No. 4 be produced. Instead, it asks only for an opportunity "to understand the scope of NWBO's privilege assertions"—relief the Court already granted it. *See* Order at 4.

### III. Counsel's Representations and Confidentiality Concerns Do Not Excuse the Court-Ordered Log

Mr. Mitts offers two further reasons he should be excused from complying with this Court's Order—his counsel's representation about how the documents were used, and the sensitivity of the documents themselves. Neither withstands scrutiny.

Counsel's representation that, "in connection with his work in this action," "Mr. Mitts did not use, adapt, compare or rely upon any material or analysis prepared for a different matter but responsive to Request No. 4" or that "documents responsive to Request No. 4 are also all protected by privileges and confidentiality obligations," ECF 287 at 3, is not a substitute for the Court-ordered log. Those representations do not obviate the need for the categorical log the Court ordered "to facilitate further discussions about what documents may be subject to production" and

"to allow Citadel [Securities] to understand the scope of NWBO's privilege assertions."  Order at 4.

Mr. Mitts's confidentiality and third-party-privilege concerns are likewise no basis to withhold entire categories from the log.  Confidentiality is not a privilege, and Mr. Mitts may avail himself of the Protective Order, ECF 232.  And the Court already accounted for burden and sensitivity by ordering a categorical rather than document-by-document log.

## IV.   Mr. Mitts Should Comply With the Court's Order

Mr. Mitts proposes to provide the Court-ordered categorical log by June 9, 2026, but only for "materials generated in connection with, or which otherwise discuss, this action."  ECF 287 at 3.  That self-imposed limitation is inconsistent with the Court's Order and would constitute impermissible self-help. *Chem. Bank v. Affiliated FM Ins. Co*., 154 F.R.D. 91, 93 (S.D.N.Y. 1994) ("Self-help interpretation of protective orders contrary to their plain meaning is inappropriate."). For the reasons set forth above, Citadel Securities respectfully requests that the Court deny Mr. Mitts's request and direct him to comply with the Court's May 19, 2026 Order.

Respectfully submitted,

/s/ William A. Burck
William A. Burck
Christopher D. Kercher
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
williamburck@quinnemanuel.com
christopherkercher@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

/s/ Jonathan K. Youngwood
Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com

cc: All counsel of record

4