UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NORTHWEST BIOTHERAPEUTICS,
INC.,

                              Plaintiff,

                                                            **22 Civ. 10185 (GHW) (GS)**
          -against-

                                                            **ORDER**

CANNACORD GENUITY LLC, *et al.*,

                              Defendants.
-------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

On May 19, 2026, the Court granted, with certain qualifications, a motion for a protective order filed by non-party Joshua R. Mitts ("Mitts")—an attorney and non-testifying consulting expert for Plaintiff—in response to a subpoena for documents served upon him by Defendant Citadel Securities LLC ("Citadel").  (Dkt. No. 281).  The Court found that Federal Rule of Civil Procedure 26(b)(4)(D) "shields Mitts from providing documents concerning his work as a non-testifying consulting expert." (*Id.* at 3).  However, the Court recognized that "[t]here may . . .  be documents in Mitts' possession that are not protected by either Rule 26(b)(4)(D) or by the attorney-client privilege and/or work product doctrine, and the Court does not mean to deprive Citadel of any right it may have to those documents." (*Id.* at 4). The Court therefore ordered that Mitts produce a categorical privilege log "in order to facilitate further discussions about what documents may be subject to production." (*Id.* at 4–5).

Mitts now submits a letter requesting "clarification" regarding the Court's May 19, 2026 Order.  (Dkt. No. 287).  Specifically, Mitts asks to be excused from categorically logging documents related to Citadel's Request for Production No. 4, which asks for "[a]ll Documents and Communications regarding alleged spoofing or market manipulation by Citadel" and the other Defendants in this action.  (*Id.*; *see* Dkt. No. 265-1 (subpoena)).[1]  Mitts argues that Citadel's request encompasses "documents that are unrelated to this action" and are irrelevant to the goal of understanding the "consistency or reliability of the methodologies used in this case." (Dkt. No. 287 at 2–3 (quotation marks omitted)).  These documents, according to Mitts, are "all protected by privileges and confidentiality obligations owed to the non-parties who retained Mr. Mitts and/or the Rule 26(b)(4)(D) immunity this Court has recognized."  (*Id.* at 3).  As a result, Mitts claims that "[t]here is accordingly nothing in these materials for the parties to discuss producing, and compelling a categorical log of these materials would do nothing to advance any production dispute in this action."  (*Id.*)

In response, Citadel argues that Mitts's request for "clarification" actually asks for reconsideration of the Court's May 19 Order.  (Dkt. No. 288 at 1).  Citadel contends that "[d]ocuments in Mr. Mitts's possession concerning alleged spoofing or market manipulation by Citadel Securities are relevant to testing" the analyses Mitts undertook for the Second Amended Complaint.  (*Id.* at 2).  Citadel further

---

[1] Mitts does not object to categorically logging allegedly privileged documents responsive to the two other relevant requests in NWBO's subpoena, Request Nos. 5 and 7.  (Dkt. No. 287 at 1).

contends that "Mitts's confidentiality and third-party-privilege concerns are likewise no basis to withhold entire categories from the log." (*Id.* at 3).

Upon review, the Court finds that Mitts should produce a categorical privilege log in response to Citadel's Request No. 4. First, the request asks for information that could, if not properly withheld on privilege grounds, allow Citadel to better understand the analyses in Plaintiff's Second Amended Complaint and is therefore relevant. The Court agrees with Citadel that Mitts's spoofing analyses regarding Citadel from other matters may shed light on the "assumptions" and "analytical framework" used by Mitts in this matter. (Dkt. No. 288 at 2). Second, the mere fact that documents responsive to Request No. 4 are allegedly "protected by privileges and confidentiality obligations owed to the non-parties who retained Mr. Mitts" (Dkt. No. 287 at 3), may be a good reason for Mitts to withhold the documents on privilege grounds, but it is not a good reason for relieving Mitts of the obligation to provide a privilege log so that Citadel can test the privilege assertion. While third-party confidentiality concerns may increase Mitts's burden in responding to Citadel's request, that alone is not enough to excuse production of a privilege log, especially a categorical log, which the Court permitted precisely in order to "lessen the burden" on Mitts. (Dkt. No. 281 at 5 (citation omitted)).

Accordingly, Mitts's request is **DENIED**. To the extent that Mitts seeks reconsideration of the Court's prior order to limit the subpoena to exclude Request No. 4 (*see* Dkt. No. 287 at 1), that request is also **DENIED**. In view of Mitts's request for time to provide notice to third parties (*see id.* at 2), Mitts shall have

3

until July 21, 2026 to provide the categorical privilege log with respect to Request No. 4.

**SO ORDERED.**

DATED:    New York, New York
          July 7, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge