July 8, 2026

**VIA ECF**

Hon. Gary Stein
United States Magistrate Judge
United States District Court
Southern District of New York

Re:    *Northwest Biotherapeutics, Inc. v. Citadel Securities LLC, et al.*, No. 1:22-cv-10185—
       Defendants' Proposed Expert Discovery Schedule

Dear Judge Stein:

We write on behalf of all Defendants, pursuant to Paragraph 8(d) of the Case Management Plan and Scheduling Order (ECF 218, the "Case Management Plan"), to respectfully request that the Court enter the proposed expert discovery schedule set forth below.

The Case Management Plan requires the parties to meet and confer on a schedule for expert discovery by June 29, 2026, and the parties separately agreed that any disputes regarding the expert discovery schedule would be submitted to the Court by today, July 8, 2026. In compliance with those deadlines, Defendants proposed an expert discovery schedule to NWBO on June 26, 2026, which NWBO rejected without offering any alternative. NWBO maintains that setting an expert discovery schedule is premature in light of NWBO's pending motion to extend case deadlines (ECF 269). But Defendants have already agreed that any schedule for expert discovery should be extended in accordance with any further extensions of the case schedule. Accordingly, Defendants respectfully submit that there is no reason to delay setting an expert discovery schedule, which will permit the progression of discovery in this case and enable the parties to prepare their testifying experts against fixed deadlines.

## I.    Background

The Case Management Plan provides that expert discovery shall be completed by **November 27, 2026** and that "[b]y no later than [**June 29, 2026**] the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents, and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth above." ECF 218; ECF 254. The parties separately agreed to submit any disputes regarding the expert disclosure schedule to the Court by July 8, 2026. Ex. A at 1.

On June 26, 2026, Defendants sent NWBO the following proposed expert discovery schedule:

| Date | Deadline |
| --- | --- |
| September 4, 2026 | NWBO Expert Disclosures (CVs and anticipated topics for each expert) |
| September 18, 2026 | NWBO Expert Report(s) and Production of Underlying Documents |

| Date | Deadline |
|---|---|
| October 16, 2026 | Defendants' Expert Disclosures (CVs and anticipated topics for each expert) |
| October 30, 2026 | Defendants' Expert Report(s) and Production of Underlying Documents |
| November 2-27, 2026 | Expert Depositions |

Ex. B at 7.

Notwithstanding the deadline in the Case Management Plan, NWBO initially took the position that "meeting to confer on deadlines relating to expert discovery [w]as premature and unproductive." *Id.* at 5. Then, during the parties' eventual meet and confer, NWBO declined both to agree to Defendants' proposed expert discovery schedule and to propose any competing schedule. *Id.* at 1. Instead, NWBO took the position that because the Court has not yet ruled on NWBO's motion for an extension of all case deadlines by four months (NWBO's second extension request) (ECF 269), which Defendants opposed (ECF 274), it was "too hypothetical" to discuss a schedule for expert discovery. Ex. B at 1.

During the conferral, Defendants asked whether NWBO would agree to the proposed schedule on the condition that, in the event the Court grants NWBO's extension request, the expert discovery schedule be extended concordantly (e.g., if the Court were to extend case deadlines by 30 days, then the expert discovery schedule would also be extended by 30 days). *Id.* NWBO again maintained that it would be premature to set any expert discovery schedule in light of NWBO's pending request for an extension of case deadlines. *Id.*

Last night, NWBO reiterated its position by email while adding two new objections that it never raised during or prior to the meet and confer—namely, that "Defendants' proposed schedule does not account for rebuttal reports" and "[t]he window for expert depositions would be too short." Ex. C at 5-6.

## II.    Argument

Defendants respectfully request that the Court enter Defendants' proposed schedule now. It complies with the Case Management Plan's requirement that the party bearing the burden of proof—here, NWBO—serve its expert disclosures and reports before Defendants, and it leaves adequate time for depositions before the still operative November 27, 2026 deadline. NWBO has identified no defect in the schedule nor offered any alternative.

### a.    NWBO's Opposed Extension Request Does Not Require Delay

NWBO's pending, opposed motion to extend case deadlines (ECF 269, ECF 274) is not a basis for delay. Under Rule 16(b)(4), a schedule set by the court remains operative unless and until the Court orders otherwise—NWBO's approach of treating a pending extension request as if it has been granted is contrary to the rules and constitutes impermissible self-help. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and *with the judge's consent.*" (emphasis added)); *In re Perrigo Co. PLC Sec. Litig.*, 2021 WL 517441, at *2 (S.D.N.Y. Feb. 10, 2021) ("Disregarding the instructions of a scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." (quotation omitted)).

