**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------X
NORTHWEST BIOTHERAPEUTICS,
INC.,

                            Plaintiff,

                                                          **22 Civ. 10185 (GHW) (GS)**
            -against-

                                                          **ORDER**
CANNACORD GENUITY LLC, *et al.*,

                            Defendants.
--------------------------------------------------------------------------X
**GARY STEIN, United States Magistrate Judge:**

The parties have submitted a joint letter raising various disputes concerning document production and the discovery schedule. (Dkt. No. 286). Having considered the parties' respective positions, the Court hereby ORDERS as follows:

1. NWBO shall substantially complete its document production by July 31, 2026.

2. The Court will not, as NWBO proposes, require Defendants to search for documents for the eight and one-half year period from December 5, 2017 to the present. Such a temporal scope (which encompasses more than three years after this action was filed) is not reasonable or proportional to the claims and defenses in this action. NWBO has presented no basis to believe that any Defendant has engaged in further spoofing of NWBO stock after this action was filed—the sole basis cited for NWBO's proposal. If NWBO wishes to move to compel a search beyond the periods proposed by Defendants as set forth on page 6 of the joint letter, NWBO will need to

make a more narrowly tailored proposal and first meet and confer with Defendants about that proposal.

3. Similarly, the Court rejects NWBO's position that Defendants should be required to produce trading data for the entire eight and one-half year period from December 2017 to the present.  Such a temporal scope is also not reasonable or proportional to the claims and defenses in this action.

4. The Court agrees with NWBO that the number of documents produced by Defendants, as reported on page 5 of the letter, creates concern that Defendants' search terms and/or searches to date have been insufficient. As both sides indicate a willingness to further discuss NWBO's requested search terms and strings, the parties shall meet and confer with respect to this issue.  All defendants shall be required to provide timely hit reports as part of the meet and confer process.

5. Defendants' position that they need not produce algorithms related to their trading in NWBO stock because they "were not unique to NWBO securities but operated uniformly across all OTC Link securities" (Dkt. No. 286 at 4) is rejected.  If the algorithms were used to conduct the trading in NWBO stock at issue, then evidence about them is plainly relevant and proportional to this case.  To the extent the algorithms involve material that is "so sensitive that its dissemination deserves even further limitation than applies to material designated Highly

2

Confidential," they can be produced as Proprietary Source Code per Section 4 of the parties' Protective Order.  (Dkt. No. 232).

The Court is aware that NWBO recently submitted a motion for leave to file excess pages in support of an anticipated motion to compel production of documents from Defendants, to which Defendants have objected.  (Dkt. Nos. 290 & 292).  NWBO shall take into account the provisions of this Order before filing any such motion to compel.  The Court will in the meantime hold in abeyance NWBO's motion for leave to file excess pages.

**SO ORDERED.**

DATED:     New York, New York
           July 10, 2026

_____
The Honorable Gary Stein
United States Magistrate Judge

3