# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

STEPHEN W. TOUNTAS
DIRECT DIAL: (212) 506-1739
DIRECT FAX: (212) 500-3550
STountas@kasowitz.com

July 13, 2026

**VIA ECF**

Hon. Gary Stein, U.S.M.J.
United States District Court, Southern District of New York

Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC et al.*, No. 1:22-cv-10185
         Response to Defendants' July 8 Letter

Dear Judge Stein:

We represent Plaintiff Northwest Biotherapeutics, Inc. ("NWBO"). We write to respond to Defendants' letter, dated July 8, 2026, regarding Defendants' proposed expert discovery schedule. At bottom, Defendants seek to advance to a truncated expert phase while significant deficiencies remain with their document productions and discovery compliance. The Court has twice expressed its concerns regarding Defendants' marginal productions, and has now directed the parties to further meet and confer to resolve outstanding disputes. *See* Dkts. 282, 293. And this past Friday, the Court ordered Defendants to comply with discovery into their trading algorithms, which may raise additional issues for expert discovery. At this juncture, expert discovery, including setting an expert disclosure schedule, is premature. And in any event, Defendants' proposal is infeasible.

Despite Defendants' previous position that they would provide search hits, as previewed in the May 29 joint letter, they have refused to provide them, let alone make any further productions. Meanwhile, Defendants have relentlessly sought to distract from NWBO's document review progress, including by initiating premature, costly, and wasteful disputes about expert discovery and depositions in an attempt to advance to later stages of discovery without making meaningful productions. Defendants' letter makes clear that without court intervention, these costly and unnecessary disputes will continue.[1]

---

[1] Contrary to Defendants' contention, NWBO has not engaged in "self-help" by recognizing obvious barriers to progressing discovery. The Court instructed the parties to agree to a revised schedule or note that the Court would need to intervene on that issue. Dkt. 282 at 4. Both parties submitted revised deadlines for the completion of document productions, and NWBO raised several deficiencies with Defendants' productions. Dkt. 286. The Court has recognized Defendants' marginal productions pose, at a minimum, legitimate cause for concern. Dkts. 282, 293. Defendants have no estimate as to when they will be able to complete their document productions.

KASOWITZ LLP
July 13, 2026
Page 2

To prevent further discovery abuses and allow the parties to focus on their document discovery efforts consistent with the Court's recent guidance (*see* Dkt. 293), and while the Court considers modifications to the discovery schedule (*see* Dkt. 269), NWBO requests that the Court deny Defendants' proposed schedule for the reasons below.

## I.    DEFENDANTS' EXPERT SCHEDULING EFFORTS ARE PREMATURE

Setting any expert discovery schedule, let alone Defendants' proposed schedule—which would require NWBO to complete expert report(s) in September—is premature given the current state of discovery.  As the Court is aware, there are numerous active disputes regarding the scope of fact document discovery.  Since the May 29, 2026 Joint Letter, Defendants have refused to run NWBO's proposed search terms, and a motion to compel will likely remain necessary.  While NWBO is diligently working to substantially complete document production by July 31, it is unclear when Defendants will complete their productions.

Given the uncertainties regarding fact discovery, the universe of topics that will require expert work is still unsettled and it is unclear how long the experts will require to draft their reports after receiving Defendants' withheld materials.  Should the Court grant Defendants' expert discovery schedule—or any schedule at this time—NWBO's experts would likely have to prepare reports without the aid of critical discovery in Defendants' possession, including their trading data and algorithms.  Critical and substantial discovery still outstanding will directly inform the scope of expert discovery and appropriate deadlines.

## II.    DEFENDANTS' PROPOSED EXPERT SCHEDULE IS NOT FEASIBLE

Should the Court conclude it is not premature to enter an expert discovery schedule, Defendants' proposal should be rejected.  Beyond calling for expert discovery less than two months from now, Defendants fashion a misleading narrative in an attempt to preclude NWBO from submitting rebuttal expert reports, for which their proposed schedule does not allow.

On July 6, the parties met and conferred regarding the expert disclosure schedule.  NWBO reiterated that these discussions were premature given the outstanding document discovery issues, including those raised to the Court on May 29.  *See* Dkt. 286.  Nevertheless, NWBO agreed that it would consider Defendants' proposal, and provided a detailed response the next day explaining its position.  Defendants cannot twist this narrative to fit their conclusion that NWBO supposedly waived its right to file rebuttal expert reports.[2]  Nor is waiver evident in the routine language that "expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s)." Dkt. 291 at 3.  The prior scheduling order is silent on the sequencing of rebuttal reports precisely because it is self-evident that a rebuttal report must follow the opposing report.  Moreover, the order expressly contemplates negotiating the schedule of expert disclosures.  There is no basis to infer waiver regarding a schedule left for future negotiation.

Accordingly, NWBO respectfully requests that the Court deny Defendants' proposed schedule. However, if the Court believes that discussions regarding the expert discovery schedule are ripe at

---

[2] Defendants also mischaracterize NWBO's contentions regarding Defendants' cramped schedule. NWBO explained that Defendants' proposed schedule could not be corrected simply by appending appropriate deadlines for rebuttal because there would be insufficient time for expert depositions.

2

KASOWITZ LLP
July 13, 2026
Page 3

this stage, NWBO respectfully requests that the Court direct the parties to further meet and confer regarding an expert schedule within 7 business days following the deadline for substantial completion, including on whether any expansion of the timeline for expert discovery is warranted.

Respectfully submitted,

Stephen W. Tountas

cc: All counsel of record (via ECF)

3