# KASOWITZ LLP

STEPHEN W. TOUNTAS
DIRECT DIAL: (212) 506-1739
DIRECT FAX: (212) 500-3550
STountas@kasowitz.com

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

August 6, 2026

**VIA ECF**

Hon. Gary Stein, U.S.M.J.
United States District Court, Southern District of New York

Re:    *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC et al.*, No. 1:22-cv-10185
       <u>Opposition to Defendants' Request for Leave to Reply</u>

Dear Judge Stein:

        We write for Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") to oppose Defendants' request for leave to reply in further support of Defendants' letter-motion seeking reconsideration of the Court's July 10 Order. Dkt. 311. The July 10 order held that evidence concerning the algorithms used to conduct at-issue trading is "plainly relevant and proportional." Dkt. 293 at 2.

        As a preliminary matter, though Rule II.C.2 of the Court's Individual Practices prohibits reply submissions without the Court's permission, Defendants improperly attached their proposed reply to their request. *See, e.g.*, *United States v. I.B.M. Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975) ("The proposed reply papers should not accompany the request for leave to submit them. To permit the reply papers to accompany the request . . . is to enable the requesting party to accomplish its goal of placing the papers before the court . . . ."); *see also SEC v. Xia*, 2022 WL 2784871, at *2 (E.D.N.Y. July 15, 2022) (striking sur-reply as "procedurally improper because it was filed alongside the request to submit it").

        Furthermore, Defendants' purported justification for their request flouts the Court's rule and reveals their efforts to delay productions this Court has ordered: "NWBO's Opposition rests on new case law and new factual arguments Defendants have not had an opportunity to address." Dkt. 311 at 1. But NWBO's opposition directly responds to Defendants' motion, and Defendants have had ample opportunity to demonstrate their position on the relevance of the algorithmic evidence at the heart of this case. *See* Dkt. 304 at 1, 3. They should not be permitted leave to reply in further support of a motion for reconsideration.

        Should the Court grant Defendants' request for leave to reply, NWBO respectfully requests that it be permitted to file a short response within three business days of the Court's order.

                                        Respectfully submitted,

                                        Stephen W. Tountas

cc: All counsel of record (via ECF)