# EXHIBIT 1

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Tuesday, August 11, 2026 9:10 PM
**To:** Mary Trainor <marytrainor@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

Counsel,

Defendants' narrative below again mischaracterizes the reality. Defendants' "compromise" offer primarily served to give Defendants more time to make productions, and thus shifted the deadlines without addressing NWBO's concerns regarding the relative truncated nature of Defendants' proposed deadlines. Defendants' complaints that NWBO offered "compressed timelines" in reminding Defendants to provide a counterproposal by the day of the Court's deadline are not well taken, especially considering Defendants have had NWBO's proposal for more than 5 days, and Defendants frequently demand that NWBO provide responses "immediately." NWBO trusts that the Court will not be influenced by Citadel's incessant efforts to manufacture an email record that conflicts with reality.

Regardless of Defendants' professed reasons for delay, the fact remains Defendants provided their counterproposal at a time that effectively precluded the opportunity for meaningful additional negotiations prior to the Court's deadline. Had Defendants truly sought compromise in good faith, they should have countered NWBO's proposal far sooner, and provided reasonable relative deadlines, not, for example, 2 weeks between Defendants' anticipated production and NWBO's deadline to serve RFAs and interrogatories.

Defendants were fully aware that proposing a later date for their own document productions would require NWBO to shift its schedule, as NWBO has been clear that its proposal is predicated on Defendants' substantial completion deadline.

NWBO will also submit its proposal to the Court this evening.

1

Regards,
Chris

**From:** Mary Trainor <marytrainor@quinnemanuel.com>
**Sent:** Tuesday, August 11, 2026 8:10 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

Chris,

Defendants do not accept NWBO's revised proposal. We offered a compromise in a good-faith effort to narrow the parties' differences and invited NWBO to confer today. We are disappointed that NWBO declined that invitation and instead extended the deadlines further. As for the suggestion that Defendants delayed, coordinating a single position across six separate Defendants and their clients necessarily takes time, and we have worked to meet NWBO's compressed deadlines, including its request—sent at 9 pm yesterday—that we respond by noon today.

Because the parties have not reached agreement, Defendants will set out their proposed schedule in their submission to the Court this evening.

Best,

Mary
**Mary Trainor**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016-7103
212-849-7481 Direct
212-849-7000 Main Office Number
860-377-5731 Mobile
212-849-7100 FAX

marytrainor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Tuesday, August 11, 2026 6:36 PM
**To:** Mary Trainor <marytrainor@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

**[EXTERNAL EMAIL from cgoetz@kasowitz.com]**

Counsel,

Defendants have had NWBO's proposal since before 11 a.m. on August 6 but delayed sending a counterproposal until 4 p.m. today, the deadline to submit the schedule to the court. Despite this, NWBO has reviewed the proposal and notes that many of the same issues raised regarding Defendants' previous proposal remain. These include but are not limited to:

- The privilege log deadline does not provide sufficient time to account for the significant amount of privileged material captured by Defendants' search terms.
- The revised RFA and Interrogatory deadline is truncated without explanation and does not provide adequate time to review Defendants' productions. Defendants do not explain the reason for deviation from the prior relative deadlines.
- The revised schedule again does not include dates for rebuttal expert reports.

3

- The revised schedule does not include the additional time NWBO contends is required for expert discovery in this case.

Defendants' contention that the parties are close on several deadlines is misleading.  NWBO's proposal was built on the substantial completion deadline of August 21st that Defendants previously proposed for their own productions.  Defendants have now altered that date to provide themselves additional time to produce.  NWBO does not object to Defendants being afforded additional time to make their productions, but subsequent deadlines need to be adjusted accordingly to reflect this change.  The _relative_ deadlines proposed remain far apart and core disputes remain.

Please find NWBO's updated proposal below, which accounts for the additional time Defendants have requested to make document productions. Please advise whether Defendants intend to accept NWBO's proposal by 8 p.m.  Due to the timing of Defendants' latest proposal, NWBO is unable to consider subsequent proposals from Defendants prior the court deadline.

