August 11, 2026

Hon. Gary Stein, United States Magistrate Judge
United States District Court, Southern District of New York

Re:     *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC, et al.*, No. 1:22-cv-10185—
        <u>Defendants' Proposed Case Management Schedule</u>

Dear Judge Stein:

We write on behalf of all Defendants pursuant to the Court's July 30, 2026 Order (ECF 308), which directed the parties to submit a new proposed case management plan by August 11, 2026.  Defendants proposed a schedule; NWBO countered with substantially later deadlines.  In a good-faith effort to reach agreement and avoid burdening the Court with this dispute, Defendants then moved their proposed dates back four weeks, offered to compromise further on the deadlines where the parties were close, and proposed to confer by telephone today.  *See* Ex. A.[1]  NWBO declined the offer, and the parties did not reach agreement.  *Id*.

Defendants respectfully submit their proposed schedule below, which reflects their proposed accommodation and is consistent with the Court's recent orders.

The principal disputes concern the deadlines for requests for admission, interrogatories, and privilege logs; the close of fact discovery; and the structure of the expert discovery period, including NWBO's proposed plaintiff-side rebuttal reports.  As set forth below, the disputes that remain reflect NWBO's failure to take the steps needed to move the case forward.

| Event | Current Deadline | NWBO's Proposal | Defendants' Proposal |
|---|---|---|---|
| Substantial Completion of NWBO Productions | July 31, 2026 | July 31, 2026 | July 31, 2026 |
| Completion of Defendants' Productions in Response to NWBO's July 25 Search Terms | N/A | September 18, 2026 | September 18, 2026 |
| Requests for Admission and Interrogatories | July 14, 2026 | November 17, 2026 | October 2, 2026 |
| Privilege Logs | N/A | November 17, 2026 | September 18, 2026 |
| Fact Discovery & Depositions | August 28, 2026 | January 8, 2027 | October 30, 2026 |
| NWBO Expert Disclosures (CVs and anticipated topics) | N/A | February 22, 2027 | November 6, 2026 |
| NWBO Expert Report(s) and Production of Underlying Documents | N/A | March 9, 2027 | November 30, 2026 |
| Defendants' Expert Disclosures (CVs and anticipated topics) | N/A | April 23, 2027 | December 11, 2026 |
| Defendants' Expert Report(s) and Production of Underlying Documents | N/A | May 10, 2027 | January 4, 2027 |

---

[1]  Exhibit A contains excerpts of an email chain between NWBO and Defendants.  For ease of reference, all emails prior to August 5, 2026 have been excised from the Exhibit, as they do not discuss the scheduling dispute at issue.

| Event | Current Deadline | NWBO's Proposal | Defendants' Proposal |
|---|---|---|---|
| Plaintiff's Rebuttal Expert Disclosures (CVs and anticipated topics) | N/A | May 26, 2027 | None proposed |
| NWBO's Rebuttal Expert Report(s) and Production of Underlying Documents | N/A | June 9, 2027 | None proposed |
| Expert Discovery & Depositions | November 27, 2026 | July 9, 2027 | February 12, 2027 |
| Motions for Summary Judgment | January 12, 2027 | August 23, 2027 | March 26, 2027 |

Trading Data.  Defendants completed their productions of trading data tailored to the surviving claims, including internal data allowing NWBO to trace the complete lifecycle of every alleged Baiting Order and Executing Purchase in every surviving Spoofing Episode, by April 2026. *See* ECF 188 at 32-33.  On May 20, 2026, the Court directed that any dispute over Defendants' trading-data productions "be resolved immediately."  ECF 282 at 4.  It then rejected NWBO's demand that Defendants produce data for "the entire eight and one-half year period from December 2017 to the present" as "not reasonable or proportional to the claims and defenses in this action." ECF 293 ¶ 3.  The Court directed that if NWBO sought a broader scope than Defendants proposed, it "will need to make a more narrowly tailored proposal and first meet and confer with Defendants."  *Id.* ¶¶ 2-3.  NWBO has not made a narrowed proposal and continues to demand trading data for the entire Relevant Period.  Nor has NWBO pursued its asserted concerns with Defendants' data through the meet-and-confer process the Court twice directed; it has raised those concerns only in its court filings, and never in any conferral.

Search Terms.  Defendants completed their document productions based on search terms Defendants proposed in February 2026, to which NWBO did not object.  ECF 270-1 at 17; ECF 270 at 2-3.  NWBO proposed new search terms, and Citadel Securities, Virtu, and Lime provided hit counts on July 17.  ECF 300-6 at 1-3.  The remaining Defendants advised NWBO that its terms could not be run as written because of technical defects.  *Id.*  Since then, NWBO proposed no narrowing or technical corrections for its most problematic terms, and also rejected a threshold "NWBO" limiter comparable to one ordered in *Harrington*.  *See Harrington Glob. Opportunity Fund, Ltd. v. BofA Sec., Inc.*, No. 21-cv-00761-LGS (S.D.N.Y.), ECF 278.

Depositions.  Citadel Securities served a Rule 30(b)(6) deposition notice on NWBO on July 2, 2026, and NWBO responded that it was not available on the requested date.  Ex. B at 5-6. Defendants then requested NWBO's availability for depositions on July 17, 21, and 27.  *Id.* at 1-4.  NWBO did not respond to any of those requests and, on August 6, took the position that depositions are not appropriate "at this time."  Ex. A at 9.  Yet on July 31, NWBO requested depositions of six Citadel Securities and Virtu witnesses, including former employees with limited relevance to this case.  Depositions can begin now, and six weeks after Defendants complete their supplemental productions is ample time for both sides to complete depositions and fact discovery.

