**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

NORTHWEST BIOTHERAPEUTICS, INC.,

Plaintiff,

-against-

CANNACORD GENUITY LLC, *et al.*,

Defendants.

---------------------------------------------------------------------X

**22 Civ. 10185 (GHW) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On July 10, 2026, the Court issued an Order directing, *inter alia*, that Defendants produce algorithms related to their trading in NWBO stock. (Dkt. No. 293 at 2–3 (the "July 10 Order")). Defendants thereafter submitted a letter-motion seeking reconsideration of that ruling. (Dkt. No. 300; *see also* Dkt. Nos. 304 (Plaintiff's response), 319 (Defendants' sur-reply), 324 (Plaintiff's sur-reply)). The Court heard oral argument on the motion on August 18, 2026.

At the argument, counsel for Virtu Americas, LLC, which took the lead in arguing the point for all Defendants, represented that Defendants did not use algorithms to trade NWBO stock during the relevant period and that all of the trades at issue involved either automated processing of orders placed by clients or, in rare instances, human beings conducting proprietary trades on behalf of the institution. (Transcript of Oral Argument, Aug. 18, 2026 ("Tr."), at 9:14–20, 18:14–19). In other words, Defendants have represented that they engaged in no

algorithmic trading in NWBO stock during the relevant period on their own behalf. (Tr. at 11:13–25; *see also id.* at 26:24–27:4, 27:8–18, 27:23–24, 28:2–7).

Plaintiff's counsel stated that this was the first time he was hearing that Defendants' NWBO trading was largely client-driven and non-proprietary. (*Id.* at 15:10–13, 29:15–22, 32:22–33:2). This was also news to the Court. Defendants' submission in advance of the July 10 Order did not say this. Instead, it argued that Plaintiff had not demonstrated why it was entitled to algorithms and stated obliquely that "Defendants have explained that the routing systems at issue were not unique to NWBO securities but operated uniformly across all OTC Link securities." (Dkt. No. 286 at 4).

Even the letters and accompanying declarations submitted in support of Defendants' motion for reconsideration are not clear on this point. While some of those materials state or suggest that Defendants did not use algorithms to trade NWBO stock (*see* Dkt. No. 300 at 2; Dkt. No. 319 at 1; Dkt. No. 299 Ex. 2 ¶ 3), Defendants did not explain in their letters how the trading was effected and did not explain that it simply involved processing of client orders except for limited instances of human-directed proprietary trading.[1] Moreover, the submissions focus

[1] Indeed, the declaration submitted by Citadel does not explicitly deny that Citadel engaged in algorithmic trading in NWBO stock. (*See* Dkt. No. 299 Ex. 1). And while the declaration from Virtu does contain such a denial, the declarant is Virtu's Chief Regulatory Counsel, who can hardly be expected to truly have personal knowledge of that fact. (*See* Dkt. No. 299 Ex. 2). Further, the clearest statement in Defendants' letter-motion that Defendants "did not use algorithms to trade NWBO stock" is accompanied by a citation to Defendant Citadel's Responses and Objections to Plaintiff's First Set of Requests for Production of Documents. (Dkt. No. 300 at 2 (citing Ex. 4 at 16–17, 31–35)). Those Responses and Objections, however, say nothing of the sort. To be sure, and while objecting to Plaintiff's definition of "Algorithm," Defendants each stated in response to

on different arguments concerning relevance and proportionality whose purpose is unclear if Defendants did not, in fact, use algorithms to trade in the first instance.

In view of the foregoing, and notwithstanding the belated and peculiar manner in which Defendants have now raised this issue, the Court makes the following rulings:

- As noted at the argument, the Court has granted Defendants' letter-motion for reconsideration, though it has not yet decided whether to change its determination in the July 10, 2026 Order. (Tr. at 4:20–5:1).

- To aid the Court in making that decision, each Defendant[2] must, by no later than Wednesday, September 9, 2026, submit a sworn affidavit (or declaration), made by an individual with personal knowledge of the relevant facts, affirmatively stating whether Defendant did or did not engage in any algorithmic trading of NWBO during the relevant time period and, if it did not do so, offer a detailed explanation on how the trading was conducted (*e.g.*, that the trading involved processing orders on behalf of clients and/or involved proprietary trading by employees without the use of any algorithms). To the extent the trading involved processing orders on behalf of clients, the affidavit must also discuss whether any algorithm or source code of Defendant may have altered or affected the timing, price, volume, or any other characteristic of the client's orders. The affidavit need not be limited to these facts and may also include any other information Defendants believe is

---

Plaintiff's first set of interrogatories, in one form or another, that they did not use algorithms to trade NWBO during the relevant period or during the alleged spoofing incidents that survived the Joint Motion to Dismiss. (Dkt. No. 324 Ex. 2 at 17, 27, 44, 45, 66, 67, 89, 90–91, 109, 110, 131–32). However, those interrogatory responses were appended to Plaintiff's sur-reply, not Defendants' letters or accompanying exhibits. (*See* Dkt. No. 324).

[2] This includes Citadel and Virtu. *See* note 1, *supra*.

relevant or helpful to their motion for reconsideration and the Court's and Plaintiff's understanding of this issue.

- In addition, at the same time, Defendants shall submit a letter (or letters) explaining what email or other documents they have produced, or are willing to produce, to confirm the statements made in the affidavits.

- By no later than Wednesday, September 16, 2026, Plaintiff shall submit a letter stating whether it wishes to depose any of Defendants' affiants; whether it seeks any other documents or information from Defendants relevant to the issue of whether Defendants did or did not use algorithms in trading NWBO stock during the relevant period; and any other information it wishes to submit in further opposition to Defendants' motion for reconsideration.

- Defendants shall respond to Plaintiff's September 16, 2026 letter by no later than Tuesday, September 22, 2026.

- The Court defers a ruling on the competing letter-motions to extend the discovery and other deadlines in this case (Dkt. Nos. 314 & 315) pending resolution of this issue. This does not mean, however, that the parties should not continue to engage in other discovery efforts as appropriate.

**SO ORDERED.**

DATED: New York, New York
August 27, 2026

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge