# KASOWITZ LLP

1633 BROADWAY
NEW YORK, NEW YORK 10019
(212) 506-1700
FAX: (212) 506-1800

STEPHEN W. TOUNTAS
DIRECT DIAL: (212) 506-1739
DIRECT FAX: (212) 500-3550
STOUNTAS@KASOWITZ.COM

ATLANTA
BOULDER
HOUSTON
LOS ANGELES
MIAMI
NEWARK
SAN FRANCISCO
WASHINGTON DC

September 14, 2026

**VIA ECF**

Hon. Gary Stein, U.S.M.J.
United States District Court, Southern District of New York

Re: *Northwest Biotherapeutics, Inc. v. Canaccord Genuity LLC et al.*, No. 1:22-cv-10185
Opposition to Citadel and Virtu's Motions to Seal Affidavits of Verderese and Yara

Dear Judge Stein:

We write for Plaintiff Northwest Biotherapeutics, Inc. ("NWBO") to respectfully oppose Defendants Citadel Securities LLC ("Citadel") and Virtu Americas LLC's ("Virtu") Letter Motions to Seal the Affidavits of Robert Verderese and Dan Yara (the "Motions"). Dkts. 333, 336. Both Defendants submitted these affidavits—in response to the Court's order to describe their automated systems used to trade in NWBO—with significant redactions.

As Citadel acknowledges, there is a "presumption of open access to documents filed[.]" Dkt. 333 at 1 (citing *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000)). Indeed, where affidavits "go to the heart of the dispute to be decided by the Court . . . the presumption of public access is [] strong." *MacroMavens, LLC v. Deutsche Bank Sec., Inc.*, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011)). To overcome that presumption, Citadel and Virtu must make a "specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection," as "broad allegations of harm unsubstantiated by specific examples or articulated reasoning" are insufficient. *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009).

Citadel and Virtu have not met that burden. Their Motions are premised on substantially similar justifications: that disclosure of information relating to the general functions of their "automated systems" would cause unspecified "serious and irreparable competitive harm."[1] Dkt. 333 at 1; Dkt. 336 at 1. But Citadel and Virtu do not explain what harm they would suffer from disclosure or why, and the remaining Defendants apparently disagree; much of the information Citadel and Virtu have sought to seal is substantially similar to information four other Defendants declined to seal. *Compare, e.g.*, Dkt. 334, ¶¶ 17, 24, 25, with Dkt. 332, ¶¶ 10-11, 14-15; *compare e.g.* Dkt. 337, ¶¶ 10, 11, 14, 15 with Dkt. 329 ¶¶ 13, 14, Dkt. 332 ¶¶ 9-10.

[1] When asserting competitive harm will result from disclosure, "the fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant a protective order." *In re Parmalat Sec. Litig.*, 258 F.R.D. at 244.

Despite their contentions that they have "narrowly tailored" this request, Citadel and Virtu make sweeping assertions of confidentiality regarding any discussion of the functioning of their "automated systems" even where such general information is publicly available—including many assertions that were discussed in open court. For example, Virtu attempts to seal the Verderese affidavit's statement that [redacted] Dkt. 337, ¶ 10. But beyond this not being a statement of any information that could cause competitive harm, this statement merely restates Defendants' position expressed in open court during the August 18, 2026 hearing. Similarly, Citadel seeks to seal [redacted] which is public knowledge. Dkt. 333 at ¶¶ 24, 27. This Court should not countenance Citadel and Virtu's indiscriminate approach to sealing.

Nor should the Court credit Citadel and Virtu's conclusory assertions that the material is "of no legitimate public concern." Dkt. 333 at 1, Dkt. 336 at 1. As the Court is aware, over 100 members of the public attended the recent hearing regarding this subject on August 18, 2026. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 243 (S.D.N.Y. 2009) (observing that the "qualified right of access to judicial documents" is "a necessary corollary of the capacity to attend the relevant proceedings." (citing *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004)). In any event, "where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 252 (S.D.N.Y. 2022) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

For the reasons above, NWBO respectfully requests that the Court deny the Motions.

Respectfully submitted,

Stephen W. Tountas

cc: All counsel of record (via ECF)