September 21, 2026

Hon. Gary Stein, United States Magistrate Judge
United States District Court, Southern District of New York

Re: *Northwest Biotherapeutics, Inc. v. Citadel Securities LLC*, No. 1:22-cv-10185
Response to NWBO's Motion to Seal (ECF 345)

Dear Judge Stein:

We write on behalf of all Defendants pursuant to Rule III(H)(2) of Your Honor's Individual Practices in Civil Cases to respectfully request sealing of portions of Appendix A to NWBO's September 16, 2026 response to Defendants' September 9, 2026 submissions ("Response"), as well as limited portions of the Response. *See* ECF 345, 347. NWBO temporarily filed these materials under seal and "takes no position" on whether they should remain sealed. ECF 345.

In the Second Circuit, courts may exercise "discretion in determining whether good cause exists to overcome the presumption of open access to documents filed[.]" *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). In evaluating a party's request to file under seal, courts balance the competing interests of the presumption of public access to judicial documents against "countervailing factors," including the "privacy interests of those resisting disclosure." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) (citations omitted). Protecting sensitive business information is among the "higher values consistently recognized by courts in this Circuit" as a "countervailing factor that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal quotations omitted).

Sealing is warranted here. To start, Appendix A contains excerpts and detailed summaries of trading data from Defendants' internal systems that reflect how Defendants trade. Defendants produced and designated this information as "Highly Confidential" under the Stipulation and Protective Order in this action ("Protective Order," ECF 232). Defendants' privacy interests in this information outweigh the presumption of public access to judicial documents: the material is technical and proprietary, of no legitimate public concern, and its confidentiality is precisely the kind of business interest courts in this District routinely protect from disclosure. Indeed, the Court previously granted NWBO's own motion to seal trading data obtained from OTC Markets. ECF 255; *see also* ECF 242 (NWBO emphasizing that "[c]ourts in this Circuit regularly seal information that might disclose … confidential business information") (citation omitted).

In addition, Appendix A quotes from and summarizes portions of declarations that Citadel Securities and Virtu previously moved to seal (the "Declarations"). ECF 334, 337.[1] Sealing of

[1] Appendix A also quotes two unsealed paragraphs of the Declaration filed by Citadel Securities. ECF 347 at 4-5 (quoting Paragraphs 16 and 21 of the Declaration of Dan Yara). Defendants do not request sealing as to those portions.

the Declarations is appropriate for the reasons articulated in Citadel Securities' and Virtu's motions to seal portions of the Declarations. ECF 333, 336.[2]

For the same reasons set forth above, sealing is warranted for the limited portions of the Response that quote from or summarize the portions of the Declarations and trading data that are referenced in Appendix A. *See* ECF 347 at 2-4 (redacted portions).

This is a narrowly tailored request. Defendants do not seek to seal the Response in its entirety, but rather seek only to prevent the disclosure of certain limited portions of it. And Defendants seek to seal only those portions of Appendix A that reflect excerpts, quotations, or summaries of Defendants' confidential information as set forth above.

Defendants therefore respectfully request sealing of the above-described portions of Appendix A and the Response, which are highlighted in Exhibit 1 hereto.

[2] NWBO opposed Citadel Securities' and Virtu's motions to seal portions of the Declarations, ECF 344, but its arguments in opposition lack merit, as Citadel Securities and Virtu would be prepared to explain in a reply should the Court so direct. As just one example, NWBO opposes the proposed redactions to the Declarations as "sweeping" and "indiscriminate." ECF 344 at 2. Not so. Citadel Securities moved to seal portions of just 9 of 41 paragraphs in its Declaration, which contain granular details regarding how Citadel Securities' proprietary electronic trading systems process, route, and execute NWBO orders in the over-the-counter market. ECF 334 ¶¶ 17, 24-25, 27, 34-35, 38-39, 40. Virtu similarly moved to seal a minority of paragraphs in its Declaration—those that explain the inner workings of Virtu's proprietary trading systems for over-the-counter securities. ECF 337 ¶¶ 10-18.

Respectfully submitted,

/s/ *William A. Burck*
William A. Burck
Peter H. Fountain
Leigha Empson
Quinn Emanuel Urquhart & Sullivan, LLP
295 Fifth Avenue
New York, New York 10016
Tel: 212-849-7000
Fax: 212-849-7100
williamburck@quinnemanuel.com
peterfountain@quinnemanuel.com
leighaempson@quinnemanuel.com

Jonathan K. Youngwood
Meredith Karp
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, New York 10017
Tel: (212) 455-2000
Fax: (212) 455-2502
jyoungwood@stblaw.com
meredith.karp@stblaw.com

*Counsel for Defendant Citadel Securities LLC*

/s/ *Lauren W. Engelmyer* (with permission)
Lauren W. Engelmyer
J. Chesley Burruss
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019-5820
T: (212) 223-0200
engelmyerl@ballardspahr.com
burrussc@ballardspahr.com

M. Norman Goldberger (admitted *pro hac vice*)
Ballard Spahr LLP
1735 Market Street, 51st Fl.
Philadelphia, PA 19103
T: 215-665-8500
goldbergerm@ballardspahr.com

*Counsel for Defendant G1 Execution Services LLC*

/s/ *Peter G. Wilson* (with permission)
Peter G. Wilson
Christian T. Kemnitz (admitted *pro hac vice*)
Benjamin C. Levine (admitted *pro hac vice*)
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661-3693
Telephone: (312) 902-5200
peter.wilson@katten.com
christian.kemnitz@katten.com
benjamin.levine@katten.com

*Counsel for Defendant GTS Securities LLC*

/s/ *Richard A. Edlin* (with permission)
Richard A. Edlin
Daniel P. Filor
Stephen Day
Greenberg Traurig, LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
edlinr@gtlaw.com
filord@gtlaw.com
days@gtlaw.com

*Counsel for Defendant Instinet LLC*

/s/ *Kevin P. Broughel* (with permission)
Kevin P. Broughel
Zoe Lo
Katten Muchin Rosenman LLP
50 Rockefeller Plaza
New York, NY 10020-1605
Phone: (212) 940-6343
Fax: (212) 940-8776
kevin.broughel@katten.com
zoe.lo@katten.com

*Counsel for Defendant Lime Trading Corp.*

/s/ *Andrew G. Gordon* (with permission)
Andrew G. Gordon
Audra J. Soloway
Jessica S. Carey
Alison R. Benedon
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: (212) 373-3000
Fax: (212) 757-3990
agordon@paulweiss.com
asoloway@paulweiss.com
jcarey@paulweiss.com
abenedon@paulweiss.com

*Counsel for Defendant Virtu Americas LLC*

cc: All counsel of record via ECF