**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
NORTHWEST BIOTHERAPEUTICS, INC.,

Plaintiff,

-against-

CANNACORD GENUITY LLC, et al.,

Defendants.

--------------------------------------------------------------X

**22 Civ. 10185 (GHW) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court has reviewed the letter and accompanying declarations submitted by Defendants in response to the Court's Order of August 27, 2026 (Dkt. No. 326) concerning Plaintiff's request that Defendants produce their algorithms related to their trading in NWBO stock (Dkt. Nos. 329–41); Plaintiff's letter in response to Defendants' submissions (Dkt. No. 346); and Defendants' reply to Plaintiff's letter (Dkt. No. 352).

Based on its review, the Court finds that Defendants' sworn declarations make out a *prima facie* case that Defendants did not employ algorithmic trading to trade NWBO stock, either on behalf of themselves or on behalf of their clients. The Court is not persuaded by Plaintiff's contentions to the contrary, including the examples given in the Appendix to its letter. Those examples all rely on Plaintiff's counsel's interpretations of the trading data, none of which are supported by any expert opinion or other evidence, and all of which have been rebutted in Defendants' reply. To be sure, based on the existing submissions, it remains unclear precisely

how Defendants' trade order and routing systems operate, and the Court cannot rule out the possibility that they function or were designed in a manner that is relevant to Plaintiff's spoofing claims. But the Court can and does find that, at this juncture, Plaintiff's request that Defendants produce "the documents and information NWBO has requested concerning their algorithmic or automated trading activity in NWBO, including all variants of the source code and design documents for, as well as communications concerning, the systems used in or underlying Defendants' trading in NWBO during the Relevant Period" (Dkt. No. 346 at 4), does not satisfy the Rule 26(b) standard for relevance and proportionality.

Defendants previously offered to make their declarants available for depositions, and the Court's August 27 Order asked Plaintiff to state whether it would like to avail itself of that opportunity. (Dkt. No. 326 at 4). Plaintiff's letter does not clearly state Plaintiff's position on that issue; it simply says that depositions are "unnecessary" to show that the representations made in Defendants' declarations are false. (Dkt. No. 346 at 1). As noted above, however, the Court disagrees that Plaintiff has shown Defendants' representations to be false. If it still wishes to pursue this discovery request, Plaintiff will need to go forward with the depositions and develop a more concrete and convincing factual basis for its counsel's hypotheses. Although Defendants take the position that Plaintiff has, in essence, waived its ability to ask for these depositions (*see* Dkt. No. 354 at 2 ("NWBO's assertion that depositions are 'unnecessary' reflects its own position that questioning the declarants would add nothing to the record.")), the Court disagrees

with that position and will allow Plaintiff to depose Defendants' declarants, should Plaintiff still wish to do so.

The Court's August 27 Order also directed Defendants to provide an explanation of what documents they have produced, or are willing to produce, to confirm the statements made in Defendants' declarations. (Dkt. No. 326 at 4). Defendants have submitted a letter stating that they have produced, or will produce, all documents located after a reasonable search. (Dkt. No. 341). Therefore, the Court will not order Defendants to produce additional documents prior to the depositions.

Accordingly, Defendants' motion for reconsideration of the Court's July 10, 2026 Order is **GRANTED** and Plaintiff's request to compel discovery of Defendants' source code, algorithms, and related documents, as outlined in Plaintiff's September 16, 2026 letter-response (Dkt. No. 346), is **DENIED** without prejudice to renewal on a properly developed record. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 299 and 300.

The parties are further directed to submit a new joint, proposed case management plan by Friday, December 4, 2026. In general, the Court endorses NWBO's proposal outlined in Dkt. No. 314, but directs the parties to modify the schedule to account for possible additional depositions, follow-up document requests, and the holidays.

**SO ORDERED.**

DATED: New York, New York
November 25, 2026

GARY STEIN
United States Magistrate Judge