NWBO's position reflects the same impermissible self-help across every deadline in this case:  It is treating its pending, opposed motion to extend the case schedule (ECF 269) as though it had already been granted.  Under the Case Management Plan, fact discovery closes August 28, 2026, and that deadline—like every other—remains binding unless and until the Court orders otherwise.  NWBO is not free to set its own timetable, or suspend its production and privilege-log obligations on the assumption that it will obtain relief the Court has not granted.

Setting the schedule now—subject to any proportional extension should the Court grant NWBO's pending request to extend all case deadlines—establishes clear expectations, enables the parties to more easily engage and coordinate with testifying experts, and promotes progression of the case.

### b.  NWBO's Other, Belated Objections Do Not Require Delay

NWBO's other objections—raised for the first time the night before the agreed deadline for submissions—do not require delaying entry of the expert discovery schedule.

*First*, NWBO's apparent request for reply reports is unwarranted and inconsistent with the Case Management Plan.  NWBO questions why Defendants' proposed schedule does not allow for reply reports, but NWBO does not actually contend that it needs a reply report, explain why it would need one, or cite any authority for its position.[1]  The Case Management Plan does not contemplate reply reports—to the contrary, it states that "expert report(s) of the party with the burden of proof shall be due *before* those of the opposing party's expert(s)."  ECF 218 at 4 (emphasis added).  If NWBO wished to request reply reports, it should have taken that position during the meet and confer process and provided the basis for its position.  Its failure to do so does not justify delaying entry of the expert discovery schedule.

*Second*, NWBO's complaint that "[t]he window for expert depositions would be too short" if reply reports were allowed is similarly unfounded. Ex. C at 5.  More than a year ago, the parties agreed on—and the Court entered—a schedule allowing three months for expert discovery.  ECF 218; ECF 254.  Defendants' proposed schedule allocates approximately two months to expert reports and one month for expert depositions. Ex. B at 1.  If NWBO believed reply reports were necessary and that three months was "too short" to complete expert discovery, it could have and should have raised the issue sooner. Ex. C at 5.  NWBO's conclusory assertion that the window for expert depositions would be "too short" does not require delaying entry of the expert discovery schedule. *Id.*

Accordingly, Defendants respectfully request that the Court so-order the proposed expert discovery schedule set forth above.

---

[1]  In securities cases, courts routinely enter expert discovery schedules that do not allow for reply reports. *See, e.g.*, *In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-08585-LJL (S.D.N.Y. May 12, 2023), ECF 248; *Helo v. Sema 4 Holdings Corps*, No. 3:22-cv-1131-VDO (D. Conn. Aug. 25, 2025), ECF 88; *Ferraro Fam. Found., Inc. v. Corcept Therapeutics Inc.*, No. 3:19-cv-01372-JD (N.D. Cal. Apr. 20, 2022), ECF 169.

Respectfully submitted,

/s/ *William A. Burck*
William A. Burck
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
williamburck@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com

*Counsel for Defendant Citadel Securities LLC*

/s/ *Marjorie J. Peerce* (with permission)
Marjorie J. Peerce
Lauren W. Engelmyer
Rushmi Bhaskaran
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
T:  (212) 223-0200
peercem@ballardspahr.com
engelmyerl@ballardspahr.com
bhaskaranr@ballardspahr.com

M. Norman Goldberger (admitted *pro hac vice*)
J. Chesley Burruss
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
T:  215-665-8500
goldbergerm@ballardspahr.com
burrussc@ballardspahr.com

*Counsel for Defendant G1 Execution Services LLC*

/s/ *Peter G. Wilson* (with permission)
Peter G. Wilson
Christian T. Kemnitz (admitted *pro hac vice*)
Benjamin C. Levine (admitted *pro hac vice*)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
christian.kemnitz@katten.com
benjamin.levine@katten.com

*Counsel for Defendant GTS Securities LLC*

/s/ *Richard A. Edlin* (with permission)
Richard A. Edlin
Daniel P. Filor
Nicholas T. Barnes
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
filord@gtlaw.com
barnesn@gtlaw.com

*Counsel for Defendant Instinet LLC*

4

/s/ *Kevin P. Broughel* (with permission)
Kevin P. Broughel
Zoe Lo
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: (212) 940-6343
Fax: (212) 940-8776
kevin.broughel@katten.com
zoe.lo@katten.com

*Counsel for Defendant Lime Trading Corp.*

/s/ *Andrew G. Gordon* (with permission)
Andrew G. Gordon
Audra J. Soloway
Jessica S. Carey
Alison R. Benedon
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
agordon@paulweiss.com
asoloway@paulweiss.com
jcarey@paulweiss.com
abenedon@paulweiss.com

*Counsel for Defendant Virtu Americas LLC*

cc:      All counsel of record