NWBO will consider Citadel's proposal regarding Kloin and Yara and respond at an appropriate time.

| Event | Previous Deadline | Defs.' Aug. 5 Proposal | NWBO's Aug. 6 Counterproposal | Defendants' Aug 11 Counterproposal | NWBO's Aug 11 Counterproposal |
|---|---|---|---|---|---|
| Substantial Completion of Defendants' Productions | N/A | August 21, 2026 | August 21, 2026 | September 18, 2026 | September 18, 2026 |
| Requests for Admission and Interrogatories | July 14, 2026 | August 7, 2026 | October 20, 2026 | October 2, 2026 | November 17, 2026 |
| Privilege Logs | N/A | August 21, 2026 | October 20, 2026 | September 18, 2026 | November 17, 2026 |
| Fact Discovery & Depositions | August 28, 2026 | October 2, 2026 | December 4, 2026 | October 30, 2026 | January 8, 2027* |
| NWBO Expert Disclosures (CVs and anticipated topics for each expert) | N/A | October 9, 2026 | January 18, 2026 | November 6, 2026 | February 22, 2027 |
| NWBO Expert Report(s) and Production of Underlying Documents | N/A | October 30, 2026 | February 2, 2026 | November 30, 2026 | March 9, 2027 |
| Defendants' Expert Disclosures | N/A | November 13, 2026 | March 19, 2027 | December 11, 2026 | April 23, 2027 |

4

| | | | | | |
|---|---|---|---|---|---|
| (CVs and anticipated topics for each expert) | | | | | |
| Defendants' Expert Report(s) and Production of Underlying Documents | N/A | December 4, 2026 | April 3, 2027 | January 4, 2027 | May 10, 2027 |
| Plaintiff's Rebuttal Expert Disclosures (CVs and anticipated topics for each expert) | N/A | N/A | April 19, 2027 | None proposed | May 26, 2027 |
| NWBO's Rebuttal Expert Report(s) and Production of Underlying Documents. | N/A | N/A | May 3, 2027 | None proposed | June 9, 2027 |
| Expert Discovery & Depositions | November 27, 2026 | January 15, 2027 | June 2, 2027 | February 12, 2027 | July 9, 2027 |
| Motions for Summary Judgment | January 12, 2027 | February 26, 2027 | July 19, 2027 | March 26, 2027 | August 23, 2027 |

*This date is pushed back from January 1 to account for the holiday season*.

**From:** Mary Trainor <marytrainor@quinnemanuel.com>
**Sent:** Tuesday, August 11, 2026 4:00 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E.

<KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

Counsel,

In a good-faith effort to resolve this dispute without burdening the Court, Defendants offer a proposed compromise schedule below. The parties appear to be close on several of these deadlines, and Defendants are prepared to work toward agreement on those and to narrow the disputes for the Court's resolution. If NWBO agrees to the schedule below, or to substantially all of it, we would submit a joint schedule; to the extent disputes remain, the parties can present them to the Court.

Please confirm by 6 p.m. ET whether NWBO agrees to the below schedule, in whole or in part, and if it would be helpful to confer further today to try to reach agreement. If the parties reach agreement, we will submit a joint schedule. Absent agreement, Defendants will propose this schedule to the Court this evening. Please also let us know by 6 p.m. whether NWBO agrees to Citadel Securities' compromise proposal to add Mr. Yara as a custodian if NWBO withdraws its request to add Mr. Kloin as a custodian and deponent.

| Event | Current Deadline | Defendants' Proposal | NWBO's Proposal | Defendants' Counterproposal |
|---|---|---|---|---|
| Substantial Completion of NWBO Productions | July 31, 2026 | July 31, 2026 (completed) | July 31, 2026 | July 31, 2026 |
| Completion of Defendants' Productions in Response to NWBO's July 25 Search Terms | N/A | August 21, 2026 | August 21, 2026 | September 18, 2026 |
| Requests for Admission and Interrogatories | July 14, 2026 | September 4, 2026 | October 20, 2026 | October 2, 2026 |
| Privilege Logs | N/A | August 21, 2026 | October 20, 2026 | September 18, 2026 |
| Fact Discovery & Depositions | August 28, 2026 | October 2, 2026 | December 4, 2026 | October 30, 2026 |

6

| Event | Current Deadline | Defendants' Proposal | NWBO's Proposal | Defendants' Counterproposal |
|---|---|---|---|---|
| NWBO Expert Disclosures (CVs and anticipated topics) | N/A | October 9, 2026 | January 18, 2027 | November 6, 2026 |
| NWBO Expert Report(s) and Production of Underlying Documents | N/A | October 30, 2026 | February 2, 2027 | November 30, 2026 |
| Defendants' Expert Disclosures (CVs and anticipated topics) | N/A | November 13, 2026 | March 19, 2027 | December 11, 2026 |
| Defendants' Expert Report(s) and Production of Underlying Documents | N/A | December 4, 2026 | April 3, 2027 | January 4, 2027 |
| Plaintiff's Rebuttal Expert Disclosures (CVs and anticipated topics) | N/A | None proposed | April 19, 2027 | None proposed |
| NWBO's Rebuttal Expert Report(s) and Production of Underlying Documents | N/A | None proposed | May 3, 2027 | None proposed |
| Expert Discovery & Depositions | November 27, 2026 | January 15, 2027 | June 2, 2027 | February 12, 2027 |
| Motions for Summary Judgment | January 12, 2027 | February 26, 2027 | July 19, 2027 | March 26, 2027 |