Fact Discovery.  Defendants completed their document productions by May 18, 2026, and will complete any supplemental productions of documents responsive to NWBO's search strings by September 18, 2026.  The September 18 date is a deadline for those supplemental productions only; it is not, as NWBO labels it, a "substantial completion" deadline for Defendants, who

2

substantially completed their productions in May based on search terms they understood to be agreed. *See* ECF 282 at 4.

There is also no basis to defer the remaining fact-discovery deadlines, or summary judgment, as NWBO proposes. Requests for admission and interrogatories can be served promptly after the September 18 production date; Defendants propose October 2, a reasonable interval to account for those productions while keeping fact discovery on track to close October 30. Defendants propose the same September 18 date for exchange of privilege logs.

NWBO also builds in two months between the September 18 production deadline and its proposed November 17 deadline for requests for admission, interrogatories, and privilege logs. That is unwarranted: a two week period after the September 18 production date is more than adequate to serve any remaining requests for admission and interrogatories, and NWBO identifies no reason it needs until November 17.

Expert Discovery.   Defendants' proposal is consistent with the three-month period provided by the operative scheduling order (ECF 254), with sequential opening and responsive reports. NWBO's proposal would nearly double the length of expert discovery and add a plaintiff-side rebuttal report round that the operative schedule does not provide for. Expert schedules in securities actions commonly proceed with opening and responsive reports and no plaintiff rebuttal round. *See, e.g., In re Turquoise Hill Res. Ltd. Sec. Litig.*, No. 20-cv-08585-LJL (S.D.N.Y. May 12, 2023), ECF 248; *Helo v. Sema4 Holdings Corp.*, No. 3:22-cv-1131-VDO (D. Conn. Aug. 25, 2025), ECF 88; *Ferraro Fam. Found., Inc. v. Corcept Therapeutics Inc.*, No. 3:19-cv-01372-JD (N.D. Cal. Apr. 20, 2022), ECF 169. Because NWBO bears the burden of proof, Defendants' responsive reports are the appropriate final submissions; further rebuttal reports are unnecessary and would push expert discovery—and summary judgment—into mid-2027, more than four and a half years after this case was initially filed. Defendants' proposal is proportional to the needs of the case and consistent with the interests of prompt, orderly resolution.

*        *        *

NWBO's proposal would push the close of fact discovery to January 8, 2027 and summary judgment briefing to August 2027—roughly seven months beyond the current schedule, and further still beyond the deadlines the Court's recent orders contemplated. That delay is itself unduly prejudicial. In considering a proposed schedule, the Court may weigh prejudice to the opposing party, which arises where it would "significantly delay the resolution of the dispute" or require the opposing party to "expend significant additional resources." *See Tatintsian v. Vorotyntsev*, 2024 WL 4467626, at *2 (S.D.N.Y. Oct. 9, 2024) (Woods, J.) (citation omitted).

Both are true here, and this is not the first time. Defendants granted NWBO a four-month courtesy extension in September 2025, to January 16, 2026. ECF 253-1 at 15. Days before that extended deadline, NWBO sought four more months, which the Court granted, yielding the current May 18, 2026 substantial-completion deadline. ECF 252-254. Shortly before that deadline, NWBO sought a 150-day extension. ECF 270-3 at 2. NWBO now seeks to extend all deadlines yet again. Defendants have made every effort to move discovery forward, and respectfully submit that their proposed schedule is consistent with the diligence the Court has requested of the parties.

3

Defendants thank the Court for its attention to this matter.

Respectfully submitted,

| | |
|---|---|
| */s/ William A. Burck* | */s/ Lauren W. Engelmyer* (with permission) |

William A. Burck
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
williamburck@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com

*Counsel for Defendant Citadel Securities LLC*

Lauren W. Engelmyer
J. Chesley Burruss
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
T:  (212) 223-0200
engelmyerl@ballardspahr.com
burrussc@ballardspahr.com

M. Norman Goldberger (admitted *pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
T:  215-665-8500
goldbergerm@ballardspahr.com

*Counsel for Defendant G1 Execution Services LLC*

| | |
|---|---|
| */s/ Peter G. Wilson* (with permission) | */s/ Richard A. Edlin* (with permission) |

Peter G. Wilson
Christian T. Kemnitz (admitted *pro hac vice*)
Benjamin C. Levine (admitted *pro hac vice*)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
christian.kemnitz@katten.com
benjamin.levine@katten.com

*Counsel for Defendant GTS Securities LLC*

Richard A. Edlin
Daniel P. Filor
Stephen Day
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
filord@gtlaw.com
days@gtlaw.com

*Counsel for Defendant Instinet LLC*

<table>
<tr><td>

*/s/ Kevin P. Broughel* (with permission)

Kevin P. Broughel
Zoe Lo
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: (212) 940-6343
Fax: (212) 940-8776
kevin.broughel@katten.com
zoe.lo@katten.com

*Counsel for Defendant Lime Trading Corp.*

</td><td>

*/s/ Andrew G. Gordon* (with permission)

Andrew G. Gordon
Audra J. Soloway
Jessica S. Carey
Alison R. Benedon
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
agordon@paulweiss.com
asoloway@paulweiss.com
jcarey@paulweiss.com
abenedon@paulweiss.com

*Counsel for Defendant Virtu Americas LLC*

</td></tr>
</table>

cc:  All counsel of record (via ECF)