Thank you,

Mary

**Mary Trainor**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016-7103
212-849-7481 Direct
212-849-7000 Main Office Number
860-377-5731 Mobile
212-849-7100 FAX
marytrainor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Mary Trainor
**Sent:** Tuesday, August 11, 2026 12:30 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

Chris,

Defendants do not agree that NWBO's proposed schedule is acceptable. Defendants are considering whether we can narrow the disputed issues on the schedule, and will be back to you with our final proposed schedule soon, but wanted to respond as close to noon as possible as you requested.

8

We also do not accept the characterization that Defendants' productions are incomplete, or that the Court ordered Defendants to produce "source code used in trading NWBO." With respect to certain other issues raised in your email:

**Time Period.** The July 10 Order directed NWBO—not Defendants—to "make a more narrowly tailored proposal" if it wished to seek a search beyond the periods Defendants proposed. ECF 293 ¶ 2. NWBO has proposed only the entire Relevant Period, which contravenes the Court's order. And as you should know from Defendants' productions, it is inaccurate to assert that Defendants limited their productions of documents and communications "to the 2 minutes around executing purchases identified in the Second Amended Complaint."

**Scott Kloin and Dan Yara.** Mr. Kloin is not on Citadel Securities' initial disclosures, is not an agreed custodian, and NWBO's request to add him is not supported: NWBO requested him as a custodian on May 21; Citadel Securities rejected that request on May 28; NWBO did not follow up for months. Moreover, as NWBO acknowledged on the call, Mr. Kloin's name appears in a single produced document—a January 2022 annual compliance training presentation. As a compromise, however, Citadel Securities is prepared to add Mr. Yara as a custodian if NWBO withdraws its request to add Mr. Kloin as a custodian and deponent.

**Richard Rebatta.** Your assertion regarding Mr. Rebatta is likewise inaccurate. Mr. Rebatta is not on Virtu's initial disclosures, he is not one of the eight employees Virtu identified in its November 5, 2025 responses to NWBO's interrogatories as having relevant knowledge, he was not involved in trading NWBO stock, and he was not an agreed-upon document custodian. You acknowledged on the call that NWBO's sole basis for seeking to depose Mr. Rebatta is the description of his job on a single page of a 2020 annual compliance meeting presentation.  That is not a sufficient basis to assume that Mr. Rebatta has knowledge or information relevant to this case that is not duplicative of other witnesses.

**Depositions.** We renew our request for deposition dates for NWBO and its witnesses, which has been outstanding since July 17.

We will continue to confer separately on the remaining items in your email, including the technical defects in NWBO's search terms and STR breakdowns. None of those items requires any further extension of the schedule.

Best,

Mary
**Mary Trainor**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016-7103
212-849-7481 Direct
212-849-7000 Main Office Number
860-377-5731 Mobile
212-849-7100 FAX
marytrainor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you

9

have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Monday, August 10, 2026 9:06 PM
**To:** Mary Trainor <marytrainor@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

**[EXTERNAL EMAIL from cgoetz@kasowitz.com]**

Counsel,

Following up on our Thursday meet and confer, in advance of the Court's deadline for a revised schedule, and in response to Citadel's e-mail this afternoon, please find our responses and follow up requests below:

1) **Proposed Schedule**: Please advise whether NWBO's proposed schedule is acceptable by **noon tomorrow**.

   a. As we discussed during last week's M&C, the proposed schedule is based on the relative deadlines and sequence of the previous schedule, except for the expert discovery period. As the case has developed, it has become clear that a slightly expanded expert discovery schedule is needed.

   b. We also discussed that NWBO's proposed schedule is premised on the August 21st date by which Defendants represented they can complete their outstanding productions. We note, however, that Defendants' ability to comply with this timeline appears questionable. We have still not seen hit reports or explanations of any outstanding technical issues from many Defendants, the parties have

10

discussed potentially revising terms which Defendants claim are overly burdensome, and Defendants' proposed production timeline appears to not account for the Court's order to produce relevant source code used in trading NWBO.  If Defendants believe they need more time to produce documents in response to the hits along with other relevant materials, such as code, **please provide an estimate of additional time required <u>by noon tomorrow</u>** and we can adjust our proposal proportionately.

c.  We note that Defendants have now repeatedly commented that NWBO provided its counterproposal for a schedule ten minutes before Thursday's 11 a.m. call, but have neglected to acknowledge that Defendants only provided their proposal at 11:30 p.m. the night before.  NWBO responded with a written counterproposal and walked through its changes in full on the call less than two business hours after receiving Defendants' proposal.  Defendants have now had more than four days to consider NWBO's schedule, yet are unable to provide a response.

d.  As discussed, NWBO's reasons for departing from Defendants' proposal include, but are not limited to, the following:

i.  Defendants' proposal at 11:30 p.m. on August 5th that all parties should complete all outstanding requests for admissions and interrogatories by August 7th is not a good faith proposal.  It is also impossible to square with Defendants' position in their motion for reconsideration regarding interrogatories.  Further, the original schedule contemplated a period between substantial completion of discovery for parties to prepare interrogatories and RFAs based on document productions received.  Defendants did not explain why that timeline is not appropriate.

ii.  Defendants' continued assertions that they have substantially completed discovery are untenable while they continue to resist efforts to produce documents in response to NWBO's search terms and materials relating to algorithms and clarify their positions on custodians and whether they will maintain their discovery objections or non-answers following agreement on search terms.

iii.  As discussed before, Defendants' expert discovery period does not contemplate rebuttal reports.

iv.  Defendants' proposed privilege log deadline does not provide sufficient time considering the volume of privileged documents Defendants' terms implicated.

2)  **Defendants' Discovery – Relevant Period**: Based on Defendants' email below and positions taken during the M&C, we understand Defendants to refuse to provide a counterproposal to NWBO's limitation for discovery to the SAC's Relevant Period, and thus we are at an impasse.  Defendants have no basis for their claim that NWBO did not narrow its proposal as compared to the time period previously presented to the court.  The SAC's Relevant Period is narrower than the time period requested in Dkt. 286 at 6.  Any suggestion

11

that relevant data, documents, or communications are limited to the 2 minutes around executing purchases identified in the Second Amended Complaint is not tenable.

3) **STR Breakdown**: We asked that Defendants that contend that specific strings are overbroad provide STR breakdowns that will allow NWBO to consider any appropriate modifications. Please advise when such breakdowns will be provided.

4) **Search Terms:** Defendants' contentions regarding NWBO's efforts to advance search term discussions are inaccurate.

   a. NWBO provided a modified version of search terms on July 27 designed to address technical issues experienced by certain Defendants and requested search hits from the remaining Defendants. We are still waiting. NWBO also explained that it required search hits from all Defendants, consistent with the Court's orders and Defendants' own demands in this action. Still, to further discussions, NWBO requested a breakdown of hit counts by term combination from Defendants who have provided counts to advance discussions and identify whether specific terms warranted adjustment. Any appropriate modification to search terms requires good faith input from Defendants.

   b. NWBO also explained that universal imposition of NWBO limiters (already included in most search strings) is not an appropriate blanket. Defendants have stated that relevant materials exist that are applicable to but not limited to NWBO. Defendants cannot refuse to produce relevant information, such as source code and investigation materials, that are not unique to NWBO trading.

5) **Hit Counts/Technical Issues**: NWBO reiterates its request that any Defendants yet to provide hit counts provide their hits or explain their technical issues in writing, as NWBO verified that the searches are operable on Relativity. As also relevant to the issues discussed above, NWBO also asked that Defendants confirm the custodians and date ranges of their searches when providing hit counts.

6) **Citadel and Virtu Custodians/Deponents**: NWBO asks that Citadel and Virtu provide their positions on Richard Rebatta, Scott Kloin, and Dan Yara.

   - Citadel's contention that it is still considering whether to include Dan Yara as a custodian is untenable considering that it submitted a declaration from Mr. Yara in support of its motion for reconsideration, and it is plain that he has responsive knowledge and information.

   - NWBO takes issue with Citadel's characterization of the discussion regarding Mr. Kloin. As NWBO explained, Mr. Kloin's documents were included on Citadel's hit report for NWBO's proposed search terms for Defendants on May 28th (and NWBO has not since agreed to his removal). Moreover, Mr. Kloin is listed as person with relevant information in Citadel's interrogatory responses. Citadel did not dispute either of these points, nor did it make a showing that Mr. Kloin's inclusion as a custodian and deponent is disproportionate.

12

- Defendants' characterization of the discussion regarding Mr. Rebatta is inaccurate, as NWBO pointed out that Mr. Rebatta is the only compliance employee listed within the limited materials produced by Virtu as having a specific focus in market manipulation within the scope of his duties.  Virtu offered no contention that Mr. Levine had a comparable specialization within the description of his duties, or basis to suggest his materials would fully duplicate those of Mr. Rebatta.

- NWBO also takes issue with Defendants' characterization of the scheduling discussion.  NWBO informed Defendants that it is seeking witness availability consistent with its proposed case management schedule.  Citadel and Virtu, in turn, have refused outright to inquire into the availability of their own witnesses or provide a basis for deposing the five NWBO individuals, despite demanding the same of NWBO.

7) **Additional Corrections to Defendants' "Memorialization":**  Once more, NWBO must correct Citadel's misstatements in its "memorialization" of the meet and confer not already addressed above.

   a. **Defendants' "Substantial Completion":** Defendants' efforts to relitigate the adequacy of their "substantial completion" fall flat for the same reasons as previously discussed, including as raised before the Court.  This section of Defendants' memorialization bears no resemblance to the conversation at issue or the facts.  As Defendants have made only meager productions, and have not produced any documents in response to NWBO's proposed search terms, Defendants have not completed their productions.  NWBO has produced thousands of documents, while Defendants have made extremely limited productions and have broadly refused to date to produce relevant information, including that discussed more than a year ago in open court.  Defendants cannot premise proposals to truncate discovery schedules or feign compliance with their discovery obligations based on these meager document productions.

   b. **Non-Custodial Documents:**  NWBO provided specific categories of potentially non-custodial materials that are missing from Defendants' productions, including compliance policies and records, SEC materials, algorithms – including failure to provide *any* of the relevant source code – and trading data beyond the miniscule productions made by Defendants.  If there are other relevant non-custodial documents responsive to NWBO's RFPs, they must be produced.

   c. **Relevance Redactions/Family Withholds:**  Defendants misstate NWBO's position.  NWBO requested that Defendants who contend they may redact based on relevance or withhold family documents as purportedly non-responsive reach out to NWBO affirmatively to address those issues in advance of their forthcoming productions.  Otherwise NWBO assumes all parties will comply with the ESI protocol and protective order, which make no such allowances.

Regards,
Chris

13

**From:** Mary Trainor <marytrainor@quinnemanuel.com>
**Sent:** Monday, August 10, 2026 4:42 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

Counsel,

Thank you for speaking with us on Thursday. We write to memorialize our discussion during the meet and confer.

**Case Schedule**

As explained during the call, we received NWBO's proposed schedule less than ten minutes before the call and have not had an opportunity to discuss it with our clients. We will review it in detail and provide our position separately. During the call, we discussed the following deadlines:

1. **NWBO's Substantial Completion Deadline (July 31):** We asked whether NWBO substantially completed its production on July 31, and you confirmed that it did. We asked whether NWBO anticipates producing additional documents. NWBO said that it completed its production and that the only remaining potential production is privilege roll-off, to be produced as NWBO de-designates any documents.

   1. **Text Messages:** We noted that, although our review is preliminary, we believe that NWBO's productions to date do not include any text messages. NWBO responded that it has reviewed all documents hit by the search terms, including text messages, and that all text messages were determined to be either non-responsive or privileged.

14

2. **Completion of Defendants' Productions in Response to NWBO's July 25 Search Terms (August 21):** NWBO asserted that Defendants have not substantially completed their productions, notwithstanding that Defendants in fact *completed* their productions by May 18. During our call, NWBO claimed that Defendants had not completed their productions because certain "noncustodial" materials had not been produced—which it described generally as trading data, source code, and other unspecified documents outside electronic communications—without tying any of these to an actual gap in Defendants' productions. Defendants explained that no such gap exists: (a) trading data has been produced, and it is NWBO—not Defendants—that has yet to propose a narrowed time period in accordance with the Court's order (ECF 293 at 1-2); (b) NWBO did not propose additional search terms until May 21, after Defendants completed their productions, and Defendants have nonetheless agreed to produce relevant communications, if any exist, relating to algorithms or code used to trade NWBO stock by or before any agreed upon substantial completion deadline associated with the new search terms, as this issue was not raised until June 29; and (c) Defendants completed their noncustodial production as of May 18. NWBO offered nothing to rebut these points.

3. **August-to-October Gap (RFAs/Interrogatories and Privilege Logs):** We asked NWBO to explain the roughly two-month gap between its proposed deadlines for production completion and for serving RFAs/interrogatories and privilege logs (August 21 to October 20). NWBO stated this mirrors the relative timing used in the prior case schedule, allowing time to review productions before responding to RFAs/Rogs, but that does not apply to the privilege log deadline, as privilege logs were never included on the earlier schedule. As to RFAs and interrogatories, Defendants completed their productions on May 18, any further productions trace to NWBO's own delay in providing search terms, and Defendants have already been able to serve their RFAs and interrogatories on that record. NWBO cannot push deadlines that Defendants are prepared to meet simply because NWBO has chosen to slow-walk discovery.

On privilege logs we also asked why NWBO's proposed timeline calls for roughly three months to complete a privilege log where NWBO indicated its document production (aside from the privilege roll-off) is otherwise complete as of July 31. NWBO stated it wants all parties on the same deadline. Defendants then asked whether NWBO would agree to an earlier date for privilege logs if Defendants could commit to one, and NWBO said it could not commit and that a privilege log would take at least two months.

**Time Period**

NWBO reiterated its position that it has complied with the Court's order, which ordered NWBO to "make a more narrowly tailored proposal," by narrowing discovery to the entire 4.5 year Relevant Period. Defendants disagree. The Court's order placed the burden on NWBO, not Defendants: "If NWBO wishes to move to compel a search beyond the periods proposed by Defendants as set forth on page 6 of the joint letter, NWBO will need to make a more narrowly tailored proposal and first meet and confer with Defendants about that proposal." ECF 293 ¶ 2. NWBO has proposed only the entire "Relevant Period."

**Depositions**

15

Defendants noted that three emails requesting deponent availability for NWBO witnesses have gone unanswered. NWBO asserted that it did not respond to Defendants' emails because it does not believe depositions are appropriate at this time and because Defendants have not completed their productions.

Citadel Securities also pressed NWBO on its demand to depose its former Chief Compliance Officer Scott Kloin. As we've explained, Mr. Kloin was not on Citadel Securities' initial disclosures and is not an agreed custodian and NWBO in fact abandoned its pursuit of Mr. Kloin's documents months ago. NWBO requested him as a custodian on May 21. During a May 27 meet and confer, NWBO's only stated basis for adding him was that he purportedly appeared on Citadel Securities' initial disclosures and was involved in compliance—but he was not on those disclosures, and Citadel Securities rejected the request on May 28, more than two months ago. NWBO never followed up. As NWBO conceded, Citadel Securities' productions confirm Mr. Kloin's minimal relevance: his name appears in a single produced document, a January 2022 Annual Compliance Training presentation. NWBO has not explained why that one document warrants a deposition, and deposing Mr. Kloin on that showing is disproportionate to the needs of the case.

Virtu separately raised comparable questions regarding NWBO's requested deponent, Richard Ribatta. NWBO maintained, without support, that Mr. Ribatta has information independent of his supervisor, Matt Levine, but identified nothing in the record substantiating that claim.

**Search Terms**

We explained that Citadel Securities, Virtu, and Lime had provided hit reports on July 17 and asked NWBO why it has not proposed any narrowing of the search terms as Defendants have requested since providing initial hit reports.  NWBO stated it is unwilling to engage on any search terms until it receives hit reports from all Defendants and can "contextualize" the results. NWBO also stated it will not agree to adding an "NWBO" limiter to the search strings as a form of narrowing. NWBO requested that Defendants provide a further breakdown of hit counts by term combination to identify which combinations are driving the volume of hits.

**Redactions**

NWBO stated it would follow up directly with the relevant Defendants on this issue.

**Dan Yara**

Citadel Securities is still considering NWBO's request to add Dan Yara as a custodian.

**Mary Trainor**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016-7103
212-849-7481 Direct
212-849-7000 Main Office Number
860-377-5731 Mobile
212-849-7100 FAX
marytrainor@quinnemanuel.com
www.quinnemanuel.com

16

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

**From:** Christopher Goetz <CGoetz@kasowitz.com>
**Sent:** Thursday, August 6, 2026 10:52 AM
**To:** Mary Trainor <marytrainor@quinnemanuel.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com; jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com; Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com; peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com; kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com; filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman <GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E. <KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi <bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley <burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>; Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

**[EXTERNAL EMAIL from cgoetz@kasowitz.com]**

All,

For the purposes of today's meeting, please see NWBO's comments and responses below:

**Case Management Schedule**

Please find NWBO's proposal for the revised case management schedule.

| Event | Previous Deadline | Defendants' Proposed Deadline | NWBO's Proposed Deadline |
|---|---|---|---|
| Substantial Completion of NWBO Productions | July 31, 2026 | July 31, 2026 | July 31, 2026 |
| Substantial Completion of Defendants' Productions | N/A | August 21, 2026 | August 21, 2026 |

17

| | | | |
|---|---|---|---|
| [Defendants: Completion of Defendants' Productions in Response to NWBO's July 25 Search Terms] | | | |
| Requests for Admission and Interrogatories | July 14, 2026 | August 7, 2026 | October 20, 2026 |
| Privilege Logs | N/A | August 21, 2026 | October 20, 2026 |
| Fact Discovery & Depositions | August 28, 2026 | October 2, 2026 | December 4, 2026 |
| NWBO Expert Disclosures (CVs and anticipated topics for each expert) | N/A | October 9, 2026 | January 18, 2026 |
| NWBO Expert Report(s) and Production of Underlying Documents | N/A | October 30, 2026 | February 2, 2026 |
| Defendants' Expert Disclosures (CVs and anticipated topics for each expert) | N/A | November 13, 2026 | March 19, 2027 |
| Defendants' Expert Report(s) and Production of Underlying Documents | N/A | December 4, 2026 | April 3, 2027 |
| Plaintiff's Rebuttal Expert Disclosures (CVs and anticipated topics for each expert) | N/A | N/A | April 19, 2027 |
| NWBO's Rebuttal Expert Report(s) and Production of Underlying Documents. | N/A | N/A | May 3, 2027 |
| Expert Discovery & Depositions | November 27, 2026 | January 15, 2027 | June 2, 2027 |
| Motions for Summary Judgment | January 12, 2027 | February 26, 2027 | July 19, 2027 |

**Requests for Production**

Defendants request "the specific RFPs at issue for each string."  NWBO disagrees with the suggestion that RFPs are only "at issue" with respect to specific strings.  However, the RFPs most primarily associated with each string include:

- **String 1:** 1, 2, 3, 4, 6, 9, 14, 15, 22, 29
- **String 2:** 1, 12, 13, 18, 20, 21
- **String 3:** 9, 12, 13, 16, 17, 18, 21, 31
- **String 4:** 8, 12, 13, 18

18

- **String 5:** 5, 9, 10, 11, 17, 30
- **String 6:** 6, 7, 20, 22, 23, 24, 25, 26, 27, 29, 30
- **String 7:** 7, 17, 19, 21, 25, 26, 30

For avoidance of doubt, the inclusion of an RFP in the list above for the parties' convenience does not mean that documents that would be responsive under a different RFP may be withheld or not produced as "not at issue." Nor does NWBO waive any rights with respect to RFPs not expressly listed above. The strings also do not purport to cover relevant materials that may be more appropriate for manual pulls or supplementation with manual pulls, including trading data, code, profit and loss, etc. Defendants' agreement to run search terms would not be meaningful if they intend to maintain their near blanket objections to producing relevant material (or in some cases, noncommittal response that they would meet and confer). *E.g.*, Citadel's response to RFP 21 ("Citadel Securities will conduct a proportional search with reasonable custodians for non-privileged documents and communications pertaining to regulatory inquiries or investigations regarding market manipulation *in connection with NWBO shares*, to the extent any exist." (emphasis added)).

**Relevant Time Period**

Defendants have NWBO's proposal on the time period. NWBO has explained multiple times why it needs more information than Defendants provided, both for trading data and docs/communications, which has also been covered on previous court conferences. *See*, *e.g.*, Dkt. 269 at 2; Dkt. 286 at 6; Dkt. 205 at 12-13; Dkt. 216 at 40:23-25; *id.* at 43:1-44:22; Dkt. 225 at 29:4-5. Defendants produced minute snapshots on specific days. And NWBO did not limit its productions to the pricing days. If Defendants do not have a counterproposal, we consider this issue at an impasse and can save time on the call.

**Redactions and Family Withholding**

Rather than address this issue with individual Defendants at this full group meet and confer, NWBO proposes that any Defendant who contends they may redact documents or withhold family documents based on asserted non-responsiveness reach out to NWBO to confer on the issue separately. *See*, *e.g.*, prior productions made by Instinet, GTS, Virtu, and Lime. NWBO will assume that Defendants who do not will make productions without redactions for responsiveness and without withholding family members based on responsiveness.

Regards,
Chris

**From:** Mary Trainor <marytrainor@quinnemanuel.com>
**Sent:** Wednesday, August 5, 2026 11:31 PM
**To:** Christopher Goetz <CGoetz@kasowitz.com>; Ted Ovrom <tedovrom@quinnemanuel.com>; Miriam Bial <miriambial@quinnemanuel.com>; Gordon, Andrew <agordon@paulweiss.com>; Soloway, Audra J <asoloway@paulweiss.com>; Carey, Jessica <jcarey@paulweiss.com>; Negless, Daniel <dnegless@paulweiss.com>; Benedon, Alison R. <abenedon@paulweiss.com>; William Burck <williamburck@quinnemanuel.com>; Peter Fountain <peterfountain@quinnemanuel.com>; Leigha Empson <leighaempson@quinnemanuel.com>; Madeleine Zabriskie <madeleinezabriskie@quinnemanuel.com>; jyoungwood@stblaw.com; shuhao.fan@stblaw.com;

19

jacob.lundqvist@stblaw.com; Alison Sher <alison.sher@stblaw.com>; Alison.Draikiwicz@stblaw.com;
Conor.Mercadante@stblaw.com; Shuhao Fan <shuhao.fan@stblaw.com>; meredith.karp@stblaw.com;
peter.wilson@katten.com; blevine@katten.com; christian.kemnitz@katten.com;
kevin.broughel@katten.com; zoe.lo@katten.com; Leigh.brissenden@katten.com; edlinr@gtlaw.com;
filord@gtlaw.com; barnesn@gtlaw.com; Stephen.Day@gtlaw.com; Goldberger, M. Norman
<GoldbergerM@ballardspahr.com>; Peerce, Marjorie <PeerceM@ballardspahr.com>; Krabill, Laura E.
<KrabillL@ballardspahr.com>; Engelmyer, Lauren <engelmyerl@ballardspahr.com>; Bhaskaran, Rushmi
<bhaskaranr@ballardspahr.com>; Hayne, Kevin <haynek@ballardspahr.com>; Burruss, Chesley
<burrussc@ballardspahr.com>
**Cc:** Stephen W. Tountas <STountas@kasowitz.com>; Andrew L. Schwartz <ASchwartz@kasowitz.com>;
Andrew C. Bernstein <ABernstein@kasowitz.com>; Daniel M. Furey <DFurey@kasowitz.com>; Alexa
Devito <ADevito@kasowitz.com>; Dana Simcox <DSimcox@kasowitz.com>
**Subject:** RE: NWBO - Meet and Confer re: Defendants' Document Productions

Counsel,

Please see below Defendants' proposed revised case management schedule to discuss during the
meet and confer tomorrow.

| Event | Existing Deadline | Proposed Deadline |
|---|---|---|
| Substantial Completion of NWBO Productions | July 31, 2026 | July 31, 2026 |
| Requests for Admission and Interrogatories | July 14, 2026 | August 7, 2026 |
| Completion of Defendants' Productions in Response to NWBO's July 25 Search Terms | N/A | August 21, 2026 |
| Privilege Logs | N/A | August 21, 2026 |
| Fact Discovery & Depositions | August 28, 2026 | October 2, 2026 |
| NWBO Expert Disclosures (CVs and anticipated topics for each expert) | N/A | October 9, 2026 |
| NWBO Expert Report(s) and Production of Underlying Documents | N/A | October 30, 2026 |
| Defendants' Expert Disclosures (CVs and anticipated topics for each expert) | N/A | November 13, 2026 |
| Defendants' Expert Report(s) and Production of Underlying Documents | N/A | December 4, 2026 |

| Expert Discovery & Depositions | November 27, 2026 | January 15, 2027 |
| Motions for Summary Judgment | January 12, 2027 | February 26, 2027 |

**Mary Trainor**
*Associate*
Quinn Emanuel Urquhart & Sullivan, LLP

295 Fifth Avenue
New York, NY 10016-7103
212-849-7481 Direct
212-849-7000 Main Office Number
860-377-5731 Mobile
212-849-7100 FAX
marytrainor@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.